WILLIAM J. THOMAS, JR., Bar No. 67798
HEATHER C. BAUGH, Bar No. 244850
ANTHONY J. VAN RUITEN, Bar No. 256087
BEST BEST & KRIEGER LLP
400 Capitol Mall, Suite 1650
Sacramento, California 95814
Telephone: (916) 325-4000
Telecopier: (916) 325-4010

Attorneys for Intervenor
California Cattlemen's Association

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES FOREST SERVICE, <br><br> Defendants. <br><br><br> CALIFORNIA CATTLEMEN'S ASSOCIATION, <br><br> Intervenor. | Case No.  08-CV-1460 PJH <br><br> CALIFORNIA CATTLEMEN'S ASSOCIATION'S NOTICE OF MOTION AND MOTION FOR LEAVE TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES <br><br> [Filed concurrently with: <br> 1. [Proposed] Answer in Intervention <br> 2. Declaration of Justin Oldfield; <br> 3. [Proposed] Order. <br><br><br> Date:       July 23, 2008 <br> Time:      9:00 a.m. <br> Judge:     Honorable Phyllis J. Hamilton <br> Courtroom: 3 <br><br> First Amended Complaint filed: May 30, 2008 |

1

TABLE OF CONTENTS

2   NOTICE OF MOTION ............................................................................................................ iv

3   MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 1

4   I.      INTRODUCTION ....................................................................................................... 1

5   II.     BACKGROUND ........................................................................................................ 3

6           A.      PROPOSED INTERVENOR CCA ................................................................. 3

7           B.      THE HISTORY OF GRAZING PERMITS ................................................... 3

8   III.    STANDING OF CCA ................................................................................................. 5

9           A.      CCA HAS STANDING BECAUSE CCA'S MEMBERS HAVE SUBSTANTIAL
                    PROPERTY INTERESTS THAT ARE IMPACTED BY THIS LITIGATION ..... 5

10  IV.     ARGUMENT .............................................................................................................. 6

11          A.      CCA IS ENTITLED TO INTERVENTION AS A MATTER OF RIGHT UNDER
                    FEDERAL RULE OF CIVIL PROCEDURE 24(A) ....................................... 6

12                  (1)     CCA'S MOTION TO INTERVENE IS TIMELY ............................... 7

13                  (2)     THE CCA HAS A SIGNIFICANTLY PROTECTABLE INTEREST
                            IN THE SUBJECT MATTER OF THE REGULATIONS AT ISSUE 8

14          B.      CCA'S INTERESTS WOULD BE SUBSTANTIALLY PREJUDICED BY ANY
                    JUDGMENT RENDERED IN ITS ABSENCE ...................................................... 9

15          C.      CCA'S INTEREST IS NOT ADEQUATELY REPRESENTED BY THE
                    EXISTING PARTIES ......................................................................................... 10

16  V.      EVEN IF THE CCA IS NOT ENTITLED TO INTERVENE AS A MATTER OF LAW,
            THE COURT SHOULD PERMIT ITS INTERVENTION ................................................ 11

17  VI.     INTERVENTION BY THE CCA IS NOT PROHIBITED BY LAW ............................ 12

18  VII.    CONCLUSION ........................................................................................................... 14

LAW OFFICES OF
BEST BEST & KRIEGER LLP
400 CAPITOL MALL, SUITE 1650
SACRAMENTO, CALIFORNIA 95814

1

TABLE OF CONTENTS

2

**Cases**

3

*Arakaki v. Cayetano*
    324 F.3d 1078 (9th Cir. 2003)................................................................7, 10

4

*Blue v. Widnall*
    162 F.3d 541 (9th Cir. 1998)..............................................................12

5

*Cabazon Board of Mission Indians v. Wilson*

6

    124 F.3d 1050 (9th Cir. 1997)...............................................................7

*California v. Tahoe Reg'l Planning Agency*

7

    792 F.2d 775 (9th Cir. 1986)...............................................................10

*Donnelly v. Glickman*

8

    159 F.3d 405 (9th Cir. 1998)............................................................7, 10

9

*Forest Conservation Council v. United States Forest Serv.*
    66 F.3d 1489 (9th Cir. 1995)................................................................8

10

*Greene v. United States*

11

    996 F.2d 973 (9th Cir. 1993)................................................................8

*Idaho Watersheds Project v. Hahn*

12

    307 F.3d 815 (9th Cir. 2002)................................................................4

13

*League of United Latin Am. Citizens v. Wilson*
    131 F.3d 1297 (9th Cir. 1997)...........................................................7, 10

14

*NAACP v. New York*
    413 U.S. 345 (1973)...........................................................................7

15

*National Parks & Conservation Ass'n v. Babbitt*

16

    241 F.3d 722 (9th Cir. 2001)..............................................................13

*Northwest Forest Res. Council v. Glickman*

17

    82 F.3d 825 (9th Cir. 1996)..........................................................7, 8, 11

18

*Officers for Justice v. Civil Serv. Comm'n of San Francisco*
    934 F.2d 1092 (9th Cir. 1991)..............................................................8

19

*Portland Audubon Society v. Hodel*
    866 F.2d 302 (9th Cir. 1989)................................................................8

20

*Sierra Club v. United States EPA*

21

    995 F.2d 1478 (9th Cir. 1993)..............................................................8

*Southwest Center for Biological Diversity v. Berg*

22

    268 F.3d 810 (9th Cir. 2001)................................................................5

*Trbovich v. United Mine Worker of Americas*

23

    404 U.S. 528 (1972)..........................................................................10

24

**Rules**

25

Federal Rule of Civil Procedure 24(a)(2)........................................................passim

26

**Constitutional Provisions**

27

2004 Appropriations Rider, Section 325, Pub. L. 104-19....................................2, 4

28

2005 Appropriations Rider, Section 339, Pub. L. 108-447.............................2, 4, 12

LAW OFFICES OF
BEST BEST & KRIEGER LLP
400 CAPITOL MALL, SUITE 1650
SACRAMENTO, CALIFORNIA 95814

2008 Appropriations Rider, Section 339, Pub. L. 110-161 ........................................2, 4

Administrative Procedure Act (5 U.S.C. 706(2) ..............................................................12

Appeals Reform Act (Pub. L. 102-381, Sec. 322 (codified at 16 U.S.C. § 1612, *et seq.*) ..............................................................................................................................12

Multiple-Use Sustained Yield Act of 1960 (16 U.S.C. §§ 528-531) ........................1, 4

National Environmental Policy Act of 1969 ("NEPA") (42 U.S.C. §§ 4321-4347) ..................1

National Forest Management Act (16 U.S.C. §§ 1600, *et seq*) ..............................1, 13

Public Rangelands Improvement Act of 1978 (43 U.S.C. §§ 1901-1908) ..............1, 4

Rescissions Act of 1995 Pub. L. 104-19 ....................................................................1, 4

LAW OFFICES OF
BEST BEST & KRIEGER LLP
400 CAPITOL MALL, SUITE 1650
SACRAMENTO, CALIFORNIA 95814

LAW OFFICES OF
BEST BEST & KRIEGER LLP
400 CAPITOL MALL, SUITE 1650
SACRAMENTO, CALIFORNIA 95814

<u>NOTICE OF MOTION</u>

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the California Cattlemen's Association ("CCA"), hereby applies to the above-entitled Court for leave to intervene herein as a separate intervenor-defendant as a matter of right pursuant to Federal Rule of Civil Procedure Rule 24(a)(2) and, alternatively, as a matter of permission under Federal Rule of Civil Procedure Rule 24(b).  This motion is made based on the Memorandum of Points and Authorities in Support of Motion for Leave to Intervene, the declaration of Justin Oldfield in Support of Motion for Leave to Intervene, the pleadings and papers on file in this case, the accompanying [Proposed] Answer and Affirmative Defenses, and any oral arguments which the court entertains on this matter.

Dated: June __11__, 2008                     BEST BEST & KRIEGER LLP


                                             By:___/s/ William J. Thomas, Jr._____
                                                  William J. Thomas, Jr.
                                                  Heather C. Baugh
                                                  Anthony J. Van Ruiten
                                                  Attorneys for Intervenor
                                                  California Cattlemen's Association

1    <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2

3    I.    <u>INTRODUCTION</u>

4

5        California Cattlemen's Association ("CCA") requests leave to intervene in this action as a

6    defendant.  CCA represents the California cattle industry which has the most significant private

7    economic interest jeopardized by the issues in this litigation, and is frequently granted the right to

8    intervene into cases that threaten grazing rights.  The California cattle industry produces over

9    $1.58 billion to the State's $25 billion dollar agricultural economy, making beef the fifth leading

10   agricultural commodity in the state.  (*See* Declaration of Justin Oldfield in Support of Motion by

11   California Cattlemen's Association for Leave to Intervene at ¶ 4. ["Oldfield Decl."].)

12       The United States Forest Service ("USFS") is directed by authorizing statutes to manage

13   national forests for multiple uses and benefits and for the sustained yield of renewable resources

14   including water, forage, wildlife and wood.  *See* the Multiple-Use Sustained Yield Act of 1960

15   (16 U.S.C. §§ 528-531); the National Forest Management Act (16 U.S.C. §§ 1600, *et seq*); the

16   Public Rangelands Improvement Act of 1978 (43 U.S.C. §§ 1901-1908); and the National

17   Environmental Policy Act of 1969 ("NEPA") (42 U.S.C. §§ 4321-4347).  As such, the USFS

18   issues permits to cattle producers to graze their cattle on national forests under certain constraints.

19   Most USFS grazing permits are for summer use which seasonally coordinates with a rancher's

20   use of his/her home or base property for the "off season" (usually fall, winter and spring).  As a

21   result of the coordinated use of USFS grazing permits with their overall operations, cattlemen rely

22   on USFS grazing permits to maintain their livestock, provide grazing relief to their home ranch

23   ecosystems, earn a living, support their families, and in turn, support their communities.

24       Since 1995, Congress has been in the process of balancing the need for environmental

25   review against the need for permits that are timely processed and fairly executed and issued.  See,

26   Rescissions Act of 1995 Pub. L. 104-19.  The 1995 Rescissions Act required the USFS to

27   establish a schedule for NEPA, and re-issue grazing permits pending NEPA compliance.

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
400 CAPITOL MALL, SUITE 1650
SACRAMENTO, CALIFORNIA 95814

LAW OFFICES OF
BEST BEST & KRIEGER LLP
400 CAPITOL MALL, SUITE 1650
SACRAMENTO, CALIFORNIA 95814

In 2004, Congress passed an Appropriations Rider with similar language as the 1995 Rescission Act in an effort to allow the USFS to complete NEPA review on an internal schedule, thereby eliminating the 1995 schedule which was deemed largely unworkable because of the strict timing requirements. See, H.R. 1944 [104th]: Emergency Supplemental Appropriations for Additional Disaster Assistance, for Anti-terrorism Initiatives, for Assistance in the Recovery From the Tragedy That Occurred At Oklahoma City, And Making Rescissions For The Fiscal year Ending September 30, 1995, and for Other Purposes, 2004 Sec. 325, Pub. Law. 104-19.

In 2005, Congress passed another Appropriations Rider that allowed the USFS to categorically exclude a limited number of grazing reauthorizations in the fiscal years 2005-2007 from NEPA's Environmental Impact Statement ("EIS") and/or an Environmental Assessment ("EA") requirements, provided certain conditions were met. This modified environmental review process was codified in H.R. 4818 [108th]: Consolidated Appropriations Act, 2005, Sec. 339, Pub. Law. 108-447. Congress has recently extended the rider for fiscal year 2008. See H.R. 2764 [110th]: Consolidated Appropriations Act, 2008, Sec. 339, Pub. Law. 110-161. Accordingly, the USFS proceeded to adopt categorical exemptions ("CEs") for various allotments throughout the State of California and in other Western states, exempting reissued grazing permits from full NEPA review, and allowing the continued issuance of grazing permits to various ranchers. Plaintiffs challenge the CE decisions involving 47 separate allotments within nine (9) forests located in California (collectively "Subject Allotments"). Plaintiffs have just recently amended and expanded the complaint challenging 138 of USFS's decisions involving twenty five (25) U.S. forests including the nine forests in California which were the focus of the original Complaint.

Many of CCA's members are permitted to graze on the Subject Allotments which are challenged in this case ("Permittees"). Oldfield Decl. ¶ 7. Permittees have relied on USFS's determination that reauthorized grazing practices fall within the CEs, and are therefore exempted from full NEPA review. Any remedy imposed by this Court that invalidates the USFS's adoption of the CEs, thereby potentially invalidating the permits issued to the Permittees absent more intensive NEPA review, would have a substantial, detrimental effect on the ability of Permittees to graze their livestock and would result in serious environmental impacts to ranchers' home

1   properties as these properties would have to absorb the displaced cattle.  If the Court were to

2   grant the Plaintiffs' prayer for relief, it could effectively revoke the permits granted, forcing some

3   of the Permittees out of the business, and others to severely reduce their operations.

4   Consequently, any decision to invalidate the CEs adopted by the USFS on the Subject

5   Allotments, would directly detrimentally impact the Permittees.  The potentially chilling effect

6   which this lawsuit may have on the USFS's decision to engage future environmental review may

7   also impact other ranchers who need permits that would not otherwise be provided because of the

8   Forest Service's apprehension of certifying any NEPA review.

9

10  II.     BACKGROUND

11

12      A.     PROPOSED INTERVENOR CCA

13

14      Proposed Intervenor CCA is a California trade association representing over 2,100

15  members in all facets of the livestock and cattle industry.  Oldfield Decl. ¶ 4.  Many of these

16  members utilize forage on United States Forest Service ("USFS") lands to sustain their livestock.

17  *Id.* at  ¶ 7.  Cattlemen rely on USFS grazing permits to maintain their livestock, provide grazing

18  relief to their home ranch ecosystems, earn a living, support their families, and in turn, support

19  their communities.  Any restriction on permitted grazing on national forests would inevitably

20  impact not only base ranches and grazing operations, but the entire California cattle industry.  *Id.*

21  at  ¶ 8.  Accordingly, CCA members have a substantial stake in the planning and management of

22  grazing programs throughout the National Forest System.

23

24      B.     THE HISTORY OF GRAZING PERMITS

25

26      Ranchers have historically utilized forage on USFS lands to sustain their livestock.  USFS

27  allows ranchers to obtain permits to graze on federal forests.  The livestock industry is heavily

28  reliant upon grazing on public lands.  The American public has utilized these public lands for

LAW OFFICES OF
BEST BEST & KRIEGER LLP
400 CAPITOL MALL, SUITE 1650
SACRAMENTO, CALIFORNIA 95814

SACRAMENTO\AVANRUITEN\51205.3                    - 3 -

LAW OFFICES OF
BEST BEST & KRIEGER LLP
400 CAPITOL MALL, SUITE 1650
SACRAMENTO, CALIFORNIA 95814

1    grazing for over 200 years and the United States government has statutorily authorized livestock

2    grazing on public lands for decades.  Congress has historically embraced grazing as one of the

3    principle multiple uses of forest lands and has structured the grazing statutes to harmonize

4    grazing with environmental protection.  See 16 U.S.C. § 1600, *et seq.*; 43 U.S.C. §§ 1901-1908.

5    Ranchers have therefore historically relied on these grazing permits that the USFS administers.

6         Absent the statutory "CE" exemption, the re-issuance of grazing permits is subject to full

7    NEPA review which the Forest Service has had difficulty completing under the Rescission Act

8    schedules.  *Idaho Watersheds Project v. Hahn*, 307 F.3d 815 (9th Cir. 2002).  Since 1995,

9    Congress has been in the process of balancing the need for environmental review against the need

10   for grazing permits that are timely processed and fairly executed and issued.  See, Rescissions Act

11   of 1995 Pub. L. 104-19.  The 1995 Rescissions Act required the USFS to establish and adhere to a

12   schedule for NEPA, and re-issue grazing permits pending NEPA compliance.

13        In 2004, Congress passed an Appropriations Rider with similar language as the 1995

14   Rescission Act in an effort to allow the USFS to complete NEPA review on an internal schedule,

15   thereby eliminating the 1995 schedule which was largely unworkable because of the strict timing

16   requirements.  See, 2004 Appropriations Rider, Section 325, Pub. L. 104-19.

17        In 2005, Congress passed an Appropriations Rider that allowed the USFS to categorically

18   exclude grazing reauthorizations in the fiscal years 2005-2007 from NEPA's Environmental

19   Impact Statement ("EIS") and/or an Environmental Assessment ("EA") requirements, provided

20   certain conditions were met.  These conditions assured that certain permits could be issued

21   without the risk of unreasonable environmental consequence.  See, 2005 Appropriations Rider,

22   Section 339, Pub. L. 108-447. Congress has recently extended the rider for fiscal year 2008. See

23   2008 Appropriations Rider, Section 339, Pub. L. 110-161.

24        The drafters of the 2005 Appropriation Rider intended to expedite the permit process by

25   excluding certain and limited allotments from NEPA review, as such full review over thousands

26   of permits would be untimely and prohibitively expensive, and these CE authorized re-issuance of

27   permits would not alter the status quo or significantly impact the environment.   Since grazing is

28   time-sensitive and full review of environmental analysis should be concentrated on more sensitive

1    allotments, this was a practical compromise on the part of Congress which recognized both the

2    needs of ranchers and the environmental needs of the forests they utilize.

3        Plaintiffs now take issue with how USFS applied the criteria for the CEs to the Subject

4    Allotments.   Plaintiffs claim that the CEs were not applicable to 47 allotments in nine (9) forests

5    in California and are now amending the complaint to challenge 138 decisions affecting 25 forests

6    across the West on 386 separate allotments.  *See*, Complaint for Violations of the Fiscal Year

7    2005 Consolidated Appropriations Act, the National Environmental Policy Act, and the Appeals

8    Reform Act at 2:2-3.  Consequently, Plaintiffs request, among other things, that USFS's decisions

9    on 25 forests to re-issue grazing permits be set aside, and that the USFS be permanently enjoined

10   from proceeding to reauthorize grazing under the terms of the rider unless it affirmatively

11   establishes full compliance with NEPA.  Because the Plaintiffs request that full NEPA review be

12   performed on each of the Subject Allotments they are directly countering the Congressional

13   action to expedite this review..

14

15        III.    STANDING OF CCA

16

17        A.    CCA HAS STANDING BECAUSE CCA'S MEMBERS HAVE

18            SUBSTANTIAL PROPERTY INTERESTS THAT ARE IMPACTED BY

19            THIS LITIGATION

20

21        CCA has standing because its members have pecuniary interests that are implicated by the

22   remedy sought in this litigation.  The Ninth Circuit has stated that constitutional standing is

23   implicitly addressed by imposing a requirement that the proposed intervenor assert an interest

24   relating to the property or transaction which is the subject to the action.  *Southwest Center for*

25   *Biological Diversity v. Berg* 268 F.3d 810, 822 (9th Cir. 2001).  The view that standing is implicit

26   in an action that directly affects a party is also supported by the Federal Rules of Civil Procedure.

27   See *infra* FRCP 24(a)(2).

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
400 CAPITOL MALL, SUITE 1650
SACRAMENTO, CALIFORNIA 95814

SACRAMENTO\AVANRUITEN\51205.3                          - 5 -

1    In this case, CCA has an immediate interest that will be impacted through this litigation

2    because its members have both property rights and pecuniary interests that could potentially be

3    jeopardized by the Court's final ruling in this case. CCA's members have grazing rights as a

4    result of the permits re-issued to them by the USFS, and at issue in this case. A decision

5    invalidating the application of any of the CEs could lead to revocation of these permits, and

6    therefore a loss of their rights to use and enjoy the Subject Allotments for grazing.

7        Similarly, CCA's members have a pecuniary interest subject to the remedies sought in this

8    case because if any of the CEs are deemed invalid and CCA's members are not allowed to graze

9    cattle on Forest Service land covered under the subject allotments, they will be forced to keep

10   their cattle on private land which is generally unavailable or already stocked. Alternatively, they

11   will have to abandon their operations for lack of grazing capability, move their cattle to a feedlot

12   operation, or reduce the size of their herd – all of which will come at considerable cost and

13   hardship and are generally impractical. Ironically, shifting this public grazing back on private

14   ranch grazing will have more of an impact on important habitat and listed and sensitive species

15   because those lower elevation lands are home to more valuable habitat and more species than the

16   forest lands.

17

18   IV.    ARGUMENT

19

20       A.    CCA IS ENTITLED TO INTERVENTION AS A MATTER OF RIGHT

21             UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(A)

22

23       The CCA is entitled to intervention as a matter of right under Federal Rule of Civil

24   Procedure 24(a)(2). Rule 24 provides:

25           Intervention of Right. Upon timely motion, the court must permit
             anyone to intervene who: … (2) claims an interest relating to the
26           property or transaction that is the subject of the action, and is so
             situated that disposing of the action may as a practical matter impair
27           or impede the movant's ability to protect its interest, unless existing
             parties adequately represent that interest. Fed.R.Civ.P. 24(a)(2).
28

1    Courts traditionally construe Rule 24 liberally. *Arakaki v. Cayetano,* 324 F.3d 1078, 1083 (9th

2    Cir. 2003); *Donnelly v. Glickman,* 159 F.3d 405, 409 (9th Cir. 1998).  Courts are guided primarily

3    by practical and equitable considerations. *Id.*

4         The courts have broken down the requirements of Rule 24(a)(2) into four elements:

5              (1) the application must be timely; (2) the applicant must have a
               'significantly protectable' interest relating to the transaction that is
6              the subject of the litigation; (3) the applicant must be so situated
               that the disposition of the action may, as a practical matter, impair
7              or impede the applicant's ability to protect its interest; and (4) the
               applicant's interest must be inadequately represented by the parties
8              before the court.

9

10   *League of United Latin Am. Citizens v. Wilson,* 131 F.3d 1297, 1302 (9th Cir. 1997) (citing

11   *Northwest Forest Res. Council v. Glickman,* 82 F.3d 825, 836 (9th Cir. 1996)).  A non-party must

12   demonstrate each element in order to successfully intervene. The four-part test governing

13   intervention is "interpreted broadly in favor of intervention." *Cabazon Board of Mission Indians*

14   *v. Wilson,* 124 F.3d 1050, 1061 (9th Cir. 1997).

15        For the reasons set forth below, the CCA satisfies the requirements of Federal Rule of

16   Civil Procedure 24(a)(2) to intervene as a matter of right in the present action.

17

18              (1)    CCA'S MOTION TO INTERVENE IS TIMELY

19

20        As a preliminary matter, the CCA's motion for leave to intervene is timely and will not

21   prejudice any of the parties already involved in this lawsuit.  Timeliness is not just a function of

22   counting days; it is determined by the totality of the circumstances. *NAACP v. New York,* 413

23   U.S. 345, 366 (1973) [overruled on other grounds].  In determining whether a motion for

24   intervention is timely, the Court should consider the following factors:  "(1) the stage of the

25   proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the

26   reason for and length of the delay." *League of the United Latin Am. Citizens,* 131 F.3d at 1302.

27   Delay is measured from the date the proposed intervenor should have been aware that its interests

28   would no longer be protected adequately by the parties, not the date it learned of the litigation.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
400 CAPITOL MALL, SUITE 1650
SACRAMENTO, CALIFORNIA 95814

1    *Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 934 F.2d 1092, 1095 (9th Cir. 1991).

2    Upon learning that the rights of its membership will be impacted should the Plaintiffs

3    prevail, the CCA took immediate action to intervene in this suit.  The present application is being

4    filed: (a) within 13 weeks of the initial complaint, and (b) less than two weeks after the filing date

5    of the first amended complaint, May 30, 2008, and therefore in the beginning stages, (c) before

6    any status conference has been held, (d) before any Temporary Restraining Order/Preliminary

7    Injunction hearing, (e) before an answer has been filed, (f) before any settlement discussions, and

8    (g) before the Court has made any substantive rulings.  *See Northwest Forest Res. Council*,  82

9    F.3d at 837, (intervention motion timely when filed before an answer is filed and "before the

10    district court had made any substantive rulings"). There will be no prejudice to any of the parties

11    by allowing CCA to intervene, as it will not impede any results already achieved or delay this

12    process.  Accordingly, the Court should find CCA is timely.

13

14    (2)    THE  CCA  HAS  A  SIGNIFICANTLY  PROTECTABLE
         INTEREST   IN   THE   SUBJECT   MATTER   OF   THE

15       REGULATIONS AT ISSUE

16

17    Through the members it represents, the CCA can claim "an interest relating to the

18    property or transaction which is the subject of the action," and therefore can establish it has a

19    significantly protectable interest. An applicant demonstrates a "significantly protectable interest"

20    when the "injunctive relief sought by plaintiffs will have direct, immediate, and harmful effects

21    upon a third party's legally protectable interests." *Forest Conservation Council v. United States*

22    *Forest Serv.*, 66 F.3d 1489, 1494 (9th Cir. 1995). "Whether an applicant for intervention

23    demonstrates sufficient interest in an action is a practical, threshold inquiry.  No specific legal or

24    equitable interest need be established." *Greene v. United States*,  996 F.2d 973, 976 (9th Cir.

25    1993) (citing *Portland Audubon Society v. Hodel*, 866 F.2d 302, 308 (9th Cir. 1989)).  "It is

26    generally enough that the interest [asserted] is protectable under some law, and that there is a

27    relationship between the legally protected interest and the claims at issue." *Sierra Club v. United*

28    *States EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993).

LAW OFFICES OF
BEST BEST & KRIEGER LLP
400 CAPITOL MALL, SUITE 1650
SACRAMENTO, CALIFORNIA 95814

The CCA represents members with grazing interests that could be lost as a result of the adjudication of this suit.  The interests of the Permittess on the Subject Allotments constitutes the most significant private economic interests involved in this litigation.  Nearly 40% of all cattle raised in the West spend some of their lives on public land allotments. Oldfield Decl. ¶ 8. Grazing on USFS land is critical to the functioning of the livestock industry in the west. (*Ibid.*) Therefore, the CCA and its members have a significantly protectable interest in the application of the criteria of the CE to the Subject permits, and would be detrimentally impacted by the remedy sought by Plaintiff in this action.  If the current permits are revoked pending new and time consuming analysis, ranchers relying on them will loose their livelihood.  Further, future ranchers needing re-issuance of their permits may be constrained as an adverse ruling in this lawsuit could effectively chill the USFS from timely completing NEPA review in the future.  In this instance, pursuant to the Appropriations Rider, Congress intended to streamline NEPA review on land where grazing is not imposing a foreseeable environmental threat.  Accordingly, CCA has a direct interest in this suit, as the effects of an adverse ruling will directly harm ranchers immediately.

B.    CCA'S INTERESTS WOULD BE SUBSTANTIALLY PREJUDICED BY ANY JUDGMENT RENDERED IN ITS ABSENCE

To intervene, an applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede that person's interest, unless that person's interest is adequately represented by existing parties. Fed.R.Civ.Proc. 24(a)(2).

The CCA's interest in the subject matter of this action is different and distinct from the that of the USFS.  In fact, it is akin to that of a real party in interest, as the ultimate effect of revoking the permits issued by USFS will be to harm ranchers and preclude them from earning a living as they have earned it in the past. The CCA and its members have completely independent business and property interests than that of USFS.  Livestock operators depend on public lands for their economic livelihood.  Any remedy that impacts permit grazing would directly impact the use of public allotments, therefore creating greater use of private ranches.  The changes would

LAW OFFICES OF
BEST BEST & KRIEGER LLP
400 CAPITOL MALL, SUITE 1650
SACRAMENTO, CALIFORNIA 95814

1   therefore have a substantial economic impact on not only livestockpersons, but their families and

2   their rural communities as well.

3       Because the CCA is uniquely qualified to inform the Court about grazing on USFS lands,

4   and because no other party to this case can adequately protect the specific interest of the CCA and

5   its members, the CCA is entitled as a matter of right to intervene as a Defendant in this action to

6   refute Plaintiffs' claims. The CCA has an established, independent interest relating to the issues

7   which are the subject of this action, and the disposition of this action will, as a practical matter,

8   impair or impede its ability to protect that interest. Consequently, this Court should permit it to

9   intervene.

10

11      C.    CCA'S INTEREST IS NOT ADEQUATELY REPRESENTED BY THE

12            EXISTING PARTIES

13

14      CCA is not adequately represented by the USFS. An applicant must also demonstrate that

15  existing parties do not adequately protect its interest. *Donnelly*, 159 F.3d at 409. The applicant's

16  burden is minimal and is satisfied so long as the applicant shows that representation by existing

17  parties "may be" inadequate. *Trbovich v. United Mine Worker of Americas*, 404 U.S. 528, 538

18  n.10 (1972).

19      Three factors determine the adequacy of representation: (1) whether the present party will

20  undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is

21  capable and willing to make such arguments; and, (3) whether a proposed intervenor would offer

22  any necessary elements to the proceeding that other parties would neglect. *California v. Tahoe*

23  *Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986).

24      The most important factor in determining the adequacy of representation is how the

25  applicant's interest compares with the interest of existing parties. *Arakaki*, 324 F.3d at 1086.

26  When an applicant for intervention and an existing party have the same ultimate objective, a

27  presumption of adequacy of representation arises. *Id.*; *League of United Latin Am. Citizens*, 131

28  F.3d at 1305.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
400 CAPITOL MALL, SUITE 1650
SACRAMENTO, CALIFORNIA 95814

SACRAMENTO\AVANRUITEN\51205.3          - 10 -

1    Here, the CCA's interest is unique from the parties presently before the Court.  CCA

2    represents the sole interest of the livestock industry and rural communities.  Conversely, USFS

3    represents the broad interests of the general public.  The CCA would offer relevant facts,

4    arguments, evaluations, solutions and other elements to the proceeding that existing parties to the

5    case would not advance.  Likewise, USFS represents a neutral position as a steward of the public

6    range lands.  USFS's interest is not to promote any single entity's use of those lands (such as

7    grazing), but to represent the general public.

8    Additionally, USFS will focus its arguments on matters of administrative convenience and

9    perhaps political considerations.  Because CCA only has an interest in saving the grazing

10   elements of the regulations, it would focus on arguments and may accept judgments that allow the

11   important grazing elements to survive.  The USFS may not accept such a judgment based on

12   administrative or political considerations.  Overall, neither the Plaintiffs nor Defendant

13   adequately represents the narrow interest of the CCA.

14

15   V.    EVEN IF THE CCA IS NOT ENTITLED TO INTERVENE AS A MATTER OF

16         LAW, THE COURT SHOULD PERMIT ITS INTERVENTION

17

18   Even if CCA is not entitled to intervene as a matter of law, the Court should permit its

19   intervention in this matter.  Federal Rule of Civil Procedure 24(b)(2) allows for permissive

20   intervention, upon timely application anyone may be permitted to intervene in an action when an

21   applicant's claim or defense and the main action have a question of law or fact in common.

22   Fed.R.Civ.Proc. 24(b)(2).  In exercising its discretion, the Court shall consider whether the

23   intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

24   A court may grant permissive intervention where the applicant for intervention shows:

25   "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or

26   defense, and the main action, have a question of law or a question of fact in common."

27   *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996).  The CCA meets

28   all of these requirements.  The Court has an independent basis for jurisdiction over the CCA's

LAW OFFICES OF
BEST BEST & KRIEGER LLP
400 CAPITOL MALL, SUITE 1650
SACRAMENTO, CALIFORNIA 95814

1    claims as CCA's claims arise from the same federal question which is the issue in this matter.

2    See 5 U.S.C. § 702; *Blue v. Widnall* 162 F.3d 541, 545 (9th Cir. 1998).

3    Moreover, as discussed above, this motion is timely in the proceedings in this action.

4    Additionally, the CCA has a substantial and immediate interest in the common law and facts of

5    this litigation.  The impact of any judgment in this action will affect the CCA in a manner distinct

6    from any other party to this action.

7    Last, allowing the CCA to intervene will not enlarge the issues involved in this case.  The

8    CCA only seeks to oppose Plaintiffs' claims and will not raise additional issues not implicated in

9    the current litigation.  In fact, CCA and Permittees' knowledge of the extensive facts raised by

10   Plaintiffs may give rise to possible settlement of some of the key issues.  Therefore, allowing the

11   permissive intervention of the CCA would be consistent with Federal Rule of Civil Procedure 24

12   (b)(2).

13

14   VI.    <u>INTERVENTION BY THE CCA IS NOT PROHIBITED BY LAW</u>

15

16   CCA may defend its interests alongside the USFS, and is likely in a better position to

17   provide the Court with the factual evidence and analysis that only members who utilize these

18   Subject Allotments would have at their disposal.  Plaintiffs allege USFS violated FY 2005

19   Consolidated Appropriation Act, Sec. 339 (Pub. L. 108-447), the Appeals Reform Act (Pub. L.

20   102-381, Sec. 322 (codified at 16 U.S.C. § 1612, *et seq.*) and the Administrative Procedure Act (5

21   U.S.C. 706(2).)  None of these Acts, however, prohibit private parties like the CCA from

22   defending private interests.

23   Since the case in chief does not involve the application of NEPA to the decisions made by

24   the USFS regarding grazing permit re-issuance, but rather the factual application of the CE's

25   exemption criteria to the Subject Allotments, the CCA is not prevented from protecting its interest

26   in this action as a defendant during the early and factual phases of this litigation.  Generally,

27   private defendants are only permitted to intervene in *NEPA actions* during the remedial phase of a

28   case, where the contractual rights of the party are affected by the proposed remedy.  *National*

LAW OFFICES OF
BEST BEST & KRIEGER LLP
400 CAPITOL MALL, SUITE 1650
SACRAMENTO, CALIFORNIA 95814

1 | *Parks & Conservation Ass'n v. Babbitt*, 241 F.3d 722, 738 (9th Cir. 2001).

2 |        Here, however, before the court can determine if NEPA applies to this case, the court

3 | must determine if the CEs were improperly applied to the Subject Allotments by USFS.  In fact,

4 | Plaintiffs first cause of action deals with the CEs application as a wholly independent cause from

5 | that dealing with NEPA.  It is possible the Court will never reach the NEPA issues prayed for as

6 | "remedies" by Plaintiffs, as the case in chief does not deal with violations of NEPA, but rather

7 | with violations of the CEs criteria.  As a threshold matter, the Court must determine the CE issue

8 | before it ever deals with the adequacy of the NEPA review performed by USFS on the Subject

9 | Allotments.  Therefore, this is not solely a NEPA action, and nothing prevents the CCA from

10 | intervening in the early stages of the litigation.

11 |        Regardless, even if the court were to determine NEPA plays a role in the remedial stages

12 | of this action, CCA would still be entitled to intervene as its members' contractual rights which

13 | will be impacted if NEPA review is required on the Subject Allotments.  NEPA review is time

14 | intensive and generally comes at significant cost, for which the USFS has traditionally not been

15 | adequately provided with in its budget.   An expansive NEPA review could result in USFS

16 | determining that permit re-issuance is an operational impossibility.  Accordingly, if full NEPA

17 | review is required during the remedial stages, CCA's members' interests are adequate enough to

18 | justify its intervention as their contractual and property rights are at stake.  Moreover, CCA is a

19 | proper defendant and is not prevented from intervening in this action by the Appeals Reform Act

20 | ("ARA").

21 |        Plaintiffs allege the USFS violated the ARA by declaring that the public could not

22 | administratively appeal CE decisions of the subject allotments.  (First Am. Compl. ¶ 259.)  The

23 | ARA does not contain a provision prohibiting a private party defendant. (Pub. L. No. 102-381, §

24 | 322 (codified at 16 U.S.C. § 1612 note)  Accordingly, to the extent this case deals with the ARA,

25 | and not NEPA, CCA is a proper defendant.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
400 CAPITOL MALL, SUITE 1650
SACRAMENTO, CALIFORNIA 95814

LAW OFFICES OF
BEST BEST & KRIEGER LLP
400 CAPITOL MALL, SUITE 1650
SACRAMENTO, CALIFORNIA 95814

1  The first and primary cause of action pled by Plaintiffs exclusively targeted the

2  Appropriations Rider – not NEPA.

3      Finally, the CCA is a proper defendant and is not prevented from intervening in this action

4  by the Administrative Procedure Act ("APA"). Plaintiffs allege the USFS violated APA by

5  applying the CEs to the Subject Allotments by failing to properly apply the CEs. The APA does

6  not contain a provision prohibiting a private party defendant. (5 U.S.C. § 701 *et seq.*)

7      Because the CCA's members have pecuniary interests in the outcome of this litigation,

8  and is not prohibited by law or other jurisdictional constraint from defending this lawsuit, its

9  intervention should be permitted.[1] Really, this entire complaint is based on factual, on the

10  ground, application of permit issuance and evaluation of environmental consequences which may

11  be at issue as a result of ongoing grazing on these allotments. This simply does not resemble a

12  challenge to a NEPA project evaluation. The ranchers are the best parties to provide the court

13  with the facts that are needed to assess and review the USFS's application of the criteria for the

14  application of CEs (i.e., grazing history, condition of the range and impact on special species).

15  Therefore, CCA should not only be allowed to intervene as a matter of right, it will significantly

16  benefit the Court to have the insight of the very ranchers who are likely to experience the impact

17  of any remedy granted.

18

19  VII.    CONCLUSION

20

21      The USFS does not own livestock subject to the CEs and permits, but rather applies the

22  terms of the Appropriation Act Rider CEs to the Subject Allotments when issuing grazing permits

23  as the Nation's steward of the public forest lands. Consequently, the CCA will be most directly

24  affected by any adverse decision in this case. Therefore, for the reasons stated above, the CCA

25      [1] CCA was granted intervention in the Sierra Framework Case which dealt with, among other things, NEPA challenges to USFS regulatory decisions regarding grazing. *People of the State of California v. United States Department of Agriculture, et al.,* Case No. CIV-S-05-0205.

27      Similarly, PLC, the national equivalent to CCA, was also granted intervention in the BLM case, which dealt with grazing regulations and NEPA as well. *Western Watersheds Project v. Kraayenbrink et. al.,* Case No. CV 05-2987- E- BLW (Idaho District Court, June 8, 2007.) This firm represented the grazing interests in each of these cases.

1   respectfully requests the Court to grant leave to intervene in this action and enter an order that its

2   Proposed Answer in Intervention, concurrently submitted herewith, be deemed filed with the

3   Court.

4

5   Dated: June __11__, 2008                          BEST BEST & KRIEGER LLP

6

7                                                     By: ___/s/  William J. Thomas, Jr._____

8                                                            William J. Thomas, Jr.
                                                             Heather C. Baugh
9                                                            Anthony J. Van Ruiten
                                                             Attorneys for Intervenor
10                                                           California Cattlemen's Association

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
400 CAPITOL MALL, SUITE 1650
SACRAMENTO, CALIFORNIA 95814

1  WILLIAM J. THOMAS, JR., Bar No. 67798
   HEATHER C. BAUGH, Bar No. 244850
2  ANTHONY J. VAN RUITEN, Bar No. 256087
   BEST BEST & KRIEGER LLP
3  400 Capitol Mall, Suite 1650
   Sacramento, California 95814
4  Telephone: (916) 325-4000
   Telecopier: (916) 325-4010
5
   Attorneys for Intervenor
6  California Cattlemen's Association
7
8
9              UNITED STATES DISTRICT COURT
10            NORTHERN DISTRICT OF CALIFORNIA
11               SAN FRANCISCO DIVISION
12

| 13 | WESTERN WATERSHEDS PROJECT, *et al.*, | Case No. 08-CV-1460 PJH |
|---|---|---|
| 14 15 | Plaintiffs, | DECLARATION OF JUSTIN OLDFIELD IN SUPPORT OF CALIFORNIA CATTLEMEN'S ASSOCIATION'S MOTION FOR LEAVE TO INTERVENE |
| 16 | v. | |
| 17 | UNITED STATES FOREST SERVICE, | [Filed concurrently with: |
| 18 | Defendants. | 1. Notice of Motion and Motion to Intervene; Memorandum of Points and Authorities; |
| 19 | | 2. [Proposed] Answer in Intervention; 3. [Proposed] Order.] |
| 20 | | |
| 21 | | Date:   July 23, 2008 Time:  9:00 a.m. |
| 22 | | Ctrm:  3 Judge:  Honorable Judge Phyllis J. Hamilton |
| 23 | | |
| 24 | | Complaint filed: March 14, 2008 |
| 25 | CALIFORNIA CATTLEMEN'S ASSOCIATION, | |
| 26 | Intervenor. | |

27
28

DECLARATION OF JUSTIN OLDFIELD

## DECLARATION OF JUSTIN OLDFIELD

I, Justin Oldfield, declare as follows:

1.    I have personal knowledge of the matters stated in this declaration.  I could and would competently testify to the following facts if called upon to do so.

2.    I am the Director of Industry Affairs of the California Cattlemen's Association (the "CCA").   I am the chief staff liaison between the CCA and the United States Forest Service ("USFS") and frequently engage with the USFS to coordinate on matters of the National Environmental Protection Act ("NEPA") and the Endangered Species Act ("ESA") as these Acts relate to grazing and grazing permit issues.  I am also the chief coordinator between the CCA and the California Public Lands Council ("CPLC").

3.    In my capacity as Director of Industry Affairs, I work to ensure that ranchers understand regulatory processes so that their operations remain in compliance with State and Federal environmental and public lands policies

4.    The CCA was formed in 1917, and is a California non-profit trade association representing over 2,100 members in all facets of the livestock industry.  According to CCA's most recent information, in 2002, the California cattle industry produced over $1.58 billion of the state's $25 billion dollar agricultural economy; making beef the 5th leading agricultural commodity in the state.

5.    The CCA routinely represents California's ranchers and beef producers in legislative and regulatory affairs.  The CCA actively seeks to promote the interests of ranchers who graze their cattle on national lands.  The CCA funds education and outreach efforts, litigation and research to support California's beef cattle industry, and maintains a political action committee to support those candidates favorable to family ranchers and beef producers.

6.    The CCA has 38 county cattlemen's association affiliates that serve as a strong link between the grassroots membership and CCA.

7.    Many of CCA's members utilize forage on United States Forest Service

SACRAMENTO\HBAUGH\51039.3

("USFS") lands to sustain their livestock.  The CCA represents most all of the permittees impacted by the issues involved in this litigation.

8.      Nearly 40% of all cattle raised in the west spend some of their lives on public land allotments.  Grazing on USFS land is critical to the functioning of the livestock industry in the west and particularly in California.

9.      Any restriction on permitted grazing on national forests would inevitably impact the base ranches of those permittees' grazing operations, but also on the entire California cattle industry, and therefore this case directly impacts CCA's membership and mission.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed this __5__ day of June 2008, in Sacramento, California.


Justin Oldfield

1  WILLIAM J. THOMAS, JR., Bar No. 67798
   HEATHER C. BAUGH, Bar No. 244850
2  BEST BEST & KRIEGER LLP
   400 Capitol Mall, Suite 1650
3  Sacramento, California 95814
   Telephone: (916) 325-4000
4  Telecopier: (916) 325-4010

5  Attorneys for Intervenor
   California Cattlemen's Association
6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                       SAN FRANCISCO DIVISION

10

11 WESTERN WATERSHEDS PROJECT;          Case No.  08-CV-1460 PJH
   NATURAL RESOURCES DEFENSE
12 COUNCIL; CENTER FOR BIOLOGICAL       [PROPOSED] CALIFORNIA CATTLEMEN'S
   DIVERSITY; CALIFORNIA TROUT;         ASSOCIATION'S ANSWER IN
13 ENVIRONMENTAL PROTECTION             INTERVENTION OF PLAINTIFFS' FIRST
   INFORMATION CENTER; KLAMATH          AMENDED COMPLAINT FOR
14 SISKIYOU WILDLANDS CENTER; LOS       VIOLATIONS OF THE FISCAL YEAR 2005
   PADRES FOREST WATCH; SIERRA          CONSOLIDATED APPROPRIATIONS ACT,
15 FOREST LEGACY; SEQUOIA               THE NATIONAL ENVIRONMENTAL
   FORESTKEEPER; GRAND CANYON           POLICY ACT, AND THE APPEALS
16 TRUST; UTAH ENVIRONMENTAL            REFORM ACT
   CONGRESS; RED ROCK FORESTS; and
17 OREGON NATURAL DESERT
   ASSOCIATION,
18
              Plaintiffs,
19
          v.
20
   U.S. FOREST SERVICE,
21
              Defendant.
22
   CALIFORNIA CATTLEMEN'S
23 ASSOCIATION,

24            Intervenor.

25

26

27

28

─────────────────────────────────────────
                ANSWER TO FIRST AMENDED COMPLAINT

Intervenor-Defendant CALIFORNIA CATTLEMEN'S ASSOCIATION ("CCA") hereby answers Plaintiffs' First Amended Complaint for Violations of the Fiscal Year 2005 Consolidated Appropriations Act, the National Environmental Policy Act, and the Appeals Reform Act, filed on May 30, 2008 ("First Amended Complaint") as follows:

**<u>INTRODUCTION</u>**

1.    Answering the first sentence of paragraph 1 of the First Amended Complaint, CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the First Amended Complaint, and on that basis denies them. Answering the second sentence of paragraph 1 of the First Amended Complaint, CCA denies each and every remaining allegation contained in the second sentence of paragraph 1 of the First Amended Complaint.

2.    Answering paragraph 2 of the First Amended Complaint, CCA admits only that imprudent grazing may in limited cases have environmental impacts.  CCA admits Forest Service lands are protected from adverse environmental impacts as a result of  United States Forest Service ("USFS") rules on grazing.  CCA denies each and every remaining allegation of paragraph 2.

3.    Answering the first sentence of paragraph 3 of the First Amended Complaint, CCA admits only that imprudent grazing may in limited cases have environmental impacts. CCA admits Forest Service lands are protected from adverse environmental impacts as a result of  USFS rules on grazing.   Answering the second sentence of paragraph 3, CCA admits such review provides for examination of the impacts of livestock grazing on public land and an opportunity for the public to comment on and appeal grazing decisions. CCA denies each and every remaining allegation of paragraph 3.

4.    Answering the first sentence of  paragraph 4 of the First Amended Complaint, CCA admits that at the behest of the USFS, Congress passed an appropriations rider in 2005 that allows USFS to categorically exclude grazing reauthorization from National Environmental Policy Act ("NEPA") review under certain narrow circumstances.  CCA denies each an every remaining allegation contained in the first sentence of paragraph 4.  Answering the second sentence of

paragraph 4 of the First Amended Complaint, CCA admits that this is a characterization of current law and not response is required. To the extent a response is required, CCA denies each and every allegation contained in the second sentence of paragraph 4.

5.    CCA denies each and every allegation of paragraph 5 of the First Amended Complaint.

6.    CCA denies each and every allegation of paragraph 6 of the First Amended Complaint.

7.    Answering paragraph 7 of the First Amended Complaint, CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the First Amended Complaint, and on that basis denies them.

## JURISDICTION AND VENUE

8.    Answering paragraph 8 of the First Amended Complaint, CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the First Amended Complaint, and on that basis denies them.

9.    Answering paragraph 9 of the First Amended Complaint, CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the First Amended Complaint, and on that basis denies them.

10.    Answering paragraph 10 of the First Amended Complaint, CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the First Amended Complaint, and on that basis denies them.

## INTRA-DISTRICT AGREEMENT

11.    Answering paragraph 11 of the First Amended Complaint, CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the First Amended Complaint, and on that basis denies them.

## PARTIES

12.    Answering paragraph 12 of the First Amended Complaint, CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph

1    12 of the First Amended Complaint, and on that basis denies them.

2        13.    Answering paragraph 13 of the First Amended Complaint, CCA lacks knowledge

3    or information sufficient to form a belief as to the truth of the allegations contained in paragraph

4    13 of the First Amended Complaint, and on that basis denies them.

5        14.    Answering paragraph 14 of the First Amended Complaint, CCA lacks knowledge

6    or information sufficient to form a belief as to the truth of the allegations contained in paragraph

7    14 of the First Amended Complaint, and on that basis denies them.

8        15.    Answering paragraph 15 of the First Amended Complaint, CCA lacks knowledge

9    or information sufficient to form a belief as to the truth of the allegations contained in paragraph

10   15 of the First Amended Complaint, and on that basis denies them.

11       16.    Answering paragraph 16 of the First Amended Complaint, CCA lacks knowledge

12   or information sufficient to form a belief as to the truth of the allegations contained in paragraph

13   16 of the First Amended Complaint, and on that basis denies them.

14       17.    Answering paragraph 17 of the First Amended Complaint, CCA lacks knowledge

15   or information sufficient to form a belief as to the truth of the allegations contained in paragraph

16   17 of the First Amended Complaint, and on that basis denies them.

17       18.    Answering paragraph 18 of the First Amended Complaint, CCA lacks knowledge

18   or information sufficient to form a belief as to the truth of the allegations contained in paragraph

19   18 of the First Amended Complaint, and on that basis denies them.

20       19.    Answering paragraph 19 of the First Amended Complaint, CCA lacks knowledge

21   or information sufficient to form a belief as to the truth of the allegations contained in paragraph

22   19 of the First Amended Complaint, and on that basis denies them.

23       20.    Answering paragraph 20 of the First Amended Complaint, CCA lacks knowledge

24   or information sufficient to form a belief as to the truth of the allegations contained in paragraph

25   20 of the First Amended Complaint, and on that basis denies them.

26       21.    Answering paragraph 21 of the First Amended Complaint, CCA lacks knowledge

27   or information sufficient to form a belief as to the truth of the allegations contained in paragraph

28   21 of the First Amended Complaint, and on that basis denies them.

22. Answering paragraph 22 of the First Amended Complaint, CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the First Amended Complaint, and on that basis denies them.

23. Answering paragraph 23 of the First Amended Complaint, CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the First Amended Complaint, and on that basis denies them.

24. Answering paragraph 24 of the First Amended Complaint, CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the First Amended Complaint, and on that basis denies them.

25. Answering the first sentence of paragraph 25 of the First Amended Complaint, CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to the deep and longstanding interests in preservation and protection of western national forests and their resources of plaintiffs, their staffs, members, and supporters contained in the first sentence of paragraph 25 of the First Amended Complaint, and on that basis denies them. CCA denies each and every remaining allegation contained in the first sentence of paragraph 25 of the First Amended Complaint.

26. Answering paragraph 26 of the First Amended Complaint, CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the First Amended Complaint, and on that basis denies them.

27. Answering the first sentence of paragraph 27 of the First Amended Complaint, CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 27 of the First Amended Complaint pertaining to the interests of plaintiffs, their staff, members and supporters and on that basis denies them. CCA denies each and every remaining allegation contained in the first sentence of paragraph 27 of the First Amended Complaint.  Answering the second sentence of paragraph 27 of the First Amended Complaint, CCA denies each and every allegation of the second sentence of paragraph 27 of the First Amended Complaint.  CCA denies each and every remaining allegation of paragraph 27.

28. CCA admits the allegations contained in the first sentence of paragraph 28 of the

First Amended Complaint.

## **LEGAL BACKGROUND**

29.    Answering paragraph 29 of the First Amended Complaint, this paragraph is a characterization of current law and no answer is required. To the extent an answer is required, CCA denies each and every remaining allegation contained in the second sentence of paragraph 29. CCA denies each and every remaining allegation of paragraph 29.

30.    Answering paragraph 30 of the First Amended Complaint, this paragraph is a characterization of current law and no answer is required. To the extent an answer is required, CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 30 of the of the First Amended Complaint, and on that basis denies it.

31.    Answering the first sentence of paragraph 31 of the First Amended Complaint, CCA admits NEPA provides for public input into the decision-making process, and USFS regulations allow the public to appeal its final EA or EIS decisions. CCA denies each and every remaining allegation contained in the first sentence of paragraph 31 of the First Amended Complaint. Answering the second sentence of paragraph 31 of the First Amended Complaint, CCA , this paragraph is a characterization of current law and no answer is required. To the extent an answer is required, CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 31 of the of the First Amended Complaint, and on that basis denies it. CCA denies each and every remaining allegation contained in the second sentence of paragraph 31 of the First Amended Complaint.

32.    Answering paragraph 32 of the First Amended Complaint, CCA admits the issuance or renewal of a federal livestock grazing permit requires a NEPA review unless an exclusion applies. CCA denies each and every remaining allegation contained in paragraph 32 of the First Amended Complaint.

33.    CCA admits the portion of Public Law 108-47 contained in paragraph 33 of the First Amended Complaint has been accurately provided.

34.    Answering paragraph 34 of the First Amended Complaint, CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on

1    that basis denies it.

2        35.    Answering the first sentence of paragraph 35 of the First Amended Complaint, this

3    sentence is a characterization of current law and no answer is required.  To the extent an answer is

4    required, CCA lacks knowledge or information sufficient to form a belief as to the truth of the

5    allegations contained in the first sentence of paragraph 35 of the of the First Amended Complaint,

6    and on that basis denies it.  CCA denies each and every remaining allegation contained in the

7    second sentence of paragraph 35 of the First Amended Complaint.

8        36.    CCA denies each and every remaining allegation in the first sentence of paragraph

9    36 of the First Amended Complaint.  Answering the second sentence of paragraph 36 of the First

10   Amended Complaint, this sentence is a characterization of current law and no answer is required.

11   To the extent an answer is required, CCA lacks knowledge or information sufficient to form a

12   belief as to the truth of the allegations contained in the first sentence of paragraph 36 of the of the

13   First Amended Complaint, and on that basis denies it.  Answering the third sentence of paragraph

14   36 of the First Amended Complaint, CCA lacks knowledge or information sufficient to form a

15   belief as to the truth of the allegations contained in the second sentence of paragraph 36 of the

16   First Amended Complaint, and on that basis denies them.  CCA denies each and every remaining

17   allegation of paragraph 36.

18       37.    Answering the first sentence of paragraph 37 of the First Amended Complaint, this

19   sentence is a characterization of current law and no answer is required.  To the extent an answer is

20   required, CCA lacks knowledge or information sufficient to form a belief as to the truth of the

21   allegations contained in the first sentence of paragraph 37.  CCA denies each and every remaining

22   allegation in the first sentence of paragraph 37 of the First Amended Complaint.  Answering the

23   second sentence of paragraph 37 of the First Amended Complaint, CCA admits that each forest or

24   group of forests has its own Land and Resource Management Plan.  CCA denies each and every

25   remaining allegation contained in the second sentence of paragraph 37.

26       38.    Answering the first sentence of paragraph 38, this sentence is a characterization of

27   current law and no answer is required.  To the extent an answer is required, CCA lacks knowledge

28   or information sufficient to form a belief as to the truth of the allegations contained in the first

1    sentence of paragraph 38.  CCA denies each and every remaining allegation contained in

2    paragraph 38 of the First Amended Complaint.

3           39.    CCA denies each and every allegation of paragraph 39 of the First Amended

4    Complaint.

5           40.    Answering the first sentence of paragraph 40 of the First Amended Complaint,

6    CCA denies each and every allegation of the first sentence of paragraph 40 of the First Amended

7    complaint.  Answering the second sentence of the First Amended Complaint, CCA lacks

8    knowledge or information sufficient to form a belief as to the truth of the allegations contained in

9    the first sentence of paragraph 40 of the First Amended Complaint, and on that basis denies them.

10          41.    Answering the first sentence of paragraph 41, this sentence is a characterization

11   of current law and no answer is required.  To the extent an answer is required, CCA lacks

12   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

13   the first sentence of paragraph 41.  CCA denies each and every remaining allegation contained in

14   paragraph 41 of the First Amended Complaint.

15          42.    CCA denies each and every allegation of paragraph 42 of the First Amended

16   Complaint.

17                              **<u>FACTUAL BACKGROUND</u>**

18          43.    CCA denies each and every allegation of paragraph 43 of the First Amended

19   Complaint.

20          44.    CCA denies each and every allegation of paragraph 44 of the First Amended

21   Complaint.

22

23          45.    CCA denies each and every allegation of paragraph 45 of the First Amended

24   Complaint.

25          46.    CCA denies each and every allegation of paragraph 46 of the First Amended

26   Complaint.

27          47.    CCA denies each and every allegation of paragraph 47 of the First Amended

28   Complaint.

48.    CCA denies each and every allegation of paragraph 48 of the First Amended Complaint.

49.    CCA denies each and every allegation of paragraph 49 of the First Amended Complaint.

50.    CCA denies each and every allegation of paragraph 50 of the First Amended Complaint.

51.    CCA denies each and every allegation of paragraph 51 of the First Amended Complaint.

52.    CCA denies each and every allegation of paragraph 52 of the First Amended Complaint.

53.    CCA denies each and every allegation of paragraph 53 of the First Amended Complaint.

54.    CCA denies each and every allegation of paragraph 54 of the First Amended Complaint.

55.    CCA denies each and every allegation of paragraph 55 of the First Amended Complaint.

56.    CCA denies each and every allegation of paragraph 56 of the First Amended Complaint.

57.    CCA denies each and every allegation of paragraph 57 of the First Amended Complaint.

58.    CCA denies each and every allegation of paragraph 58 of the First Amended Complaint.

59.    CCA denies each and every allegation of paragraph 59 of the First Amended Complaint.

60.    Answering paragraph 60 of the First Amended Complaint, CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the First Amended Complaint, and on that basis denies it.

61.    CCA denies each and every allegation of paragraph 61 of the First Amended

Complaint.

62.    CCA denies each and every allegation of paragraph 62 of the First Amended Complaint.

63.    Answering paragraph 63 of the First Amended Complaint, CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the First Amended Complaint, and on that basis denies it.

64.    Answering the first sentence of paragraph 64 of the First Amended Complaint, CCA denies each and every allegation in the first sentence of paragraph 64 of the First Amended Complaint.  Answering the second sentence of paragraph 64 of the First Amended Complaint, CCA denies each and every allegation in the second sentence of paragraph 64 of the First Amended Complaint.  Answering the third sentence of paragraph 64 of the First Amended Complaint, CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 64 of the First Amended Complaint, and on that basis denies them.

65.    Answering the first sentence of paragraph 65 of the First Amended Complaint, CCA denies each and every allegation in the first sentence of paragraph 65 of the First Amended Complaint.  Answering the second sentence of paragraph 65 of the First Amended Complaint, CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 65 of the First Amended Complaint, and on that basis denies it.  CCA denies each and every remaining allegation contained in the second sentence of paragraph 65 of the First Amended Complaint.  Answering the third sentence of paragraph 65 of the First Amended Complaint, CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 65 of the First Amended Complaint, and on that basis denies it.   Answering the fourth sentence of paragraph 65 of the First Amended Complaint, CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of paragraph 65 of the First Amended Complaint, and on that basis denies them.  Answering the fifth sentence of paragraph 65 of the First Amended Complaint, CCA denies each and every allegation in the fifth

sentence of paragraph 64 of the First Amended Complaint.  Answering the sixth sentence of paragraph 65 of the First Amended Complaint, CCA denies each and every allegation in the sixth sentence of paragraph 64 of the First Amended Complaint.  Answering the seventh sentence of paragraph 65 of the First Amended Complaint, CCA denies each and every allegation in the seventh sentence of paragraph 65 of the First Amended Complaint.  Answering the eighth sentence of paragraph 65 of the First Amended Complaint, CCA denies each and every allegation in the eighth sentence of paragraph 64 of the First Amended Complaint.

66.    CCA denies each and every allegation of paragraph 66 of the First Amended Complaint.

67.    CCA denies each and every allegation of paragraph 67 of the First Amended Complaint.

68.    Answering the first sentence of paragraph 68 of the First Amended Complaint, CCA denies each and every allegation in the first sentence of paragraph 68 of the First Amended Complaint.  Answering the second sentence of paragraph 68 of the First Amended Complaint, CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 68 of the First Amended Complaint, and on that basis denies it.   Answering the third sentence of paragraph 68 of the First Amended Complaint, CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 68 of the First Amended Complaint, and on that basis denies it.  Answering the fourth sentence of paragraph 68 of the First Amended Complaint, CCA denies each and every allegation of the fourth sentence.  CCA denies each and every remaining allegation of paragraph 68 of the First Amended Complaint.

69.    CCA denies each and every allegation of paragraph 69 of the First Amended Complaint.

70.    CCA denies each and every allegation of paragraph 70 of the First Amended Complaint.

71.    CCA admits the allegations contained in paragraph 71 of the First Amended Complaint.

72.    Answering the first sentence in paragraph 72 of the First Amended Complaint, CCA denies each and every allegation of the first sentence of paragraph 72 of the First Amended Complaint.  Answering sentences two, three and four in paragraph 72 of the First Amended Complaint, CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in these sentences, and on that basis denies them.  CCA denies each and every allegation of paragraph 73 of the First Amended Complaint.

73.    CCA denies each and every allegation of paragraph 73 of the First Amended Complaint.

74.    CCA denies each and every allegation of paragraph 74 of the First Amended Complaint.

75.    CCA denies each and every allegation of paragraph 75 of the First Amended Complaint.

76.    CCA denies each and every allegation of paragraph 76 of the First Amended Complaint.

77.    CCA denies each and every allegation of paragraph 77 of the First Amended Complaint.

78.    CCA admits the allegations contained in paragraph 78 of the First Amended Complaint.

79.    CCA denies each and every allegation of paragraph 79 of the First Amended Complaint.

80.    CCA admits the allegations contained in paragraph 80 of the First Amended Complaint.

81.    CCA admits the 1964 Wilderness Act (16 U.S.C. §§ 1131-1136) exists and that paragraph 81 is a characterization of it for which no answer is required.  To the extent an answer is required, CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the First Amended Complaint, and on that basis denies it.

82.    Answering the first sentence in paragraph 82 of the First Amended Complaint, CCA admits the 1964 Wilderness Act (16 U.S.C. § 1133(d)(4)(2)) exists and that paragraph 82 is

1  a characterization of it for which no answer is required.  To the extent an answer is required, CCA

2  lacks knowledge or information sufficient to form a belief as to the truth of the allegations

3  contained in paragraph 82 of the First Amended Complaint, and on that basis denies it.   CCA

4  denies each and every remaining allegation contained in the first sentence of paragraph 82 of the

5  First Amended Complaint.  Answering the second sentence in paragraph 82 of the First Amended

6  Complaint, CCA admits Public Law Number 96-560, Section 108, exists and that this paragraph is

7  a characterization of it for which no answer is required,  To the extent an answer is required,  CCA

8  denies each and every remaining allegation contained in the second sentence of paragraph 82 of

9  the First Amended Complaint.

10       83.    CCA denies each and every allegation of paragraph 83 of the First Amended

11  Complaint.

12       84.    CCA denies each and every allegation of paragraph 84 of the First Amended

13  Complaint.

14       85.    CCA denies each and every allegation of paragraph 85 of the First Amended

15  Complaint.

16       86.    Answering the first sentence in paragraph 86 of the First Amended Complaint,

17  CCA admits the rider contains three requirements that must be met to reauthorize grazing under a

18  categorical exclusion ("CE").  CCA denies each and every allegation of the first sentence of

19  paragraph 86 of the First Amended Complaint.  Answering sentence two in paragraph 86 of the

20  First Amended Complaint, CCA denies each and every allegation contained in sentence two of

21  paragraph 86 of the First Amended Complaint.

22       87.    CCA denies each and every allegation of paragraph 87 of the First Amended

23  Complaint.

24       88.    Answering the first sentence in paragraph 88 of the First Amended Complaint,

25  CCA admits that the rider's first requirement is that the CE decision continue current grazing

26  management of the allotment.  CCA denies each and every remaining allegation of the first

27  sentence of paragraph 88 of the First Amended Complaint.  Answering the second sentence in

28  paragraph 88 of the First Amended Complaint, CCA denies each and every remaining allegation

in the second sentence of paragraph 88 of the First Amended Complaint.  Answering the third

sentence in paragraph 88 of the First Amended Complaint, CCA denies each and every allegation

contained in the third sentence of paragraph 88 of the First Amended Complaint.

89.    CCA denies each and every allegation of paragraph 89 of the First Amended
Complaint.

90.    CCA denies each and every allegation of paragraph 90 of the First Amended
Complaint.

91.    Answering the first sentence in paragraph 91 of the First Amended Complaint,
CCA admits that the 2005 appropriation rider exists and that paragraph 91 is a characterization of
it for which no answer is required.  To the extent an answer is required,  CCA denies each and
every remaining allegation of the first sentence of paragraph 91 of the First Amended Complaint.
Answering the second sentence in paragraph 91 of the First Amended Complaint, CCA denies
each and every remaining allegation in the second sentence of paragraph 91 of the First Amended
Complaint.  Answering the third sentence of paragraph 91 of the First Amended Complaint, CCA
denies each and every allegation contained in the third sentence of paragraph 91 of the First
Amended Complaint.

92.    CCA denies each and every allegation of paragraph 92 of the First Amended
Complaint.

93.    CCA denies each and every allegation of paragraph 93 of the First Amended
Complaint.

94.    CCA denies each and every allegation of paragraph 94 of the First Amended
Complaint.

95.    CCA denies each and every allegation of paragraph 95 of the First Amended
Complaint.

96.    CCA denies each and every allegation of paragraph 96 of the First Amended
Complaint.

97.    CCA denies each and every allegation of paragraph 97 of the First Amended
Complaint.

98.     Answering the first sentence of paragraph 98 of the First Amended Complaint, CCA admits that the USFS recognizes the importance of monitoring the environmental impacts of grazing.  CCA denies each and every remaining allegation of the first sentence of paragraph 98 of the First Amended Complaint.  Answering the second sentence in paragraph 98 of the First Amended Complaint, CCA denies each and every allegation of the second sentence of paragraph 98 of the First Amended Complaint.  Answering the third sentence in paragraph 98 of the First Amended Complaint, CCA denies each and every allegation of the third sentence of paragraph 98 of the First Amended Complaint.

99.     CCA denies each and every allegation of paragraph 99 of the First Amended Complaint.

100.    CCA denies each and every allegation of paragraph 100 of the First Amended Complaint.

101.    CCA denies each and every allegation of paragraph 101 of the First Amended Complaint.

102.    CCA denies each and every allegation of paragraph 102 of the First Amended Complaint.

103.    Answering the first sentence of paragraph 103 of the First Amended Complaint, CCA admits that the 2005 appropriation rider exists  and that paragraph 103 is a characterization of it for which no answer is required.  To the extent an answer is required, CCA denies each and every remaining allegation contained in the first sentence of paragraph 103 of the First Amended Complaint.  Answering the second sentence in paragraph 103 of the First Amended Complaint, CCA admits that Forest Service Handbook, chapter 1909.15.3.2 exists and that this sentence is a characterization of it for which no response is required.  To the extent a response is required, CCA denies each and every remaining allegation of the second sentence of paragraph 103 of the First Amended Complaint.

104.    CCA denies each and every allegation of paragraph 104 of the First Amended Complaint.

105.    CCA denies each and every allegation of paragraph 105 of the First Amended

Complaint.

106.    CCA denies each and every allegation of paragraph 106 of the First Amended Complaint.

107.    CCA denies each and every allegation of paragraph 107 of the First Amended Complaint.

108.    CCA denies each and every allegation of paragraph 108 of the First Amended Complaint.

109.    Answering the first sentence of paragraph 109 of the First Amended Complaint, CCA denies each and every allegation contained in the first sentence of paragraph 109 of the First Amended Complaint.  Answering the second sentence in paragraph 109 of the First Amended Complaint, CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 109 of the First Amended Complaint, and on that basis denies them.   Answering the third sentence in paragraph 109 of the First Amended Complaint, CCA denies each and every allegation contained in the third sentence of paragraph 109 of the First Amended Complaint.

## UNLAWFUL CES ISSUED IN CALIFORNIA FORESTS

### *LOS PADRES NATIONAL FOREST*

110.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 110 of the of the First Amended Complaint, and on that basis denies it.

111.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 111 of the of the First Amended Complaint, and on that basis denies it.

112.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 112 of the of the First Amended Complaint, and on that basis denies it.

113.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 113 of the of the First Amended Complaint, and on that

1    basis denies it.

2        114.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

3    the allegations contained in the paragraph 114 of the of the First Amended Complaint, and on that

4    basis denies it.

5                                    *MENDOCINO NATIONAL FOREST*

6        115.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

7    the allegations contained in the paragraph 115 of the of the First Amended Complaint, and on that

8    basis denies it.

9        116.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

10   the allegations contained in the paragraph 116 of the of the First Amended Complaint, and on that

11   basis denies it.

12       117.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

13   the allegations contained in the paragraph 117 of the of the First Amended Complaint, and on that

14   basis denies it.

15       118.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

16   the allegations contained in the paragraph 118 of the of the First Amended Complaint, and on that

17   basis denies it.

18                                    *KLAMATH NATIONAL FOREST*

19       119.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

20   the allegations contained in the paragraph 119 of the of the First Amended Complaint, and on that

21   basis denies it.

22       120.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

23   the allegations contained in the paragraph 120 of the of the First Amended Complaint, and on that

24   basis denies it.

25       121.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

26   the allegations contained in the paragraph 121 of the of the First Amended Complaint, and on that

27   basis denies it.

28       122.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

SACRAMENTO\AVANRUITEN\51213.2                16

1   the allegations contained in the paragraph 122 of the of the First Amended Complaint, and on that
2   basis denies it.

3   *MODOC NATIONAL FOREST*

4          123.    CCA lacks knowledge or information sufficient to form a belief as to the truth of
5   the allegations contained in the paragraph 123 of the of the First Amended Complaint, and on that
6   basis denies it.

7          124.    CCA lacks knowledge or information sufficient to form a belief as to the truth of
8   the allegations contained in the paragraph 124 of the of the First Amended Complaint, and on that
9   basis denies it.

10         125.    CCA lacks knowledge or information sufficient to form a belief as to the truth of
11  the allegations contained in the paragraph 125 of the of the First Amended Complaint, and on that
12  basis denies it.

13         126.    CCA lacks knowledge or information sufficient to form a belief as to the truth of
14  the allegations contained in the paragraph 126 of the of the First Amended Complaint, and on that
15  basis denies it.

16         127.    CCA lacks knowledge or information sufficient to form a belief as to the truth of
17  the allegations contained in the paragraph 127 of the of the First Amended Complaint, and on that
18  basis denies it.

19         128.    CCA lacks knowledge or information sufficient to form a belief as to the truth of
20  the allegations contained in the paragraph 128 of the of the First Amended Complaint, and on that
21  basis denies it.

22         129.    CCA lacks knowledge or information sufficient to form a belief as to the truth of
23  the allegations contained in the paragraph 129 of the of the First Amended Complaint, and on that
24  basis denies it.

25         130.    CCA lacks knowledge or information sufficient to form a belief as to the truth of
26  the allegations contained in the paragraph 130 of the of the First Amended Complaint, and on that
27  basis denies it.

28

1

***LASSEN NATIONAL FOREST\***

2  131.  CCA lacks knowledge or information sufficient to form a belief as to the truth of

3 the allegations contained in the paragraph 131 of the of the First Amended Complaint, and on that

4 basis denies it.

5  132.  CCA lacks knowledge or information sufficient to form a belief as to the truth of

6 the allegations contained in the paragraph 132 of the of the First Amended Complaint, and on that

7 basis denies it.

8  133.  CCA lacks knowledge or information sufficient to form a belief as to the truth of

9 the allegations contained in the paragraph 133 of the of the First Amended Complaint, and on that

10 basis denies it.

11  134.  CCA lacks knowledge or information sufficient to form a belief as to the truth of

12 the allegations contained in the paragraph 134 of the of the First Amended Complaint, and on that

13 basis denies it.

14  135.  CCA lacks knowledge or information sufficient to form a belief as to the truth of

15 the allegations contained in the paragraph 135 of the of the First Amended Complaint, and on that

16 basis denies it.

17  136.  CCA lacks knowledge or information sufficient to form a belief as to the truth of

18 the allegations contained in the paragraph 136 of the of the First Amended Complaint, and on that

19 basis denies it.

20  137.  CCA lacks knowledge or information sufficient to form a belief as to the truth of

21 the allegations contained in the paragraph 137 of the of the First Amended Complaint, and on that

22 basis denies it.

23

***PLUMAS NATIONAL FOREST***

24  138.  CCA lacks knowledge or information sufficient to form a belief as to the truth of

25 the allegations contained in the paragraph 138 of the of the First Amended Complaint, and on that

26 basis denies it.

27  139.  CCA lacks knowledge or information sufficient to form a belief as to the truth of

28 the allegations contained in the paragraph 139 of the of the First Amended Complaint, and on that

1    basis denies it.

2          140.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

3    the allegations contained in the paragraph 140 of the of the First Amended Complaint, and on that

4    basis denies it.

5          141.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

6    the allegations contained in the paragraph 141 of the of the First Amended Complaint, and on that

7    basis denies it.

8          142.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

9    the allegations contained in the paragraph 142 of the of the First Amended Complaint, and on that

10   basis denies it.

11                              *STANISLAUS NATIONAL FOREST*

12         143.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

13   the allegations contained in the paragraph 143 of the of the First Amended Complaint, and on that

14   basis denies it.

15         144.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

16   the allegations contained in the paragraph 144 of the of the First Amended Complaint, and on that

17   basis denies it.

18         145.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

19   the allegations contained in the paragraph 145 of the of the First Amended Complaint, and on that

20   basis denies it.

21         146.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

22   the allegations contained in the paragraph 146 of the of the First Amended Complaint, and on that

23   basis denies it.

24         147.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

25   the allegations contained in the paragraph 147 of the of the First Amended Complaint, and on that

26   basis denies it.

27         148.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

28   the allegations contained in the paragraph 148 of the of the First Amended Complaint, and on that

1   basis denies it.

2        149.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

3   the allegations contained in the paragraph 149 of the of the First Amended Complaint, and on that

4   basis denies it.\

5   *INYO NATIONAL FOREST*

6        150.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

7   the allegations contained in the paragraph 150 of the of the First Amended Complaint, and on that

8   basis denies it.

9        151.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

10  the allegations contained in the paragraph 151 of the of the First Amended Complaint, and on that

11  basis denies it.

12       152.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

13  the allegations contained in the paragraph 152 of the of the First Amended Complaint, and on that

14  basis denies it.

15       153.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

16  the allegations contained in the paragraph 153 of the of the First Amended Complaint, and on that

17  basis denies it.

18  *SEQUOIA NATIONAL FOREST*

19       154.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

20  the allegations contained in the paragraph 154 of the of the First Amended Complaint, and on that

21  basis denies it.

22       155.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

23  the allegations contained in the paragraph 155 of the of the First Amended Complaint, and on that

24  basis denies it.

25       156.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

26  the allegations contained in the paragraph 156 of the of the First Amended Complaint, and on that

27  basis denies it.

28       157.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

ANSWER TO FIRST AMENDED COMPLAINT

1  the allegations contained in the paragraph 157 of the of the First Amended Complaint, and on that

2  basis denies it.

3  ## UNLAWFUL CES ISSUED IN ARIZONA ON THE PRESCOTT

4  ## NATIONAL FOREST

5  158.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

6  the allegations contained in the paragraph 158 of the of the First Amended Complaint, and on that

7  basis denies it.

8  159.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

9  the allegations contained in the paragraph 159 of the of the First Amended Complaint, and on that

10  basis denies it.

11  160.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

12  the allegations contained in the paragraph 160 of the of the First Amended Complaint, and on that

13  basis denies it.

14  161.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

15  the allegations contained in the paragraph 161 of the of the First Amended Complaint, and on that

16  basis denies it.

17  162.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

18  the allegations contained in the paragraph 162 of the of the First Amended Complaint, and on that

19  basis denies it.

20  163.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

21  the allegations contained in the paragraph 163 of the of the First Amended Complaint, and on that

22  basis denies it.

23  ## UNLAWFUL CES ISSUED ON THE IDAHO FORESTS

24  ### *SALMON-CHALLIS NATIONAL FOREST*

25  164.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

26  the allegations contained in the paragraph 164 of the of the First Amended Complaint, and on that

27  basis denies it.

28  165.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

SACRAMENTO\AVANRUITEN\51213.2                    21

1   the allegations contained in the paragraph 165 of the of the First Amended Complaint, and on that

2   basis denies it.

3       166.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

4   the allegations contained in the paragraph 166 of the of the First Amended Complaint, and on that

5   basis denies it.

6       167.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

7   the allegations contained in the paragraph 167 of the of the First Amended Complaint, and on that

8   basis denies it.

9       168.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

10  the allegations contained in the paragraph 168 of the of the First Amended Complaint, and on that

11  basis denies it.

12      169.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

13  the allegations contained in the paragraph 169 of the of the First Amended Complaint, and on that

14  basis denies it.

15                      *CARIBOU-TARGHEE NATIONAL FOREST*

16      170.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

17  the allegations contained in the paragraph 170 of the of the First Amended Complaint, and on that

18  basis denies it.

19      171.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

20  the allegations contained in the paragraph 171 of the of the First Amended Complaint, and on that

21  basis denies it.

22      172.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

23  the allegations contained in the paragraph 172 of the of the First Amended Complaint, and on that

24  basis denies it.

25      173.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

26  the allegations contained in the paragraph 173 of the of the First Amended Complaint, and on that

27  basis denies it.

28      174.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

ANSWER TO FIRST AMENDED COMPLAINT

1   the allegations contained in the paragraph 174 of the of the First Amended Complaint, and on that

2   basis denies it.

3       175.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

4   the allegations contained in the paragraph 175 of the of the First Amended Complaint, and on that

5   basis denies it.

6       176.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

7   the allegations contained in the paragraph 176 of the of the First Amended Complaint, and on that

8   basis denies it.

9       177.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

10  the allegations contained in the paragraph 177 of the of the First Amended Complaint, and on that

11  basis denies it.

12              **UNLAWFUL CES ISSUED IN WYOMING FORESTS**

13              ***BRIDGER-TETON NATIONAL FOREST***

14      178.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

15  the allegations contained in the paragraph 178 of the of the First Amended Complaint, and on that

16  basis denies it.

17      179.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

18  the allegations contained in the paragraph 179 of the of the First Amended Complaint, and on that

19  basis denies it.

20      180.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

21  the allegations contained in the paragraph 180 of the of the First Amended Complaint, and on that

22  basis denies it.

23      181.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

24  the allegations contained in the paragraph 181of the of the First Amended Complaint, and on that

25  basis denies it.

26      182.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

27  the allegations contained in the paragraph 182 of the of the First Amended Complaint, and on that

28  basis denies it.

183.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 183 of the of the First Amended Complaint, and on that basis denies it.

184.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 184 of the of the First Amended Complaint, and on that basis denies it.

185.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 185 of the of the First Amended Complaint, and on that basis denies it.

### *SHOSHONE NATIONAL FOREST*

186.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 186 of the of the First Amended Complaint, and on that basis denies it.

187.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 187 of the of the First Amended Complaint, and on that basis denies it.

188.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 188 of the of the First Amended Complaint, and on that basis denies it.

### **UNLAWFUL CES ISSUED IN UTAH FORESTS**

### *WASATCH-CACHE NATIONAL FOREST*

189.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 189 of the of the First Amended Complaint, and on that basis denies it.

190.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 190 of the of the First Amended Complaint, and on that basis denies it.

191.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

ANSWER TO FIRST AMENDED COMPLAINT

1  the allegations contained in the paragraph 191 of the of the First Amended Complaint, and on that

2  basis denies it.

3      192.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

4  the allegations contained in the paragraph 192 of the of the First Amended Complaint, and on that

5  basis denies it.

6      193.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

7  the allegations contained in the paragraph 193 of the of the First Amended Complaint, and on that

8  basis denies it.

9

10     194.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

11 the allegations contained in the paragraph 194 of the of the First Amended Complaint, and on that

12 basis denies it.

13                          *ASHLEY NATIONAL FOREST*

14     195.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

15 the allegations contained in the paragraph 195 of the of the First Amended Complaint, and on that

16 basis denies it.

17     196.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

18 the allegations contained in the paragraph 196 of the of the First Amended Complaint, and on that

19 basis denies it.

20     197.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

21 the allegations contained in the paragraph 197 of the of the First Amended Complaint, and on that

22 basis denies it.

23     198.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

24 the allegations contained in the paragraph 198 of the of the First Amended Complaint, and on that

25 basis denies it.

26     199.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

27 the allegations contained in the paragraph 199 of the of the First Amended Complaint, and on that

28 basis denies it.

ANSWER TO FIRST AMENDED COMPLAINT

1

*MANTI LA SAL NATIONAL FOREST*

2

      200.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

3

the allegations contained in the paragraph 200 of the of the First Amended Complaint, and on that

4

basis denies it.

5

      201.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

6

the allegations contained in the paragraph 201 of the of the First Amended Complaint, and on that

7

basis denies it.

8

      202.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

9

the allegations contained in the paragraph 202 of the of the First Amended Complaint, and on that

10

basis denies it.

11

      203.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

12

the allegations contained in the paragraph 203 of the of the First Amended Complaint, and on that

13

basis denies it.

14

      204.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

15

the allegations contained in the paragraph 204 of the of the First Amended Complaint, and on that

16

basis denies it.

17

      205.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

18

the allegations contained in the paragraph 205 of the of the First Amended Complaint, and on that

19

basis denies it.

20

      206.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

21

the allegations contained in the paragraph 206 of the of the First Amended Complaint, and on that

22

basis denies it.

23

      207.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

24

the allegations contained in the paragraph 207 of the of the First Amended Complaint, and on that

25

basis denies it.

26

*FISHLAKE NATIONAL FOREST*

27

      208.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

28

the allegations contained in the paragraph 208 of the of the First Amended Complaint, and on that

ANSWER TO FIRST AMENDED COMPLAINT

1    basis denies it.

2         209.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

3    the allegations contained in the paragraph 209 of the of the First Amended Complaint, and on that

4    basis denies it.

5         210.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

6    the allegations contained in the paragraph 210 of the of the First Amended Complaint, and on that

7    basis denies it.

8         211.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

9    the allegations contained in the paragraph 211 of the of the First Amended Complaint, and on that

10   basis denies it.

11        212.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

12   the allegations contained in the paragraph 212 of the of the First Amended Complaint, and on that

13   basis denies it.

14                    **UNLAWFUL CES ISSUED IN COLORADO FORESTS**

15                        *RIO GRANDE NATIONAL FOREST*

16        213.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

17   the allegations contained in the paragraph 213  of the of the First Amended Complaint, and on

18   that basis denies it.

19        214.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

20   the allegations contained in the paragraph 214 of the of the First Amended Complaint, and on that

21   basis denies it.

22        215.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

23   the allegations contained in the paragraph 215 of the of the First Amended Complaint, and on that

24   basis denies it.

25        216.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

26   the allegations contained in the paragraph 216 of the of the First Amended Complaint, and on that

27   basis denies it.

28        217.    CCA lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in the paragraph 217 of the of the First Amended Complaint, and on that basis denies it.

### *MEDICINE BOW-ROUTT NATIONAL FORESTS*

218.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 218 of the of the First Amended Complaint, and on that basis denies it.

219.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 219 of the of the First Amended Complaint, and on that basis denies it.

220.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 220 of the of the First Amended Complaint, and on that basis denies it.

221.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 221 of the of the First Amended Complaint, and on that basis denies it.

222.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 222 of the of the First Amended Complaint, and on that basis denies it.

### *PIKE AND SAN ISABEL NATIONAL FOREST*

223.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 223 of the of the First Amended Complaint, and on that basis denies it.

224.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 224 of the of the First Amended Complaint, and on that basis denies it.

225.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 225 of the of the First Amended Complaint, and on that basis denies it.

ANSWER TO FIRST AMENDED COMPLAINT

226.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 226 of the of the First Amended Complaint, and on that basis denies it.

227.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 227 of the of the First Amended Complaint, and on that basis denies it.

## UNLAWFUL CES ISSUED IN OREGON FORESTS

### *MALHEUR NATIONAL FOREST*

228.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 228 of the of the First Amended Complaint, and on that basis denies it.

229.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 229 of the of the First Amended Complaint, and on that basis denies it.

230.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 230 of the of the First Amended Complaint, and on that basis denies it.

231.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 231 of the of the First Amended Complaint, and on that basis denies it.

232.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 232 of the of the First Amended Complaint, and on that basis denies it.

233.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 233 of the of the First Amended Complaint, and on that basis denies it.

1    ***UMATILLA NATIONAL FOREST***

2    234.   CCA lacks knowledge or information sufficient to form a belief as to the truth of

3    the allegations contained in the paragraph 234 of the of the First Amended Complaint, and on that

4    basis denies it.

5    235.   CCA lacks knowledge or information sufficient to form a belief as to the truth of

6    the allegations contained in the paragraph 235 of the of the First Amended Complaint, and on that

7    basis denies it.

8

9    236.   CCA lacks knowledge or information sufficient to form a belief as to the truth of

10   the allegations contained in the paragraph 236 of the of the First Amended Complaint, and on that

11   basis denies it.

12   237.   CCA lacks knowledge or information sufficient to form a belief as to the truth of

13   the allegations contained in the paragraph 237 of the of the First Amended Complaint, and on that

14   basis denies it.

15   **<u>UNLAWFUL CES ISSUED IN WASHINGTON FORESTS</u>**

16   ***OKANOGAN-WENATCHEE NATIONAL FOREST***

17   238.   CCA lacks knowledge or information sufficient to form a belief as to the truth of

18   the allegations contained in the paragraph 238 of the of the First Amended Complaint, and on that

19   basis denies it.

20   239.   CCA lacks knowledge or information sufficient to form a belief as to the truth of

21   the allegations contained in the paragraph 239 of the of the First Amended Complaint, and on that

22   basis denies it.

23   240.   CCA lacks knowledge or information sufficient to form a belief as to the truth of

24   the allegations contained in the paragraph 240 of the of the First Amended Complaint, and on that

25   basis denies it.

26   241.   CCA lacks knowledge or information sufficient to form a belief as to the truth of

27   the allegations contained in the paragraph 241 of the of the First Amended Complaint, and on that

28   basis denies it.

242.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 242 of the of the First Amended Complaint, and on that basis denies it.

243.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 243 of the of the First Amended Complaint, and on that basis denies it.

## *COLVILLE NATIONAL FOREST*

244.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 244 of the of the First Amended Complaint, and on that basis denies it.

245.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 245 of the of the First Amended Complaint, and on that basis denies it.

246.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 246 of the of the First Amended Complaint, and on that basis denies it.

247.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 247 of the of the First Amended Complaint, and on that basis denies it.

248.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 248 of the of the First Amended Complaint, and on that basis denies it.

249.    CCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 249 of the of the First Amended Complaint, and on that basis denies it.

ANSWER TO FIRST AMENDED COMPLAINT

1       **FIRST CLAIM FOR RELIEF (FOR VIOLATIONS OF THE 2005**

2                 **APPROPRIATIONS RIDER)**

3         250.    Answering paragraph 250 of the First Amended Complaint, CCA incorporates by

4 reference its responses to paragraph's 1 through 249 inclusive.

5         251.    Answering paragraph 251 of the First Amended Complaint, CCA asserts that this

6 paragraph is a characterization of the Plaintiffs' interpretation of the governing legal standard, to

7 which no response is required.  To the extent an answer is required, CCA denies each and every

8 allegation contained in paragraph 251.

9         252.    Answering paragraph 252 of the First Amended Complaint, CCA denies each and

10 every allegation contained in paragraph 252.

11         253.    Answering paragraph 253 of the First Amended Complaint, CCA denies each and

12 every allegation contained in paragraph 253.

13     **SECOND CLAIM FOR RELIEF (FOR VIOLATIONS OF THE NATIONAL**

14            **ENVIRONMENTAL POLICY ACT)**

15         254.    Answering paragraph 254 of the First Amended Complaint, CCA incorporates by

16 reference its responses to paragraph's 1 through 253 inclusive.

17         255.    Answering paragraph 255 of the First Amended Complaint, CCA denies each and

18 every allegation contained in paragraph 255.

19         256.    Answering paragraph 256 of the First Amended Complaint, CCA denies each and

20 every allegation contained in paragraph 256.

21         257.    Answering paragraph 257 of the First Amended Complaint, CCA denies each and

22 every allegation contained in paragraph 257.

23       **THIRD CLAIM FOR RELIEF (FOR VIOLATIONS OF THE APPEALS**

24                  **REFORM ACT)**

25         258.    Answering paragraph 258 of the First Amended Complaint, CCA incorporates by

26 reference its responses to paragraph's 1 through 257 inclusive.

27         259.    Answering paragraph 259 of the First Amended Complaint, CCA denies each and

28 every allegation contained in paragraph 259.

260.    Answering paragraph 260 of the First Amended Complaint, CCA denies each and every allegation contained in paragraph 260.

261.    Answering paragraph 261 of the First Amended Complaint, CCA denies each and every allegation contained in paragraph 261.

<u>PRAYER FOR RELIEF</u>

The remainder of Plaintiffs' First Amended Complaint consists of the prayer for relief and requires no response.  To the extent a response is required, CCA denies that Plaintiffs are entitled to the relief they request or any relief whatsoever.

<u>FIRST AFFIRMATIVE DEFENSE</u>

As a first and separate affirmative defense, CCA alleges that Plaintiffs' First Amended Complaint, and each claim therein, fails to contain facts sufficient to state a claim upon which relief can be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

As a second and separate affirmative defense, CCA alleges that Plaintiffs lack standing to bring this complaint.

<u>THIRD AFFIRMATIVE DEFENSE</u>

As a third and separate affirmative defense, CCA alleges Venue is not proper in the Northern District.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

As a fourth and separate affirmative defense, CCA alleges that pursuant to Federal Rules of Civil Procedure 12(b)(7), Plaintiffs failed to join as indispensable parties.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

As and for a Fifth Affirmative Defense, USFS's application of the CEs to the Subject Allotments was a reasonable exercise of its discretionary power pursuant to the 2005 and 2008 Appropriations Riders, an authority delegated to USFS by Congress.  Therefore, the USFS did not act arbitrarily, capriciously, or contrary to these statutes.  [*Chevron USA v. Natural Resources Defense Council*, 467 U.S. 837 (1984).]

1

SIXTH AFFIRMATIVE DEFENSE

As and for a Sixth Affirmative Defense, Friant Defendants allege that Plaintiffs have failed to exhaust their administrative remedies.

SEVENTH AFFIRMATIVE DEFENSE

As a Seventh Affirmative Defense, CCA alleges that the relief sought by Plaintiffs is inconsistent with clear Congressional directives regarding the expedited re-issuance of grazing permits.

WHEREFORE, Intervenor-Defendant CALIFORNIA CATTLEMEN'S ASSOCIATION respectfully requests that this Court deny the Plaintiffs any relief whatsoever, that it entered judgment against Plaintiffs on all claims, and that this Court award Intervenor-Defendant CALIFORNIA CATTLEMEN'S ASSOCIATION their costs and such other further relief as the Court may deem just and proper.

Dated: June __11__, 2008                    BEST BEST & KRIEGER LLP


By:_____/s/___William J. Thomas, Jr._____
        William J. Thomas, Jr.
        Heather C. Baugh
        Attorneys for Intervenor
        California Cattlemen's Association

ANSWER TO FIRST AMENDED COMPLAINT

1   WILLIAM J. THOMAS, JR., Bar No. 67798
    HEATHER C. BAUGH, Bar No. 244850
2   ANTHONY J. VAN RUITEN, Bar No. 256087
    BEST BEST & KRIEGER LLP
3   400 Capitol Mall, Suite 1650
    Sacramento, California 95814
4   Telephone: (916) 325-4000
    Telecopier: (916) 325-4010
5
    Attorneys for Intervenor
6   California Cattlemen's Association

7

8

9                       UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11                        SAN FRANCISCO DIVISION

12

13  WESTERN WATERSHEDS PROJECT, *et          Case No.  08-CV-1460 PJH
    al.*,
14                                           [PROPOSED] ORDER GRANTING
                Plaintiffs,                  CALIFORNIA CATTLEMEN'S
15                                           ASSOCIATION'S MOTION TO INTERVENE
          v.
16                                           [Filed concurrently with:
    UNITED STATES FOREST SERVICE,            1.  Notice of Motion and Motion to Intervene;
17                                           Memorandum of Points and Authorities;
                Defendants.                  2.  [Proposed] Answer in Intervention;
18                                           3.  Declaration of Justin Oldfield; and

19

20                                           Date:   July 23, 2008
                                             Time:   9:00 a.m.
21                                           Ctrm:   3
                                             Judge:  Honorable Phyllis J. Hamilton
22
                                             Complaint filed: May 30, 2008
23

24  CALIFORNIA CATTLEMEN'S
    ASSOCIATION,
25
                Intervenor.
26

27

28

                            [PROPOSED] ORDER

1

[PROPOSED] ORDER

2          Upon review of Proposed Intervenor-Defendant California Cattlemen's Association's

3     ("CCA") Motion for Leave to Intervene; the Memorandum of Points and Authorities filed herein;

4     the Declaration of Jason Oldfield; the Request for Judicial Notice; and upon hearing the

5     arguments of counsel, and good cause appearing to the satisfaction of the Court therefrom:

6          IT IS HEREBY ORDERED THAT the California Cattleman's Association is hereby

7     granted leave to intervene in this action, and to file an Answer to Plaintiff's First Amended

8     Complaint.

9

10    Dated: _____     _____

11                                       JUDGE, UNITED STATES DISTRICT COURT
                                         NORTHERN DISTRICT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SACRAMENTO\HBAUGH\51218.1

[PROPOSED] ORDER