JEFFREY R. CHANIN (CSB # 103649)
KLAUS H. HAMM (CSB # 224905)
WARREN A. BRAUNIG (CSB # 243884)
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188
Email: jchanin@kvn.com
       khamm@kvn.com
       wbraunig@kvn.com

LAUREN M. RULE (ISB # 6863), *pro hac vice*
ADVOCATES FOR THE WEST
P.O. Box 1612
Boise, ID 83701
Telephone:  (208) 342-7024
Facsimile:  (208) 342-8286
Email: lrule@advocateswest.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT; NATURAL RESOURCES DEFENSE COUNCIL; CENTER FOR BIOLOGICAL DIVERSITY; CALIFORNIA TROUT; ENVIRONMENTAL PROTECTION INFORMATION CENTER; KLAMATH SISKIYOU WILDLANDS CENTER; LOS PADRES FOREST WATCH; SIERRA FOREST LEGACY; SEQUOIA FORESTKEEPER; GRAND CANYON TRUST; UTAH ENVIRONMENTAL CONGRESS; RED ROCK FORESTS; and OREGON NATURAL DESERT ASSOCIATION,<br><br>            Plaintiffs,<br><br>  vs.<br><br>U.S. FOREST SERVICE,<br><br>            Defendant. | Case No.: C 08-01460 PJH<br><br>**PLAINTIFFS' OPPOSITION TO CALIFORNIA CATTLEMEN'S ASSOCIATION'S MOTION FOR LEAVE TO INTERVENE** |

## I.     INTRODUCTION

Plaintiffs Western Watersheds Project, *et al.* (collectively "WWP"), challenge the U.S. Forest Service's compliance with environmental laws and regulations when renewing grazing permits issued to private ranchers. The only conduct at issue in this case is the government's. Proposed intervenor California Cattlemen's Association ("CCA"), which represents the interests of some of the ranchers whose grazing permits were renewed, has no duties under the environmental laws at issue here and took no part in the challenged decisions.

Under established Ninth Circuit precedent, when the government's conduct solely is at issue in environmental litigation, courts typically forbid industry parties—even if they are beneficiaries of the government's decisions—from intervening in the merits phase of the case. In lawsuits challenging the federal government's compliance with environmental laws, the federal government is the only proper defendant regarding its liability. At most, private third parties may intervene at the remedies stage. As a result, this Court should not grant CCA intervention in the merits phase of this case because that phase focuses exclusively on Defendant Forest Service's compliance with environmental laws and regulations. This Court should adhere to the Ninth Circuit's rule and, at most, limit CCA to intervention at the remedies stage.

## II.     BACKGROUND

WWP's First Amended Complaint asserts three causes of action, each of which challenges numerous decisions issued by the Forest Service that reauthorize livestock grazing in National Forests throughout the West. Normally, such grazing permit reauthorizations require an analysis of environmental effects in an environmental assessment ("EA") or environmental impact statement ("EIS") to comply with the National Environmental Policy Act ("NEPA"). In 2005, Congress passed an appropriations rider that allows the Forest Service to exempt grazing reauthorizations from analysis in an EA or EIS if these decisions meet certain requirements. FY 2005 Consolidated Appropriations Act, Section 339 (Public Law No. 108-447). WWP alleges that the challenged decisions do not meet the requirements of the rider, and thus need to be analyzed in an EA or EIS. *See* Amended Complaint ¶¶ 1-7 (Docket No. 15). Accordingly, WWP's first cause of action is for violations of the 2005 appropriations rider and its second

cause of action is for violations of NEPA. *Id.* ¶¶ 250-57. WWP asserts a third cause of action for violations of the Appeals Reform Act ("ARA") because the Forest Service improperly denied the public its right to administratively appeal the grazing reauthorization decisions. *Id.* ¶¶ 258-61.

### III.    ARGUMENT

Under Federal Rule of Civil Procedure 24, a party may intervene "of right" or because the Court permits it to do so. Rule 24(a) sets forth the requirements that a party must satisfy to demonstrate that a court *must* permit it to intervene, and Rule 24(b) sets forth the requirements that a party must satisfy to demonstrate that a court *may* permit it to intervene. In this case, neither mandatory nor permissive intervention is appropriate.

**A.    CCA is not entitled to intervention as of right.**

To demonstrate entitlement to intervention as of right under Federal Rule of Civil Procedure 24(a), an applicant must show, among other things, that it has a "significant protectable interest" relating to the property or transaction that is the subject of the litigation and that the other existing parties will not adequately represent that interest. Fed. R. Civ. Proc. 24(a)(2). The Ninth Circuit has repeatedly held that when a plaintiff challenges a federal agency's compliance with environmental laws, third parties do not have a significant protectable interest in the merits of the action and are properly granted intervention only as to remedies issues.

This circumstance most commonly arises in NEPA actions and it is well settled in the Ninth Circuit that third parties do not have a right to intervene when the government's compliance with NEPA is challenged. *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002); *Wetlands Action Network v. U.S. Army Corps of Eng'rs*, 222 F.3d 1105, 1114 (9th Cir. 2000); *Churchill County v. Babbitt*, 150 F.3d 1072, 1082, as amended by 158 F.3d 491 (9th Cir. 1998); *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1499 (9th Cir. 1995); *Portland Audubon Soc'y v. Hodel*, 866 F.2d 302, 309 (9th Cir. 1989). Instead, "[a]s a general rule, 'the federal government is the only proper defendant in an action to compel compliance with NEPA.'" *Wetlands Action Network*, 222 F.3d at 1114 (citations omitted). This

1  rule is based on the premise that, "because NEPA requires action only by the government, only
2  the government can be liable under NEPA.  Because a private party cannot violate NEPA, it can
3  not be a defendant in a NEPA compliance action." *Id*. (citation omitted).  Thus, private parties
4  do not have a significant protectable interest in the merits of NEPA compliance actions and do
5  not satisfy the requirements to intervene as of right.  *Id*.; *Churchill County*, 150 F.3d at 1082.
6       When parties challenge the government's compliance with environmental statutes in non-
7  NEPA cases, courts have applied this same logic, extending the rule of non-intervention at the
8  merits phase in claims involving the National Forest Management Act, the Endangered Species
9  Act, the Federal Land Policy and Management Act, the Taylor Grazing Act, and other
10 environmental statutes.  *See Forest Conservation Council*, 66 F.3d at 1499 n.11 (National Forest
11 Management Act); *Southwest Center for Biological Diversity v. U. S. Forest Serv.*, 82 F. Supp.
12 2d 1070, 1073-74 (D. Ariz. 2000) (Endangered Species Act); *Western Watersheds Project v.*
13 *U.S. Forest Serv.*, Case No. 05-189, 2005 WL 3244253, at *1-2 (D. Idaho Nov. 4, 2005)
14 (National Forest Management Act and Sawtooth National Recreation Area Organic Act); *People*
15 *ex rel Lockyer v. U.S. Dep't of Agric.*, Case Nos. 05-3508, 05-4038, 2006 WL 889327, at *1
16 (N.D. Cal. March 31, 2006) (Endangered Species Act); *Sierra Nev. Forest Prot. Campaign v.*
17 *Tippin*, Case No. 06-351, 2006 WL 1319397, at *4 (E.D. Cal. May 15, 2006) (National Forest
18 Management Act); *Oregon Natural Desert Ass'n v. Shuford*, Case No. 06-242, 2006 WL
19 2601073, at *4 (D. Or. Sept. 8, 2006) (Federal Land Policy and Management Act, Taylor
20 Grazing Act, and others).
21      CCA recognizes, as it must, that "private defendants are only permitted to intervene in
22 NEPA actions during the remedial phase of a case," Motion to Intervene at 12, but nevertheless
23 attempts to argue that this rule does not apply here.  It argues that this case is not a true NEPA
24 action because it primarily involves the government's compliance with the 2005 appropriations
25 rider.  *See* Motion to Intervene at 12-13.  This argument fails for two reasons.  In the first place,
26 this *is* a NEPA action: the second cause of action is for violations of NEPA and the first cause of
27 action, for violations of the 2005 appropriations rider, asserts that the only way the Forest
28 Service's decisions comply with NEPA is if they meet the requirements of the 2005

3

1 appropriations rider.  Second, even if this was not a NEPA action, the Ninth Circuit's rule that
2 private parties may not intervene as of right in the merits phase of environmental compliance
3 actions against the government is *not* limited to NEPA challenges.  Instead, as described above,
4 the Ninth Circuit and other courts have applied the rule in a variety of environmental actions,
5 under the consistent logic that only the government can be liable under laws that impose duties
6 only upon the government.  This logic applies equally to challenges under the 2005
7 appropriations rider because that law regulates when the Forest Service—and no one else—can
8 exempt grazing renewals from analysis in an EA or EIS as normally required under NEPA.
9 Accordingly, as in the cases above, the government is the only proper defendant for these claims.

10 This rule against intervention also applies to the First Amended Complaint's third cause
11 of action for violations of the ARA.  The ARA regulates the Forest Service's duties with respect
12 to procedures for notice and comment and administrative appeals of certain Forest Service
13 projects and activities.  Appeals Reform Act, Public Law No. 102-381, Sec. 322 (codified at 16
14 U.S.C. § 1612 note).  Again, private parties cannot violate the ARA and thus do not have a
15 significant protectable interest in the merits of ARA compliance claims.  Moreover, CCA, which
16 represents grazing permittees, cannot claim any interest in the merits of WWP's ARA claim
17 because although the Forest Service did not allow for administrative appeals by the public in the
18 challenged decisions, it did allow for appeals by the grazing permittees.  Because CCA can claim
19 no significant interest in the merits of any of WWP's causes of action, this Court should apply
20 the reasoning established by the Ninth Circuit and followed by many other courts and deny
21 intervention as of right in the merits phase of this case.

**B.     The Court should not grant CCA permissive intervention in the merits phase of this action because CCA had no role in the challenged decisions.**

24 Although Rule 24(b) provides courts with discretion to permit intervention when it is not
25 required, courts generally do not permit private parties to intervene in the merits phase of
26 environmental litigation when the government's conduct is at issue because the government can
27 capably defend its own actions and adding parties that will provide no further assistance
28 unnecessarily complicates the litigation.  *See People ex rel Lockyer,* 2006 WL 889327, at * 4;

*Sierra Nev. Forest Prot. Campaign*, 2006 WL 1319397, at *5-6; *Oregon Natural Desert Ass'n*, 2006 WL 2601073, at *8; *Center for Tribal Water Advocacy v. Gutierrez*, Case No. 06-708, 2007 WL 527932, at *4 (D. Or. Feb. 12, 2007); *Olympic Forest Coal. v. U. S. Forest Serv.*, Case No. 07-5344, 2007 WL 3374996, at *2-3 (W.D. Wash. Nov. 9, 2007). As one court from this District stated when denying permissive intervention, "the Court does not believe that intervention in the merits phase of the case would assist the court in its orderly procedures leading to the resolution of this case . . . . [T]he main question for the Court in the liability phase of this case will be whether Defendants complied with NEPA, a question to which the Proposed Intervenors would have little to contribute since they were not the decision-makers who were required to follow NEPA." *People ex rel Lockyer*, 2006 WL 889327 at * 4 (internal citations omitted);[1] *see also Oregon Natural Desert Ass'n*, 2006 WL 2601073, at * 5 (denying permissive intervention on the merits, stating that "the only issue in the liability phase of the litigation is whether the BLM has complied with NEPA, FLPMA, and other federal statutes . . . . [The proposed intervenor] fails to demonstrate that any legal position it might advance concerning plaintiff's claims is any different than the position advanced by the BLM."). Similarly, here the only question is whether the Forest Service complied with its duties under environmental laws, and CCA will have little to offer regarding the merits of WWP's claims.

     *First*, CCA has not shown that it will contribute to the resolution of the merits of this case. CCA had no part in the Forest Service's decisions challenged here and no responsibility with respect to the agency's duties under NEPA, the 2005 appropriations rider, or the ARA. The government has made no indication that it will not fully defend its decisions and thus CCA would have little to contribute because it was not the decision-maker who was required to follow the 2005 appropriations rider, NEPA, or the ARA. *People ex rel Lockyer,* 2006 WL 889327, at * 4; *Sierra Nev. Forest Prot. Campaign,* 2006 WL 1319397, at *5-6; *Oregon Natural Desert Ass'n*, 2006 WL 2601073, at * 5; *Olympic Forest Coal.*, 2007 WL 3374996, at * 2. The case

---

[1] The Court noted, however, that input of the proposed intervenors could assist in fashioning relief and thus granted permissive intervention in the remedy phase of the case. *People ex rel Lockyer*, 2006 WL 889327 at * 4. As mentioned, WWP does not oppose CCA's intervention in the remedy phase of this action.

1  cited by Defendant U.S. Forest Service is thus easily distinguished.  In *Kootenai Tribe*, which is
2  cited in the U.S. Forest Service's Statement of Non-Opposition, the Court granted permissive
3  intervention for the merits phase of a NEPA case.  *See* Defendant's Statement of Non-Opposition
4  to California Cattlemen's Association Motion to Intervene (Docket No. 20) (citing *Kootenai*
5  *Tribe*, 313 F.3d at 1111).  However, in that case, the government made it clear that it did not
6  intend to fully defend the challenged regulations.  In contrast, the court in *Olympic Forest*
7  *Coalition* expressly distinguished *Kootenai Tribe*—and denied intervention on the merits—when
8  the defendant Forest Service indicated it would fully defend the legality of its decision. *Olympic*
9  *Forest Coal.*, 2007 WL 3374996, at * 2.[2]  Likewise, this Court should follow the well-developed
10 caselaw in the Ninth Circuit and the reasoning applied by many other courts, and deny the
11 motion to intervene as to liability while granting the motion as to remedies.

12     *Second*, it is highly unlikely that CCA will provide additional facts that will assist the
13 Court in the merits phase of the litigation.  In fact, because each of WWP's claims arises under
14 the Administrative Procedure Act, review of these claims is limited to the administrative record
15 and any evidence that falls within the exceptions to the record review requirement.  *Lands*
16 *Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005).  Thus, it is unlikely the Court would
17 consider the extra "facts" that CCA suggests it could submit when deciding the merits of WWP's
18 claims.  *See* Motion to Intervene at 12, 13.  WWP does not dispute that these facts may have
19 relevance at the remedies stage of the litigation should the Court find the Forest Service liable for
20 violating the 2005 appropriations rider and NEPA, but WWP does not oppose intervention for
21 purposes of remedies.

22     *Finally*, CCA does not allege any interests beyond those that would apply at the remedy
23 phase.  CCA's concerns lie in what relief the Court might impose if it rules that the Forest
24 Service decisions violated the 2005 appropriations rider and NEPA.  *See* Motion to Intervene at
25 2-3 (discussing detrimental effects from any remedy that invalidated the Forest Service's

---

[2] CCA's citation to *Western Watersheds Project v. Kraayenbrink*, Case No. 05-2987 (D. Idaho, June 8, 2007) is also unavailing.  Motion to Intervene at 14 n.1.  In that case, plaintiffs did not oppose intervention because the first stage of the litigation was a preliminary injunction motion, which inherently involves remedy issues and therefore limiting intervention to remedies was not

decisions or grazing permits); 5 ("CCA has standing because its members have pecuniary interests that are implicated by the remedy sought in this litigation"); 6 (discussing potential harm to livestock operators if remedy were to revoke permit and operators could not graze public land); 8 (stating that intervenor applicant has significant protectable interest when "injunctive relief sought by plaintiffs will have direct, immediate, and harmful effects,"); 9 (noting that intervenors would be "detrimentally impacted by the remedy sought by Plaintiffs" and that effect of revoking permits would be to harm ranchers); 13 (discussing potential harm during remedial stages); (noting that Court could have benefit from insight of ranchers "who are likely to experience the impact of any remedy granted"). Thus, based on CCA's own statements, its only interest lies in what the Court might order as a remedy if the Forest Service improperly excluded these grazing reauthorizations from full NEPA review. For instance, if WWP sought to halt or restrict grazing pending completion of proper NEPA analysis, CCA would have an interest in presenting its views and information about the propriety of such relief. But such relief would occur only in a separate phase of the litigation after the Court has ruled on the merits. Again, WWP does not oppose intervention for that aspect of the litigation.

## IV.    CONCLUSION

Numerous courts have denied intervention to industry applicants on claims of federal agency liability under environmental statutes because intervenors had no interest in the merits of the litigation and could offer no assistance to the Court beyond what Defendants could provide. Instead, courts have limited intervention to remedies only in these circumstances, allowing intervenors to participate in the stage of the litigation where they had significant interests and could offer evidence to the Court to assist in fashioning appropriate relief. The circumstances here are identical, and this Court should follow this line of cases, as well as the well-established rule of the Ninth Circuit, to deny intervention as of right and permissive intervention as to the merits of WWP's claims and allow intervention only for remedies.

applicable.

1 Dated: July 2, 2008 /s/ Klaus H. Hamm
Klaus H. Hamm
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111

/s/ Lauren M. Rule
Lauren M. Rule, *pro hac vice*
ADVOCATES FOR THE WEST
P.O. Box 1612
Boise, ID 83701

Attorneys for Plaintiffs