**CHRISTIAN C. SCHEURING, SBN 208807**
**JACK L. RICE, SBN 248778**
CALIFORNIA FARM BUREAU FEDERATION
2300 River Plaza Drive
Sacramento, CA  95833
Telephone:    (916) 561-5660
Facsimile:    (916) 561-5691

Attorneys for Proposed Intervenors
    CALIFORNIA FARM BUREAU FEDERATION
    IDAHO FARM BUREAU FEDERATION
    OREGON FARM BUREAU
    UTAH FARM BUREAU FEDERATION
    WASHINGTON FARM BUREAU
    WYOMING FARM BUREAU FEDERATION
    HENRY GIACOMINI
    HANNAH TANGEMAN

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO**

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, et al.<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES FOREST SERVICE.<br><br>*Defendants.* | Case No.:  08-CV-1460 PJH<br><br>**NOTICE OF MOTION AND MOTION TO INTERVENE;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES; and**<br><br>**PROOF OF SERVICE THEREOF** |
| CALIFORNIA CATTLEMEN'S ASSOCIATION; IDAHO CATTLEMEN'S ASSOCIATION; WASHINGON CATTLEMEN'S ASSOCIATION; OREGON CATTLEMEN'S ASSOCIATION; WYOMING STOCK GROWER'S ASSOCIATION; UTAH CATTLEMEN'S ASSOCIATION; CALIFORNIA WOOLGROWER'S; ASSOCIATION; COLORADO WOOLGROWERS ASSOCIATION; and the PUBLIC LANDS COUNCIL,<br><br>*Intervenors.* | **Date**:  10-1-08<br>**Time**:  9:30 a.m.<br>**Dept**:  3<br><br>**Judge**: Hon. Phyllis J. Hamilton |

///

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................. 3

NOTICE OF MOTION ........................................................................................................................ 4

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................... 5

    I. INTRODUCTION AND DESCRIPTION OF MOVING PARTIES ........................................ 5
          a.    The Farm Bureau Parties ................................................................................................. 5
                ii.    Idaho Farm Bureau Federation ............................................................... 6
                iii.   Oregon Farm Bureau ............................................................................... 7
                iv.   Utah Farm Bureau Federation ............................................................... 7
                v.    Washington Farm Bureau ....................................................................... 8
                vi.   Wyoming Farm Bureau Federation ...................................................... 8
                vii.  Henry Giacomini ..................................................................................... 9
                viii. Hannah Tangeman ................................................................................. 9

    II. LEGAL BACKGROUND ............................................................................................................ 9
          a.    Grazing On National Forests ......................................................................................... 9
          b.    NEPA and Grazing Permits .......................................................................................... 10
          c.    This Litigation .................................................................................................................. 11

    III. ARGUMENT ................................................................................................................................ 11
          a.    The Farm Bureau Parties Should Be Granted Permissive Intervention ............. 11
                i.    Independent Ground For Subject Matter Jurisdiction ......................... 12
                ii.   Farm Bureau Parties' Request Is Timely ............................................. 12
                iii.  Farm Bureau Parties' Present A Defense That Has A
                     Question Of Law Or Fact In Common With The Main
                     Action ......................................................................................................... 13
                iv.  The Farm Bureau Parties Intervention Will Not Unduly
                     Delay Or Prejudice The Adjudication Of The Rights Of The
                     Original Parties ......................................................................................... 13

    IV. CONCLUSION ............................................................................................................................ 14

///

# TABLE OF AUTHORITIES

*Cases*

*Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) .......................................................... 13
*Beckman Indus. v. International Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992) .............................. 13
*Donnelly v. Glickman*, 159 F.3d 405, 411 (9th Cir. 1998) ............................................................ 13
*Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002) ................................ 14
*Northwest Forest Resources Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996) ................. 13
*NRDC v. Morton*, 388 F. Supp 829, at 834 (D.D.C. 1974) ........................................................... 11
*Seminole Nation of Oklahoma v. Norton,* 206 F.R.D. 1, (D.D.C. 2001) ....................................... 14
*United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990) ........................................................ 13
*Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir. Cal. 1989) ......................................................... 15


*Statutes*

16 U.S.C.S. § 528 ........................................................................................................................... 10
2005 Appropriations Rider ................................................................................................. 11, 12, 13
28 U.S.C. §1331 ............................................................................................................................. 13
36 C.F.R. §§ 222.1-222.4 ............................................................................................................... 10
40 C.F.R. § 1508.4 ......................................................................................................................... 11
40 CFR 1508.9 ............................................................................................................................... 11
42 U.S.C. § 4332(2)(C) .................................................................................................................. 11
42 U.S.C. §§ 4321 ............................................................................................................................ 6
43 U.S.C. § 1752 ............................................................................................................................ 10
Consolidated Appropriations Rider ................................................................................................ 11
Fed. R. Civ. P. 24(b). ................................................................................................................. 5, 15
Fed. R. Civ. Proc. 24(b)(1). ............................................................................................................ 12
Fed. R. Civ. Proc. 24(b)(3) ............................................................................................................. 13
Multiple-Use Sustained-Yield Act of 1960 (MUSYA) .................................................................. 10


*Treatises*

*Federal Civil Procedure Before Trial* (2001), Schwarzer, Tashima, & Wagstaffe ................. 13, 14
*Public Natural Resources Law* (2008) ........................................................................................... 11

To: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on **October 1, 2008 at 9:30 a.m.**, or as soon thereafter as counsel may be heard in Department 3 on the 17th Floor of the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, California, the California Farm Bureau Federation, Idaho Farm Bureau Federation, Oregon Farm Bureau, Utah Farm Bureau Federation, Washington Farm Bureau, Wyoming Farm Bureau Federation, Henry Giacomini, and Hannah Tangeman (hereinafter collectively referred to as the "Farm Bureau Parties") will and hereby do move the Court for leave to intervene as defendants in this case. The Farm Bureau Parties respectfully move for an order granting them permissive intervention pursuant to Fed. R. Civ. P. 24(b).

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support of Motion to Intervene, the Declarations of Jack L. Rice, Rick Keller, Dave Dillon, Randy Parker, John Stuhlmiller, Ken Hamilton, Henry Giacomini and Hannah Tangeman, the Proposed Answer in Intervention, the Stipulation for Intervention and (Proposed) Order Thereon, all pleadings and papers on file in this action and such matters as may be presented to the Court at the time of the hearing.

Dated: August 25, 2008

CALIFORNIA FARM BUREAU FEDERATION

**By: JACK L. RICE**

Attorneys for Proposed Intervenors
CALIFORNIA FARM BUREAU FEDERATION;
IDAHO FARM BUREAU FEDERATION;
OREGON FARM BUREAU;
UTAH FARM BUREAU FEDERATION;
WASHINGTON FARM BUREAU;
WYOMING FARM BUREAU FEDERATION;
HENRY GIACOMINI; and
HANNAH TANGEMAN.

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION AND DESCRIPTION OF MOVING PARTIES

The Farm Bureau Parties seek leave to intervene in this action to represent the interests of their members in defending the environmental review processes associated with the United States Forest Service's ("Forest Service's") issuance of grazing permits.  Plaintiffs Western Watersheds Project, et al. (collectively "Plaintiffs") in particular challenge the application of certain categorical exclusions ("CE's") provided for by law in connection with the National Environmental Policy Act (42 U.S.C. §§ 4321-4347) ("NEPA").  In so doing, the Plaintiffs ask this Court to reverse and set aside grazing permits held by members of the Farm Bureau Parties.

As detailed more thoroughly below, the Farm Bureau Parties memberships' would suffer significant harm if this Court would to grant Plaintiffs the full scope of injunctive relieve sought in this action.  In this unopposed motion, the Farm Bureau Parties therefore ask this Court to grant their intervention, limited to the remedies phase of the action, if any, as well as any settlement discussions that may implicate remedies.[1]

### a.     The Farm Bureau Parties

The Farm Bureau Parties are state Farm Bureau organizations representing the interests of their memberships in holding grazing permits issued by the Forest Service, as well as two individually-named permittees from California as follows:

#### i.     California Farm Bureau Federation

The California Farm Bureau Federation ("CFBF") is a non-governmental, non-profit, voluntary membership California corporation whose purpose is to protect and improve the ability of farmers and ranchers engaged in production agriculture to provide a reliable food and fiber supply

---

[1] The Farm Bureau Parties acknowledge that the Forest Service has a pending motion to sever this case, as of the filing of this motion to intervene.  Should the Court grant the motion, the Farm Bureau Parties would expect to amend this motion to intervene to request intervention in this venue only on behalf of the California Farm Bureau.

through responsible stewardship of California's resources. See Declaration of Jack L. Rice (hereinafter "Rice Decl.") (Index of Declarations Supporting Motion to Intervene) (hereinafter "Index") (Ex. 1) at ¶ 2. CFBF consists of 53 county Farm Bureaus and, through them, more than 91,000 individual members. *Ibid.* Its membership includes a substantial number of farmers and ranchers who raise cattle, many of whom currently hold grazing permits issued by the Forest Service for grazing their stock on public lands. *Id.* at ¶ 5. The Plaintiffs in this action seek to reverse and set aside twenty-nine decisions by the Forest Service to reauthorize grazing on forty-seven allotments in California, which would have a critical negative impact on California Farm Bureau Federation members. *Id.* at ¶ 3.

### ii.     Idaho Farm Bureau Federation

The Idaho Farm Bureau Federation ("IFBF") is a nonprofit organization representing agricultural producers throughout Idaho. See Declaration of Rick Keller (hereinafter "Keller Decl.") (Index, Ex. 2) at ¶ 2. The IFBF represents 38 county Farm Bureaus (representing 42 counties in Idaho) with over 13,800 agricultural members and 49,300 non-agricultural members who are interested in a strong agricultural industry in Idaho. Its membership includes a substantial number of farmers and ranchers who raise cattle, and many who currently hold grazing permits issued by the Forest Service for grazing their stock on public lands. *Ibid.* The plaintiffs in this action challenge a number of decisions by the Forest Service to categorically exclude grazing permit authorizations from full NEPA review, including eleven decisions affecting eighty-two allotments in Idaho. *Id.* at ¶ 4. IFBF's membership includes a substantial number of farmers and ranchers who raise cattle, and many who currently hold grazing permits issued by the Forest Service for grazing their stock on public lands. See *Id.* at ¶ 5. The Plaintiffs in this action seek to reverse and set aside these permits, which would have a critical negative impact on IFBF's members. *Id.*

///

### iii.   Oregon Farm Bureau

The Oregon Farm Bureau ("OFB") is a voluntary, grassroots, nonprofit organization representing the interests of the state's farmers and ranchers in the public and policymaking arenas. See Declaration of Dave Dillon (hereinafter "Dillon Decl.")  (Index, Ex. 3) at ¶ 2.  The OFB represents 32 county Farm Bureaus representing farmers in all 36 counties in Oregon with about 52,000 members, approximately 8,000 of these being professionally engaged in agriculture.  *Ibid.*  The plaintiffs in this action challenge a number of decisions by the Forest Service to categorically exclude grazing permit authorizations from full NEPA review, including seventeen decisions affecting seventeen allotments in Oregon.  *Id.* at ¶ 4.  OFB's membership includes a substantial number of farmers and ranchers who raise cattle, and many who currently hold grazing permits issued by the Forest Service for grazing their stock on public lands. See *Id.* at ¶ 5.  The Plaintiffs in this action seek to reverse and set aside these permits, which would have a critical negative impact on OFB's members.  See *Id.* at ¶ 5-6.

### iv.   Utah Farm Bureau Federation

Organized in 1916, the Utah Farm Bureau Federation ("UFBF") is a non-profit, voluntary membership organization that represents 28 county Farm Bureaus and over 21,500 members interested in a strong agricultural industry in Utah.  See Declaration of Randy Parker (hereinafter "Parker Decl.")  (Index, Ex. 4) at ¶ 2.  The UFBF's purpose is to promote and protect an economically viable agriculture industry and the rural communities agriculture supports.  *Ibid.*  The plaintiffs in this action challenge a number of decisions by the Forest Service to categorically exclude grazing permit authorizations from full NEPA review, including forty-two decisions affecting one hundred six allotments in Utah.  *Id.* at ¶ 5.  UFBF's membership includes a substantial number of farmers and ranchers who raise cattle, and many who currently hold grazing permits issued by the Forest Service for grazing their stock on public lands. See *Id.* at ¶ 6.  The Plaintiffs in this action seek to reverse and set aside these permits, which would have a critical negative impact on IFBF's members.  See *Id.* at ¶ 5-6.

///

**v.     Washington Farm Bureau**

The Washington Farm Bureau ("WFB") is a voluntary, grassroots advocacy organization representing the social and economic interests of farm and ranch families at the local, state and national levels. See Declaration of John Stuhlmiller (hereinafter "Stuhlmiller Decl.") (Index, Ex. 5) at ¶ 2. The WFB was formed in 1920 to promote agricultural interests in Washington and represents 25 county Farm Bureaus with over 35,000 member families interested in maintaining a strong and viable agricultural industry in Washington. *Ibid.* The plaintiffs in this action challenge a number of decisions by the Forest Service to categorically exclude grazing permit authorizations from full NEPA review, including four decisions affecting eighteen allotments in Washington. *Id.* at ¶ 4. The WFB membership includes a substantial number of farmers and ranchers who raise cattle, and many who currently hold grazing permits issued by the Forest Service for grazing their stock on public lands. See *Id.* at ¶ 5. The Plaintiffs in this action seek to reverse and set aside these permits, which would have a critical negative impact on WFB's members, particularly those holding grazing permits. See *Id.* at ¶ 5-6.

**vi.     Wyoming Farm Bureau Federation**

The Wyoming Farm Bureau Federation ("WFBF") is a nonprofit organization representing agricultural producers throughout Wyoming. See Declaration of Ken Hamilton (hereinafter "Hamilton Decl.")  (Index, Ex. 6) at ¶ 2. The WFBF was formed in 1921 to promote agricultural interests in Wyoming and represents 23 county Farm Bureaus (one in each county in Wyoming) with over 2,800 agricultural members and 7,200 non-agricultural members who are interested in a strong agricultural industry in Wyoming. *Ibid.* The plaintiffs in this action challenge a number of decisions by the Forest Service to categorically exclude grazing permit authorizations from full NEPA review, including eleven decisions affecting forty-eight allotments in Wyoming. *Id.* at ¶ 4. The WFBF membership includes a substantial number of farmers and ranchers who raise cattle, and many who currently hold grazing permits issued by the Forest Service for grazing their stock on public lands. See *Id.* at ¶ 5. The Plaintiffs in this action seek to reverse and set aside these permits, which would have a critical negative impact on WFBF's members, particularly those holding grazing permits. See *Id.* at ¶ 5-6.

### viii.    Henry Giacomini

Henry Giacomini is an individual who holds a grazing permit for the Champs Flat Allotment, one of the permits challenged by this litigation. See Declaration of Henry Giacomini (hereinafter "Giacomini Decl.") (Index, Ex. 7) at ¶ 2. Mr. Giacomini is also a member of the Shasta County Farm Bureau, and through it, CFBF. *Id.* at ¶ 9. As a permit holder, Mr. Giacomini is very familiar with the management and conditions of the Champs Flat Allotment. *Id.* at ¶ 3 and 5. Grazing on the national forests is an important part of the economic and ecological stability of Mr. Giacomini's livestock operation. *Id.* at ¶ 4-7. Any restriction or modification of grazing access to the national forests would be detrimental to Mr. Giacomini's interests. *Id.* at ¶ 7.

### viii.    Hannah Tangeman

Hannah Tangeman is an individual who holds a permit on the Diamond Mountain Allotment, one of the permits challenged by this litigation. See Declaration of Hannah Tangemen (hereinafter "Tangeman Decl.") (Index, Ex. 8) at ¶ 2. As a permit holder, Ms. Tangeman is very familiar with the management and use of the Diamond Mountain Allotment. *Id.* at ¶ 3. Access to forage on the allotment is an important part of her livestock operation. *Id.* at ¶ 4. Any restriction or modification of grazing access to the national forests would be detrimental to Ms. Tangeman's interests. *Id.* at ¶ 6.

## II.  LEGAL BACKGROUND

### a.    Grazing On National Forests

The National Forests are to be managed for the multiple use and sustained yield of several resources and purposes, including recreation, range, timber, watershed functions, and fish and wildlife. Multiple-Use Sustained-Yield Act of 1960 ("MUSYA"), 16 U.S.C.S. § 528. In order to fulfill its obligation to manage the range resource of national forests for grazing purposes, the Forest Service issues grazing permits which grant a license to graze and establishes: (1) the number, (2) kind, (3) and class of livestock, (4) the allotment to be grazed and (5) the period of use. See 36 C.F.R. §§ 222.1-222.4; 43 U.S.C. § 1752. These grazing permits allow livestock producers to

efficiently utilize forage grown on national forests, usually in conjunction with the forage produced by their base properties. This system of rotational grazing provides for an ecologically and economically sustainable operation. *See* Giacomini Decl. (Index, Ex. 7) at ¶ 6; Tangemen Decl. (Index, Ex. 8) at ¶ 4; Rice Decl. (Index, Ex. 1) at ¶ 5.

### b. NEPA and Grazing Permits

NEPA requires federal agencies to prepare an Environmental Impact Statement ("EIS") for "major federal actions significantly affecting the quality of the human environment." 42 U.S.C. § 4332(2)(C). In order to determine whether an EIS is necessary, an agency will often prepare an Environmental Assessment ("EA"), which is a concise public document that briefly describes the proposed action, alternatives to the action, the environmental impacts and agencies and persons consulted. 40 CFR 1508.9. The purpose of an EA is to facilitate the preparation of an EIS or a finding of no significant impact. *Id.* In addition to completing an EA or an EIS, a federal agency's decision may comply with NEPA if it is categorically excluded from environmental review. 40 C.F.R. § 1508.4. Categorical exclusions ("CE's") may be established by agency regulation or, as is the case in these proceedings, by legislation.

Generally, courts have held that decisions by the Forest Service to authorize grazing on national forests are major federal actions to which NEPA applies. See e. g. *NRDC v. Morton*, 388 F. Supp 829, at 834 (D.D.C. 1974); *see also* Coggins and Glickman, <u>Public Natural Resources Law</u> (2008) § 33:39. However, in 2005 Congress passed the 2005 Consolidated Appropriations Rider which provided that certain decisions to authorize grazing permits would be categorically excluded from NEPA review. FY 2005 Consolidated Appropriations Act, Sec. 339, Pub. L. 108-447 (hereinafter "2005 Appropriations Rider"). The law provided that grazing reauthorizations could be categorically excluded if:

> "(1) The decision continues current grazing management of the allotment; (2) monitoring indicates that current grazing management is meeting, or satisfactorily moving toward, objectives in the land and resource management plan, as determined by the Secretary; and (3) the decision is consistent with agency policy concerning extraordinary circumstances." *Ibid.*

The rider also provided that no more than 900 allotments could be categorically excluded under the law. *Ibid.*

### c.  This Litigation

Filed on August 6, 2008, Plaintiffs' Second Amended Complaint for Violations of the Fiscal Year 2005 Consolidated Appropriations Act and the National Environmental Policy Act (the "Complaint") sets forth two claims for relief:  first, that the Forest Service has violated the 2005 Appropriations Rider as to the authorization of livestock grazing using CE's; and second, that the Forest Service has violated NEPA as to the same acts.  Complaint at ¶ 247-54.  Each of these three claims are aimed squarely and ultimately at the grazing decisions themselves. Complaint at p. 61 line 23 (requesting the Court to "reverse and set aside the grazing decisions challenged herein…").

On July 30, 2008, the Court issued an order granting in part and denying in part a motion to intervene by California Cattlemen's Association, et al. ("CCA").  Court's July 30, 2008 Order Denying In Part and Granting In Part Motion to Intervene ("July 30, 2008 Order") No. C 08-1460 PJH).  That order granted CCA's request as a matter of permissive intervention, and restricted CCA's intervention to the question of remedies only, as well as any settlement proceedings that necessarily include remedies.  *Id.* at pp. 11.

At the time this motion is brought on behalf of the Farm Bureau parties, not answer has yet been filed in by the Forest Service.  A pending motion to sever, brought by the Forest Service, will be heard on September 3, 2008.

## III.  ARGUMENT

### a.  The Farm Bureau Parties Should Be Granted Permissive Intervention

Under Federal Rules of Civil Procedure 24(b), upon timely application the Court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. Proc. 24(b)(1).  A court may grant permissive intervention where the applicant shows: "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action have a common question of law or a question of

fact in common." *Northwest Forest Resources Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996). If the conditions for permissive intervention are met, whether to permit intervention is up to the sound discretion of the trial court. *Donnelly v. Glickman*, 159 F.3d 405, 411 (9th Cir. 1998); see also Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2001) § 7:254. In the exercise of this discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. Proc. 24(b)(3). Courts generally take a liberal approach to intervention. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

As briefed below, the Farm Bureau Parties meet all of the conditions for permissive intervention, and the Court may exercise its discretion to grant intervention by the Farm Bureau Parties.

### i. Independent Ground For Subject Matter Jurisdiction

Farm Bureau Parties seek to intervene to defend the interests of their members in any remedies should the Forest Service be found liable for violating NEPA or the 2005 Appropriations Rider. Since both of these claims invoke a federal question, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

Furthermore, since the Farm Bureau Parties do not seek to intervene in order to litigate the claim on the merits, but instead seek only to intervene into the remedies phase, independent grounds for subject matter jurisdiction are not required. *Beckman Indus. v. International Ins. Co*., 966 F.2d 470, 474 (9th Cir. 1992).

### ii. Farm Bureau Parties' Request Is Timely

In considering whether a motion to intervene is timely, the courts consider the following factors: (1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for and length of any delay in moving to intervene. *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990). The Farm Bureau Parties are seeking to intervene early enough in the proceedings and under conditions such that there will be neither prejudice to the parties nor a greater burden upon the court.

Plaintiffs filed their original complaint on March 14, 2008, their First Amended Complaint on May 30, 2008 and their Second Amended Complaint on August 6, 2008. On July 30, 2008, the Court filed its order granting permissive intervention to CCA on the question of remedies, should liability be established. The Defendants have not filed an answer yet. The parties to this case should suffer no prejudice by the Farm Bureau Parties' inclusion at this early stage of the case, nor will any rulings on substantive matters need to be reconsidered as a result of its intervention. In these circumstances, Farm Bureau's motion is timely. See, e.g., *Seminole Nation of Oklahoma v. Norton*, 206 F.R.D. 1, (D.D.C. 2001) (stating that "there is little, if any, basis for dispute over the timeliness of the [proposed intervenors'] motion to intervene" where the motion was filed 2.5 months after the original complaint was filed, and the only progress in the action was an amended complaint and answer to the amended complaint).

### iii. Farm Bureau Parties' Present A Defense That Has A Question Of Law Or Fact In Common With The Main Action

The defenses asserted by the Farm Bureau Parties arise from and are directly responsive to the Plaintiffs' requested relief. Rice Decl. (Index, Ex. 1) at ¶ 6; see also Complaint at pp. 61-62 lines 21-20, requesting the Court to reverse and set aside grazing decisions and to enter such declaratory and injunctive relief as the Plaintiffs' may pray for. Since the facts surrounding the challenged grazing permits are in common, and "all that is necessary … is that intervenor's 'claim or defense and the main action have a question of law or fact in common,'" Farm Bureau Parties have clearly satisfied this requirement. *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002); see also July 30, 2008 Order at p. 9.

### iv. The Farm Bureau Parties Intervention Will Not Unduly Delay Or Prejudice The Adjudication Of The Rights Of The Original Parties

Once the conditions for permissive intervention are met, it is up to the sound discretion of the trial court whether to permit intervention. *Kootenai* at 1110; see also Schwarzer, Tashima, & Wagstaffe, Federal Civil Procedure Before Trial (2001) § 7:254. In exercising its

discretion whether to grant permissive intervention, the Court "must consider whether the intervention will 'unduly delay or prejudice the adjudication of the rights of the original parties'." *Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir. Cal. 1989) quoting Fed. R. Civ. P. 24(b).  The Farm Bureau Parties propose to intervene at a stage in the proceedings and under such terms that the original parties will not be meaningfully affected.

All parties to this proceeding have stipulated to intervention by the Farm Bureau Parties and such intervention is proposed in accordance with the terms of the Court's July 30, 2008 Order.  *See* Stipulation for Intervention and (Proposed) Order Thereon at ¶ 2.   Furthermore, as indicated by the Plaintiffs' recent filing of their second amended complaint and the Forest Service's pending motion to sever, the pleadings in these proceedings are not yet settled. In addition, no answer has been filed and the administrative record has not been compiled.  Finally, the proposed intervention only goes to the remedies phase of these proceedings, if any, which will not occur until after liability has been decided.  Because the Farm Bureau Parties propose to intervene into these proceedings at an early stage and under the above-described terms, the rights of the original parties will not be unduly delayed or prejudiced.

## IV.   CONCLUSION

For all the foregoing reasons, the Farm Bureau Parties respectfully request that this Court grant their motion to intervene.

Dated:  August 25, 2008

CALIFORNIA FARM BUREAU FEDERATION

_____
**By: JACK L. RICE**
Attorneys for Proposed Intervenors
CALIFORNIA FARM BUREAU FEDERATION;
IDAHO FARM BUREAU FEDERATION; REGON FARM BUREAU;  UTAH FARM BUREAU FEDERATION; WASHINGTON FARM BUREAU; WYOMING FARM BUREAU FEDERATION; HENRY GIACOMINI; and HANNAH TANGEMAN

**PROOF OF SERVICE**

[28 U.S..C. § 1746; L.R. 5-6(2)(2)]

I, **MICHELLE MAGGARD,** declare that I am over the age of 18; not a party to the within action; and employed in the County of Sacramento at 2300 River Plaza Drive, Sacramento, CA 95833.

On this date, in the following manner, I served true and correct copies of the foregoing document(s) identified as:

1. **NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES;**
2. **INDEX OF DECLARATIONS SUPPORTING MOTION TO INTERVENE;**
3. **(Proposed) ORDER GRANTING INTERVENTION; and**
4. **(Proposed) ANSWER IN INTERVENTION**

☐ By causing said document(s) to be sent to the person(s) at the email addresses listed below, and I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

*Person:*                              *Email:*

☒ Pursuant to General Order No. 45 and Local Rule 5-6, whereby parties are not required to include a certificate or acknowledgement of service upon registered ECF users when a document is filed electronically. Notification to those parties is provided by the court's electronic filing system.

☐ I hereby certify that I am a member of the Bar of the United States District Court.

☒ I hereby certify that I am employed in the office of a member of the Bar of this Court, as whose discretion service was made.

☒ I hereby certify under penalty of perjury that the foregoing is true and correct.

Executed at Sacramento, CA.

Dated: **August 25, 2008**

_____
MICHELLE MAGGARD