**CHRISTIAN C. SCHEURING, SBN 208807**
**JACK L. RICE, SBN 248778**
CALIFORNIA FARM BUREAU FEDERATION
2300 River Plaza Drive
Sacramento, CA  95833
Telephone:     (916) 561-5660
Facsimile:      (916) 561-5691

Attorneys for Proposed Intervenors
    CALIFORNIA FARM BUREAU FEDERATION
    IDAHO FARM BUREAU FEDERATION
    OREGON FARM BUREAU
    UTAH FARM BUREAU FEDERATION
    WASHINGTON FARM BUREAU
    WYOMING FARM BUREAU FEDERATION
    HENRY GIACOMINI
    HANNAH TANGEMAN

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO**

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, et al.<br><br>    *Plaintiffs,*<br>v.<br><br>UNITED STATES FOREST SERVICE.<br><br>    *Defendants.*<br><br>CALIFORNIA CATTLEMEN'S ASSOCIATION, et al.<br><br>    *Intervenors.* | Case No.:  08-CV-1460 PJH<br><br>**INDEX OF DECLARATIONS SUPPORTING MOTION TO INTERVENE**<br><br>**Date**:  10-1-08.<br>**Time**:  9:30 a.m.<br>**Dept**:    3<br>**Judge**:  Hon. Phyllis J. Hamilton |

Declaration of Jack L. Rice ........................................................................... Exhibit 1
Declaration of Rick Keller ............................................................................. Exhibit 2
Declaration of Dave Dillon ............................................................................ Exhibit 3
Declaration of Randy Parker.......................................................................... Exhibit 4
Declaration of John Stuhlmiller ..................................................................... Exhibit 5
Declaration of Ken Hamilton ......................................................................... Exhibit 6
Declaration of Henry Giacomini .................................................................... Exhibit 7
Declaration of Hannah Tangeman ................................................................. Exhibit 8

I, Jack L Rice, declare as follows:

1. I am an Associate Counsel in the Natural Resources and Environmental Division of the California Farm Bureau Federation (hereinafter "CFBF").

2. CFBF represents 53 county Farm Bureaus, and through them more than 91,000 members. CFBF is a non-profit, voluntary membership organization whose purpose is to work for the protection of agriculture and the rural environment in the State of California, and to find solutions to the problems of the farm, the farm home and the rural community of the State.

3. The plaintiffs in this action challenge a number of decisions by the United States Forest Service ("Forest Service") to categorically exclude grazing permit authorizations from full National Environmental Policy Act ("NEPA") review, including twenty-nine decisions affecting forty-seven allotments in California. CFBF seeks intervention into this action in order to represent its members' vital interests in maintaining grazing on national forests.

4. CFBF supports the use of the national forests to provide pasture lands for livestock during the crucial summer months when ranchers must use their private lower elevation lands to grow hay and other crops to sustain their livestock during the remainder of the year.

5. Many CFBF members hold permits which allow them to utilize national forest lands to sustain their livestock. Of these members, a number hold grazing permits which are directly challenged by this litigation.

6. If the plaintiffs prevail on the relief requested, CFBF members holding permits authorized under the challenged categorical exclusions will be adversely affected by the invalidation of these permits. Furthermore, the remedies sought would upset grazing permit renewals for every CFBF member who holds a national forest grazing permit.

7. CFBF actively promotes and protects the interests of agriculture through legal, political and regulatory efforts. CFBF has intervened in numerous actions that threaten the interests of our members.

///

8. The Forest Service cannot adequately represent the interests of CFBF in this litigation because as a public agency its mission is much broader than that of the CFBF. Although the Forest Service does provide for livestock grazing on national forests, it has much less incentive to ensure this grazing continues uninterrupted in the face of the plaintiff's continued campaign against livestock grazing. CFBF is better situated to represent livestock grazing permittees, including its members, on National Forest lands.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Sacramento, California.

Dated:   August 25, 2008_

_____
**JACK L RICE**
Declarant

I, RICK KELLER, declare as follows:

1. I am the Executive Vice President and Chief Executive Officer of the Idaho Farm Bureau Federation, PO Box 4848, Pocatello, ID 83205, Telephone: 208-239-4200. The following facts are within my personal knowledge, and if called and sworn as a witness, I could and would testify competently thereto. I declare the following:

2. The Idaho Farm Bureau Federation (IFBF) is a 501(c)(5) organization under the Internal Revenue Code. The IFBF represents agricultural producers throughout Idaho. The IFBF was organized in 1939 to promote agricultural interests in Idaho. The IFBF represents 38 county Farm Bureaus (representing 42 counties in Idaho) with over 13,800 agricultural members and 49,300 non-agricultural members who are interested in a strong agricultural industry in Idaho.

3. IFBF supports the use of the national forests to provide pasture lands for livestock during the crucial summer months when ranchers must use their private lower elevation lands to grow hay and other crops to sustain their livestock the remainder of the year.

4. The plaintiffs in this action challenge a number of decisions by the United States Forest Service ("Forest Service") to categorically exclude grazing permit authorizations from full National Environmental Policy Act review, including eleven decisions affecting eighty-two allotments in Idaho. IFBF seeks intervention into this action in order to represent its members' vital interests in maintaining grazing on national forests.

5. If the plaintiffs prevail on the relief requested, IFBF members holding permits authorized under the challenged categorical exclusions will be adversely affected by the invalidation of these permits. Furthermore, the remedies sought would upset grazing permit renewals for every IFBF member who holds a national forest grazing permit.

6. The IFBF believes it is important to participate in this litigation in order to support its members who are dependent on the national forests for grazing lands as well as its members who are dependant on the livestock industry. The plaintiffs have openly opposed livestock grazing on all federally owned land, and their litigation activities are designed to curtail livestock grazing through lawsuits, which also adversely affects IFBF members.

7. The Forest Service cannot adequately represent the interests of IFBF in this litigation

---

Declaration of KELLER in Support of Motion to Intervene

Exhibit 2

because as a public agency its mission is much broader than that of the IFBF. Although the Forest Service does provide for livestock grazing on national forests, it has much less incentive to ensure this grazing continues uninterrupted in the face of the plaintiff's continued campaign against livestock grazing. IFBF is better situated to represent livestock grazing permittees, including its members, on National Forest lands.

8. The IFBF can provide to the Court additional information pertaining to important considerations regarding the potential impacts of this litigation on both the individual permittees and the cattle industry in general.

9. The IFBF actively promotes and protects the interests of agriculture through legal, political and regulatory efforts. IFBF has intervened in numerous actions that threaten the interests of our members.

I declare under penalty of perjury that the foregoing is true and correct.
Executed at Pocatello, Idaho

Dated: 5 August 2008

*/s/ Rick D. Keller*
RICK KELLER,
Declarant

Declaration of KELLER in Support of Motion to Intervene

Exhibit 2

1  I, DAVE DILLON, declare as follows:

2  1.  I am the Executive Vice President of the Oregon Farm Bureau, 3415 Commercial St. SE, Salem, OR 97302, Telephone: (503) 399-1701. The following facts are within my personal knowledge, and if called and sworn as a witness, I could and would testify competently thereto. I declare the following:

2.  The Oregon Farm Bureau (OFB) is a voluntary, grassroots, nonprofit organization representing the interests of the state's farmers and ranchers in the public and policymaking arenas. As Oregon's largest general farm organization, its primary goal is to promote educational improvement, economic opportunity and social advancement for its members and the farming, ranching, and natural resources industry as a whole. "The voice of Oregon agriculture," OFB works to find solutions that will benefit all of the state's agriculture producers. The OFB represents 32 county Farm Bureaus representing farmers in all 36 counties in Oregon with about 52,000 members, approximately 8,000 of these being professionally engaged in agriculture.

3.  OFB supports the use of the national forests and other public lands to provide pasture lands for livestock during the crucial summer months when ranchers must use their private lower elevation lands to grow hay and other crops to sustain their livestock the remainder of the year.

4.  The plaintiffs in this action challenge a number of decisions by the United States Forest Service ("Forest Service") to categorically exclude grazing permit authorizations from full National Environmental Policy Act review, including seventeen decisions affecting seventeen allotments in Oregon. OFB seeks intervention into this action in order to represent its members' vital interests in maintaining grazing on national forests.

5.  If the plaintiffs prevail on the relief requested, OFB members holding permits authorized under the challenged categorical exclusions will be adversely affected by the invalidation of these permits. Furthermore, the remedies sought would upset grazing permit renewals for every OFB member who holds a national forest grazing permit.

6.  The OFB believes it is important to participate in this litigation in order to support its members who are dependent on the national forests for grazing lands as well as its members who are dependant on the livestock industry. The plaintiffs have openly opposed livestock grazing on all

federally owned land, and their litigation activities are designed to curtail livestock grazing through lawsuits, which also adversely affects OFB members.

7. The Forest Service cannot adequately represent the interests of OFB in this litigation because as a public agency its mission is much broader than that of the OFB. Although the Forest Service does provide for livestock grazing on national forests, it has much less incentive to ensure this grazing continues uninterrupted in the face of the plaintiff's continued campaign against livestock grazing. OFB is better situated to represent livestock grazing permittees, including its members, on National Forest lands.

8. The OFB can provide to the Court additional information pertaining to important considerations regarding the potential impacts of this litigation on both the individual permittees and the cattle industry in general.

9. The OFB actively promotes and protects the interests of agriculture through legal, political and regulatory efforts. OFB has intervened in numerous actions that threaten the interests of our members.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at  Salem, OR            .

Dated: 8/7/08

                                                                    _____
                                                                    DAVE DILLON,
                                                                    Declarant

I, RANDY PARKER, declare as follows:

1. I am the Chief Executive Officer of the Utah Farm Bureau Federation, 9865 S. State Street, Sandy, UT 84070, Telephone: 801-233-3040. The following facts are within my personal knowledge, and if called and sworn as a witness, I could and would testify competently thereto. I declare the following:

2. The Utah Farm Bureau Federation (UFBF) is a 501(c) (5) organization under the Internal Revenue Code. The UFBF represents agricultural producers throughout Utah. Organized in 1916, the Utah Farm Bureau is a non-profit, voluntary membership organization that represents 28 county Farm Bureaus and over 21,500 members interested in a strong agricultural industry in Utah. The UFBF's purpose is to promote and protect an economically viable agriculture industry and the rural communities' agriculture supports.

3. UFBF supports multiple use management of the pubic lands. With nearly two-thirds of Utah managed by federal land management agencies, multiple use access and grazing are critical to the economic viability of agriculture and economic stability of rural Utah. Utah's limited private lands have been historically tied to public land livestock grazing facilitating viable ranching operations.

4. UFBF supports the use of the national forests to provide annually renewable forage on pasture lands for livestock grazing during the crucial summer months when ranchers must use their private lower elevation lands to grow hay and other crops to sustain their livestock the remainder of the year.

5. The plaintiffs in this action challenge a number of decisions by the United States Forest Service ("Forest Service") to categorically exclude grazing permit authorizations from full National Environmental Policy Act review, including forty-two decisions affecting one hundred six allotments in Utah. UFBF seeks intervention into this action in order to represent its members' vital interests in maintaining grazing on national forests.

6. If the plaintiffs prevail on the relief requested, UFBF members holding permits authorized under the challenged categorical exclusions will be adversely affected by the invalidation of these permits. Furthermore, the remedies sought would upset grazing permit

renewals for every UFBF member who holds a national forest grazing permit.

7. The UFBF believes it is important to participate in this litigation in order to support its members who are dependent on the national forests for grazing lands as well as its members who are dependant on the livestock industry. The plaintiffs have openly opposed livestock grazing on all federally owned land, and their litigation activities are designed to curtail livestock grazing through lawsuits, which also adversely affects UFBF members.

8. The Forest Service cannot adequately represent the interests of UFBF in this litigation because as a public agency its mission is much broader than that of the UFBF. Although the Forest Service does provide for livestock grazing on national forests, it has much less incentive to ensure this grazing continues uninterrupted in the face of the plaintiff's continued campaign against livestock grazing. UFBF is better situated to represent livestock grazing permittees, including its members, on National Forest lands.

9. The UFBF can provide to the Court additional information pertaining to important considerations regarding the potential impacts of this litigation on [both] the individual permittees, the cattle industry in general, and the rural communities they support.

10. The UFBF actively promotes and protects the interests of agriculture through legal, political and regulatory efforts. UFBF has intervened in numerous actions that threaten the interests of our members.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at _Sandy, Utah_.

Dated: _August 5, 2008_

_Randy Parker_
RANDY PARKER,
Declarant

Declaration of PARKER in Support of Motion to Intervene

Exhibit 4

I, JOHN STUHLMILLER, declare as follows:

1. I am the Director of State Affairs for the Washington Farm Bureau, 975 Carpenter Rd. NE, Suite 301, Lacey, WA 98516, Telephone (360) 357-9975. The following facts are within my personal knowledge, and if called and sworn as a witness, I could and would testify competently thereto. I declare the following:

2. The Washington Farm Bureau (WFB) is a voluntary, grassroots advocacy organization representing the social and economic interests of farm and ranch families at the local, state and national levels. The WFB represents agricultural producers throughout Washington. The WFB was formed in 1920 to promote agricultural interests in Washington. The WFB represents 25 county Farm Bureaus with over 35,000 member families interested in maintaining a strong and viable agricultural industry in Washington.

3. WFB supports the use of the national forests to provide pasture lands for livestock during the crucial summer months when ranchers must use their private lower elevation lands to grow hay and other crops to sustain their livestock the remainder of the year.

4. The plaintiffs in this action challenge a number of decisions by the United States Forest Service ("Forest Service") to categorically exclude grazing permit authorizations from full National Environmental Policy Act review, including four decisions affecting eighteen allotments in Washington. WFB seeks intervention into this action in order to represent its members' vital interests in maintaining grazing on national forests.

5. If the plaintiffs prevail on the relief requested, WFB members holding permits authorized under the challenged categorical exclusions will be adversely affected by the invalidation of these permits. Furthermore, the remedies sought would upset grazing permit renewals for every WFB member who holds a national forest grazing permit.

6. The WFB believes it is important to participate in this litigation in order to support its members who are dependent on the national forests for grazing lands as well as its members who are dependant on the livestock industry. The plaintiffs have openly opposed livestock grazing on all federally owned land, and their litigation activities are designed to curtail livestock grazing through lawsuits, which also adversely affects WFB members.

Declaration of STUHLMILLER in Support of Motion to Intervene

Exhibit 5

7.  The Forest Service cannot adequately represent the interests of WFB in this litigation because as a public agency its mission is much broader than that of the WFB. Although the Forest Service does provide for livestock grazing on national forests, it has much less incentive to ensure this grazing continues uninterrupted in the face of the plaintiff's continued campaign against livestock grazing. WFB is better situated to represent livestock grazing permittees, including its members, on National Forest lands.

8.  The WFB can provide to the Court additional information pertaining to important considerations regarding the potential impacts of this litigation on both the individual permittees and the cattle industry in general.

9.  The WFB actively promotes and protects the interests of agriculture through legal, political and regulatory efforts. WFB has intervened in numerous actions that threaten the interests of our members.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Olympia, WA.

Dated: 8-5-08

JOHN STUHLMILLER,
Declarant

Declaration of STUHLMILLER in Support of Motion to Intervene

Exhibit 5

I, KEN HAMILTON, declare as follows:

1. I am the Executive Vice President of the Wyoming Farm Bureau Federation, P.O. Box 1348, Laramie, WY 82073. Telephone: 307-721-7712. The following facts are within my personal knowledge, and if called and sworn as a witness, I could and would testify competently thereto. I declare the following:

2. The Wyoming Farm Bureau Federation (WFBF) is a 501c(5) organization under the Internal Revenue Code. The WFBF represents agricultural producers throughout Wyoming. The WFBF was formed in 1921 to promote agricultural interests in Wyoming. The WFBF represents 23 county Farm Bureaus (one in each county in Wyoming) with over 2,800 agricultural members and 7,200 non-agricultural members who are interested in a strong agricultural industry in Wyoming.

3. WFBF supports the use of the national forests to provide pasture lands for livestock during the crucial summer months when ranchers must use their private lower elevation lands to grow hay and other crops to sustain their livestock the remainder of the year.

4. The plaintiffs in this action challenge a number of decisions by the United States Forest Service ("Forest Service") to categorically exclude grazing permit authorizations from full National Environmental Policy Act review, including eleven decisions affecting forty-eight allotments in Wyoming. WFBF seeks intervention into this action in order to represent its members' vital interests in maintaining grazing on national forests.

5. If the plaintiffs prevail on the relief requested, WFBF members holding permits authorized under the challenged categorical exclusions will be adversely affected by the invalidation of these permits. Furthermore, the remedies sought would upset grazing permit renewals for every WFBF member who holds a national forest grazing permit.

6. The WFBF believes it is important to participate in this litigation in order to support its members who are dependent on the national forests for grazing lands as well as its members who are dependant on the livestock industry. The plaintiffs have openly opposed livestock grazing on all federally owned land, and their litigation activities are designed to curtail livestock grazing through lawsuits, which also adversely affects WFBF members.

///

Declaration of HAMILTON in Support of Motion to Intervene



Exhibit 6

7. The Forest Service cannot adequately represent the interests of WFBF in this litigation because as a public agency its mission is much broader than that of the WFBF. Although the Forest Service does provide for livestock grazing on national forests, it has much less incentive to ensure this grazing continues uninterrupted in the face of the plaintiff's continued campaign against livestock grazing. WFBF is better situated to represent livestock grazing permittees, including its members, on National Forest lands.

8. The WFBF can provide to the Court additional information pertaining to important considerations regarding the potential impacts of this litigation on both the individual permittees and the cattle industry in general.

9. The WFBF actively promotes and protects the interests of agriculture through legal, political and regulatory efforts. WFBF has intervened in numerous actions that threaten the interests of our members.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at _____.


Dated:                                                                KEN HAMILTON,
                                                                      Declarant

3

Declaration of HAMILTON in Support of Motion to Intervene

Exhibit 6

I, HENRY GIACOMINI, declare as follows:

1. I reside at 41363 Opdyke Lane, Hat Creek, California.

2. I, along with my wife, raise cattle in Shasta and Lassen counties in California. We hold a permit known as the Champs Flat Allotment as well as other United States Forest Service ("Forest Service") grazing permits. Our family has grazed cattle on the Champs Flat Allotment for three generations, since before permits were required. For the past twenty years I have managed the grazing of the Champs Flat Allotment.

3. As the permit holder, I am very familiar with both the management of the Champs Flat Allotment as well as the condition of the allotment; including quality and amount of forage, abundance of wildlife and condition of riparian areas.

4. The permit I hold to graze the Champs Flat Allotment is an integral part of the economic and environmental sustainability of my livestock operation. By rotating our cattle between the base ranch, the Champs Flat Allotment, as well as other properties, all the land our cattle graze is managed to produce the highest feed value while also maintaining the highest environmental quality possible. This ensures that I can maintain an economically viable livestock operation while maintaining the environmental health of all the lands grazed, including the national forests.

5. As a permittee, I participated in the Pine Creek Coordinated Resource Management group ("Pine Creek CRM"). After years of working cooperatively in that group, the permittees, environmentalists, conservationists and agency in the Pine Creek watershed reached an agreement on several areas of management and environmental enhancements. I have managed our Champs Flat Allotment to fulfill the goals and direction of the Pine Creek CRM. Furthermore, the cooperative work of the Pine Creek CRM resulted in an Environmental Assessment ("EA") that is on the record of decision. We continue to manage the allotment to meet the environmental goals of the Pine Creek CRM and the EA.

6. As is common with many permit holders, I use the national forest allotment for summer grazing. This allows the base ranch to be used for summer hay production as well as fall and winter range. This system of seasonal grazing is important for maintaining the environmental

quality of the national forests and the base ranch, as well as ensuring the continued economic viability of my ranching operation.

7. If the Champs Flat Allotment becomes unavailable to me, it would pressure me to change my operation in a manner that degrades both the environmental and the economic sustainability of my operation.

8. I have been a licensed as a Certified Rangeland Manager. This background provides me with a very good understanding of how best to manage grazing to achieve the highest levels of feed values and environmental conditions. This knowledge is used to inform my grazing operation, including private and public lands.

9. I am a member of Shasta County Farm Bureau and California Farm Bureau. I am also Chair of the California Farm Bureau Federation's Public Lands Committee and Second Vice President of the Shasta County Farm Bureau.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at  Hat Creek, California

Dated: 8/08/2008

*[signature]*
HENRY GIACOMINI,
Declarant

I, HANNAH TANGEMAN, declare as follows:

1. I reside in Susanville California and raise cattle in Lassen County California.

2. I hold a permit known as the Diamond Mountain Allotment, which my family has managed for several decades.

3. As the permit holder, I am familiar with the environmental conditions and grazing management of my allotment. As the permit holder, I am familiar with both the management and condition of the allotment; including quality and amount of forage, abundance of wildlife and condition of riparian areas.

4. The grazing permit I hold is an important part of my livestock operation as it provides a source of summer forage which can be used when conditions make it appropriate to do so.

5. As is common with many permit holders, I typically use the national forest allotment for summer grazing while the base ranch is used for range during the rest of the year. This system of seasonal grazing is important for maintaining the environmental quality of the national forests and the base ranch, as well as ensuring the continued economic viability of my ranching operation.

6. If the Diamond Mountain Allotment becomes unavailable to me, it would remove an important feed resource from me and could pressure me to change my operation in a manner that degrades both the environmental and economic sustainability of my operation.

8. I am a member of the Lassen County Farm Bureau, where I served on the Board of Directors from 1986-2004, and as President from 1996-1998. I served on the California Farm Bureau's State Board of Directors from 1999-2005, during which time I was the Board Liaison to

Exhibit 8

1 | the Public Lands Advisory Committee. Currently, I serve on California Farm Bureau's Forestry
2 | Advisory Committee.
3 |
4 | I declare under penalty of perjury that the foregoing is true and correct.
5 | Executed at Lassen County, California.
6 |
7 | Dated: 8-5-08                    /s/ Hannah Tangeman
8 |                                  HANNAH TANGEMAN,
                                     Declarant

Exhibit 8