1  **CHRISTIAN C. SCHEURING, SBN 208807**
   **JACK L. RICE, SBN 248778**
2  CALIFORNIA FARM BUREAU FEDERATION
   2300 River Plaza Drive
3  Sacramento, CA  95833
   Telephone:      (916) 561-5660
4  Facsimile:      (916) 561-5691

5  Attorneys for Proposed Defendant Intervenors
        CALIFORNIA FARM BUREAU FEDERATION
6       IDAHO FARM BUREAU FEDERATION
        OREGON FARM BUREAU
7       UTAH FARM BUREAU FEDERATION
        WASHINGTON FARM BUREAU
8       WYOMING FARM BUREAU FEDERATION
        HENRY GIACOMINI
9       HANNAH TANGEMAN

10

11              **UNITED STATES DISTRICT COURT**

12            **NORTHERN DISTRICT OF CALIFORNIA**

13               **SAN FRANCISCO DIVISION**

14

15  WESTERN WATERSHEDS PROJECT, et al.     | Case No.:  08-CV-1460 PJH

16          *Plaintiffs,*                  | [Proposed]
                                           | **ANSWER IN INTERVENTION**
17  v.

18  UNITED STATES FOREST SERVICE.          | **Date**:    10-1-08
                                           | **Time**:    9:30 a.m.
19          *Defendants.*                  | **Dept**:    3
                                           | **Judge**: Hon. Phyllis J. Hamilton
20  _____

21  CALIFORNIA CATTLEMEN'S ASSOCIATION;
    IDAHO CATTLEMEN'S ASSOCIATION;
22  WASHINGON CATTLEMEN'S ASSOCIATION;
    OREGON CATTLEMEN'S ASSOCIATION;
23  WYOMING STOCK GROWER'S
    ASSOCIATION; UTAH CATTLEMEN'S
24  ASSOCIATION; CALIFORNIA
    WOOLGROWER'S ASSOCIATION;
25  COLORADO WOOLGROWERS
    ASSOCIATION; and the PUBLIC LANDS
26  COUNCIL,

27          *Intervenors.*

28

                            1

Defendant-Intervenors California Farm Bureau Federation, Idaho Farm Bureau Federation, Oregon Farm Bureau, Utah Farm Bureau Federation, Washington Farm Bureau Federation, Wyoming Farm Bureau Federation, Henry Giacomini, and Hannah Tangeman (collectively "Farm Bureau") hereby answer the Second Amended Complaint, filed on or about August 6, 2008 by Western Watersheds Project; Natural Resourced Defense Council; Center for Biological Diversity; California Trout; Environmental Protection Information Center; Klamath Siskiyou Wildlands Center; Los Padres Forest Watch; Sierra Forest Legacy; Sequoia Forestkeeper; Grand Canyon Trust; Utah Environmental Congress; Red Rock Forests and Oregon Natural Desert Association, as follows:

## INTRODUCTION

1.     In answer to the first sentence of Paragraph 1 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.  In answer to the second sentence of Paragraph 1 of the Complaint, Farm Bureau denies the allegations therein.

2.     In answer to Paragraph 2 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

3.     In answer to first sentence of Paragraph 3 of the Second Amended Complaint, Farm Bureau admits only that the National Environmental Policy Act ("NEPA") normally applies to United States Forest Service ("Forest Service") decisions to authorize grazing, unless otherwise excluded from NEPA requirements.  In answer to second sentence of Paragraph 3 of the Second Amended Complaint, Farm Bureau admits only that such review, when applicable, provides for examination of the impacts of grazing on public land resources and an opportunity for the public to comment on and appeal grazing decisions.  Farm Bureau denies each and every remaining allegation of Paragraph 3.

4.     In answer to the first sentence of Paragraph 4 of the Second Amended Complaint, Farm Bureau admits only that Congress passed an appropriations rider in 2005 that allows the Forest Service to categorically exclude grazing authorizations from NEPA review under certain circumstances.  Farm Bureau denies each and every remaining allegation in the first sentence for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.  In answer to the second

sentence of Paragraph 4, Farm Bureau avers that the 2005 Appropriation Rider speaks for itself and is the best evidence of its contents, and Farm Bureau denies any allegations contrary to the 2005 Appropriation Rider's plain language and meaning.

5.      In answering Paragraph 5 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

6.      In answering Paragraph 6 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

7.      In answering Paragraph 7 of the Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

**JURISDICTION AND VENUE**

8.      In answering Paragraph 8 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

9.      In answering Paragraph 9 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

10.      In answering Paragraph 10 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

**INTRA-DISTRICT AGREEMENT**

11.      In answering Paragraph 11 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

///

**PARTIES**

12.    In answering Paragraph 12 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

13.    In answering Paragraph 13 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

14.    In answering Paragraph 14 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

15.    In answering Paragraph 15 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

16.    In answering Paragraph 16 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

17.    In answering Paragraph 17 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

18.    In answering Paragraph 18 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

19.    In answering Paragraph 19 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

20.    In answering Paragraph 20 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

21.     In answering Paragraph 21 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

22.     In answering Paragraph 22 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

23.     In answering Paragraph 23 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

24.     In answering Paragraph 24 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

25.     In answering Paragraph 25 of the Second Amended Complaint, Farm Bureau denies the allegations pertaining to the interests of Plaintiffs' and their staff, members and supporters for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.  Farm Bureau denies each and every remaining allegation in Paragraph 25.

26.     In answering Paragraph 26 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

27.     In answering the first sentence of Paragraph 27 of the Second Amended Complaint, Farm Bureau denies the allegations pertaining to the interests of Plaintiffs' and their staff, members and supporters for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted; Farm Bureau denies each and every remaining allegation in the first sentence of Paragraph 27 of the Second Amended Complaint.  In answering the second sentence of Paragraph 27 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

28.     Admitted.

///

**LEGAL BACKGROUND**

29.    In answering Paragraph 29, Farm Bureau avers that NEPA speaks for itself and is the best evidence of its contents, and Farm Bureau denies any allegations contrary to the NEPA's plain language and meaning.

30.    In answering Paragraph 30, Farm Bureau avers that NEPA speaks for itself and is the best evidence of its contents, and Farm Bureau denies any allegations contrary to the NEPA's plain language and meaning.

31.    In answering Paragraph 31, Farm Bureau avers that NEPA speaks for itself and is the best evidence of its contents, and Farm Bureau denies any allegations contrary to the NEPA's plain language and meaning.

32.    In answering Paragraph 32 of the Second Amended Complaint, Farm Bureau admits the issuance or renewal of a federal livestock grazing permit requires a NEPA review unless an exclusion applies. Farm Bureau denies each and every remaining allegation contained in Paragraph 32 of the Second Amended Complaint.

33.    Farm Bureau admits that the portion of Public Law 108-47 contained in Paragraph 33 of the Second Amended Complaint has been accurately provided.  Farm Bureau denies each and every remaining allegation in Paragraph 33.

34.    In answering the first sentence of Paragraph 34 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.  In answer to the second sentence of Paragraph 31, Farm Bureau admits that Congress extended the rider for the fiscal year 2008.  In answer to the third sentence of Paragraph 34, Farm Bureau avers that the 2005 Appropriations Rider speaks for itself and is the best evidence of its contents, and Farm Bureau denies any allegations contrary to the 2005 Appropriations Rider's plan language and meaning.  Farm Bureau denies each and every remaining allegation contained in the second sentence of Paragraph 34.

35.    In answer to Paragraph 35, Farm Bureau avers that the 2005 Appropriation Rider speaks for itself and is the best evidence of its contents, and Farm Bureau denies any allegations contrary to the 2005 Appropriation Rider's plain language and meaning.

36.     In answer to the first sentence of Paragraph 36, Farm Bureau avers that the 2005 Appropriation Rider speaks for itself and is the best evidence of its contents, and Farm Bureau denies any allegations contrary to the 2005 Appropriation Rider's plain language and meaning.  In answer to the second sentence of Paragraph 36, Farm Bureau admits that forests or groups of forests have Land and Resource Management Plans.  Farm Bureau denies each and every remaining allegation in the second sentence of Paragraph 36.

37.     In answer to Paragraph 37, Farm Bureau avers that the 2005 Appropriation Rider speaks for itself and is the best evidence of its contents, and Farm Bureau denies any allegations contrary to the 2005 Appropriation Rider's plain language and meaning.

38.     In answer to Paragraph 38 Farm Bureau avers that the Administrative Procedure Act ("APA") speaks for itself and is the best evidence of its contents, and Farm Bureau denies any allegations contrary to the APA's plain language and meaning.

39.     In answer to Paragraph 39 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

## FACTUAL BACKGROUND

40.     In answer to Paragraph 40 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

41.     In answer to Paragraph 41 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

42.     In answer to Paragraph 42 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

43.     In answer to Paragraph 43 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

44.     In answer to Paragraph 44 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

45.     In answer to Paragraph 45 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

46.     In answer to Paragraph 46 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

47.     In answer to Paragraph 47 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

48.     In answer to Paragraph 48 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

49.     In answer to Paragraph 49 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

50.     In answer to Paragraph 50 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

51.     In answer to Paragraph 51 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

52.     In answer to Paragraph 52 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

53.     In answer to Paragraph 53 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

54.     In answer to Paragraph 54 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

55.     In answer to Paragraph 55 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

56.     In answer to Paragraph 56 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

57.     In answering Paragraph 57 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

58.     In answer to Paragraph 58 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

///

59.    In answer to Paragraph 59 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

60.    In answering Paragraph 60 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

61.    In answer to the first sentence of Paragraph 61 of the Second Amended Complaint, Farm Bureau denies the allegations therein.  In answer to the second sentence of Paragraph 61 of the Second Amended Complaint, Farm Bureau denies the allegations therein.  In answer to the third sentence of Paragraph 61 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

62.    In answer to the first sentence of Paragraph 62 of the Second Amended Complaint, Farm Bureau denies the allegations therein.  In answer to the second, third, and fourth sentences of Paragraph 62 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.  In answer to the fifth, sixth, seventh, and eighth sentences of Paragraph 62 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

63.    In answer to Paragraph 63 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

64.    In answer to Paragraph 64 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

65.    In answer to the first and second sentences of Paragraph 65 of the Second Amended Complaint, Farm Bureau denies the allegations therein.  In answer to the third sentence of Paragraph 65 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.  In answer to the fourth sentence of Paragraph 65 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

66.    In answer to Paragraph 66 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

67.     In answer to Paragraph 67 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

68.     In answer to Paragraph 68 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

69.     In answer to the first sentence of Paragraph 69 of the Second Amended Complaint, Farm Bureau denies the allegations therein.  In answer to the second, third, and fourth sentences of Paragraph 69 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

70.     In answer to Paragraph 70 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

71.     In answer to Paragraph 71 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

72.     In answer to Paragraph 72 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

73.     In answer to Paragraph 73 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

74.     In answer to Paragraph 74 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

75.     Admitted.

76.     In answer to Paragraph 76 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

77.     In answer to Paragraph 77, Farm Bureau avers that the 1964 Wilderness Act ("Wilderness Act")(16 U.S.C. §§ 1131-1136) speaks for itself and is the best evidence of its contents, and Farm Bureau denies any allegations contrary to the Wilderness Act's plain language and meaning.

78.     In answer to Paragraph 78, Farm Bureau avers that the 1964 Wilderness Act ("Wilderness Act")(16 U.S.C. §§ 1131-1136) speaks for itself and is the best evidence of its contents, and Farm Bureau denies any allegations contrary to the Wilderness Act's plain language and meaning.

79.    In answer to the first sentence of Paragraph 79, Farm Bureau avers that the Wilderness Act speaks for itself and is the best evidence of its contents, and Farm Bureau denies any allegations contrary to the Wilderness Act's plain language and meaning.  In answer to the second sentence of Paragraph 79 of the First Amended Complain, Farm Bureau avers that Public Law Number 96-560, section 108 speaks for itself and is the best evidence of its contents, and Farm Bureau denies any allegations contrary to Public Law Number 96-560, section 108.

80.    In answer to Paragraph 80 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

81.    In answer to Paragraph 81 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

82.    In answer to Paragraph 82 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

83.    In answer to Paragraph 83, Farm Bureau avers that the 2005 Appropriations Rider speaks for itself and is the best evidence of its contents, and Farm Bureau denies any allegations contrary to the 2005 Appropriation Rider's plain language and meaning.

84.    In answer to Paragraph 84 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

85.    In answer to Paragraph 85, Farm Bureau avers that the 2005 Appropriations Rider speaks for itself and is the best evidence of its contents, and Farm Bureau denies any allegations contrary to the 2005 Appropriation Rider's plain language and meaning.

86.    In answer to Paragraph 86 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

87.    In answer to Paragraph 87 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

88.    In answer to the first sentence of Paragraph 88, Farm Bureau avers that the 2005 Appropriations Rider speaks for itself and is the best evidence of its contents, and Farm Bureau denies any allegations contrary to the 2005 Appropriation Rider's plain language and meaning.  In answer to the second and third sentence of Paragraph 88, Farm Bureau denies the allegations therein.

89.     In answer to Paragraph 89 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

90.     In answer to Paragraph 90 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

91.     In answer to Paragraph 91 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

92.     In answer to Paragraph 92 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

93.     In answer to Paragraph 93 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

94.     In answer to Paragraph 94 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

95.     In answer to first sentence of Paragraph 95, Farm Bureau admits that the Forest Service recognizes the importance of monitoring the environmental impacts of grazing.  Farm Bureau denies each and every other allegation in the first sentence of Paragraph 95.  In answer to the second and third sentences of Paragraph 95 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

96.     In answer to Paragraph 96 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

97.     In answer to Paragraph 97 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

98.     In answer to Paragraph 98 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

99.     In answer to Paragraph 99 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

100.    In answer to Paragraph 100, Farm Bureau avers that the 2005 Appropriations Rider speaks for itself and is the best evidence of its contents, and Farm Bureau denies any allegations contrary to the 2005 Appropriation Rider's plain language and meaning.

101.    In answer to Paragraph 101 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

102.    In answer to Paragraph 102 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

103.    In answer to Paragraph 103 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

104.    In answer to Paragraph 104 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

105.    In answer to Paragraph 105 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

106.    In answer to the first sentence of Paragraph 106 of the Second Amended Complaint, Farm Bureau denies the allegations therein.  In answer to the second sentence of Paragraph 106 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. In answer to the third sentence of Paragraph 106 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

## UNLAWFUL CES ISSUED IN CALIFORNIA FORESTS

**Los Padres National Forest**

107.    In answer to Paragraph 107 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

108.    In answer to Paragraph 108 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

109.    In answer to Paragraph 109 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

///

110.    In answer to Paragraph 110 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

111.    In answer to Paragraph 111 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

**Mendocino National Forest**

112.    In answer to Paragraph 112 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

113.    In answer to Paragraph 113 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

114.    In answer to Paragraph 114 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

115.    In answer to Paragraph 115 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

**Klamath National Forest**

116.    In answer to Paragraph 116 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

117.    In answer to Paragraph 117 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

118.    In answer to Paragraph 118 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

119.    In answer to Paragraph 119 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

**Modoc National Forest**

120.    In answer to Paragraph 120 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

121.    In answer to Paragraph 121 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

122.    In answer to Paragraph 122 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

123.    In answer to Paragraph 123 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

124.    In answer to Paragraph 124 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

125.    In answer to Paragraph 125 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

126.    In answer to Paragraph 126 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters

asserted.

127.    In answer to Paragraph 127 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

**Lassen National Forest**

128.    In answer to Paragraph 128 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

129.    In answer to Paragraph 129 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

130.    In answer to Paragraph 130 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

131.    In answer to Paragraph 131 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

132.    In answer to Paragraph 132 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

133.    In answer to Paragraph 133 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

134.    In answer to Paragraph 134 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

///

**Plumas National Forest**

135.    In answer to Paragraph 135 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

136.    In answer to Paragraph 136 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

137.    In answer to Paragraph 137 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

138.    In answer to Paragraph 138 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

139.    In answer to Paragraph 139 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

**Stanislaus National Forest**

140.    In answer to Paragraph 140 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

141.    In answer to Paragraph 141 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

142.    In answer to Paragraph 142 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

///

143.    In answer to Paragraph 143 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

144.    In answer to Paragraph 144 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

145.    In answer to Paragraph 145 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

146.    In answer to Paragraph 146 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

**Inyo National Forest**

147.    In answer to Paragraph 147 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

148.    In answer to Paragraph 148 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

149.    In answer to Paragraph 149 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

150.    In answer to Paragraph 150 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

///

**Sequoia National Forest**

151.    In answer to Paragraph 151 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

152.    In answer to Paragraph 152 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

153.    In answer to Paragraph 153 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

154.    In answer to Paragraph 154 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

## UNLAWFUL CES ISSUED IN ARIZONA ON THE PRESCOTT NATIONAL FOREST

155.    In answer to Paragraph 155 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

156.    In answer to Paragraph 156 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

157.    In answer to Paragraph 157 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

158.    In answer to Paragraph 158 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

///

159.    In answer to Paragraph 159 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

160.    In answer to Paragraph 160 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

### UNLAWFUL CES ISSUED ON THE IDAHO FORESTS

**Salmon-Challis National Forest**

161.    In answer to Paragraph 161 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

162.    In answer to Paragraph 162 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

163.    In answer to Paragraph 163 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

164.    In answer to Paragraph 164 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

165.    In answer to Paragraph 165 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

166.    In answer to Paragraph 166 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

///

**Caribou-Targhee National Forest**

167.    In answer to Paragraph 167 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

168.    In answer to Paragraph 168 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

169.    In answer to Paragraph 169 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

170.    In answer to Paragraph 170 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

171.    In answer to Paragraph 171 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

172.    In answer to Paragraph 172 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

173.    In answer to Paragraph 173 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

174.    In answer to Paragraph 174 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

///

**UNLAWFUL CES ISSUED IN WYOMING FORESTS**

**Bridger-Teton National Forest**

175.    In answer to Paragraph 175 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

176.    In answer to Paragraph 176 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

177.    In answer to Paragraph 177 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

178.    In answer to Paragraph 178 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

179.    In answer to Paragraph 179 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

180.    In answer to Paragraph 180 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

181.    In answer to Paragraph 181 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

182.    In answer to Paragraph 182 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

///

**Shoshone National Forest**

183.    In answer to Paragraph 183 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

184.    In answer to Paragraph 184 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

185.    In answer to Paragraph 185 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.


<u>**UNLAWFUL CES ISSUED IN UTAH FORESTS**</u>

**Wasatch-Cache National Forest**

186.    In answer to Paragraph 186 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

187.    In answer to Paragraph 187 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

188.    In answer to Paragraph 188 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

189.    In answer to Paragraph 189 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

190.    In answer to Paragraph 190 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

191.    In answer to Paragraph 191 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

**Ashley National Forest**

192.    In answer to Paragraph 192 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

193.    In answer to Paragraph 193 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

194.    In answer to Paragraph 194 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

195.    In answer to Paragraph 195 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

196.    In answer to Paragraph 196 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

**Manti La Sal National Forest**

197.    In answer to Paragraph 197 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

198.    In answer to Paragraph 198 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

199.    In answer to Paragraph 199 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

200.    In answer to Paragraph 200 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

201.    In answer to Paragraph 201 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

202.    In answer to Paragraph 202 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

203.    In answer to Paragraph 203 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

204.    In answer to Paragraph 204 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

**Fishlake National Forest**

205.    In answer to Paragraph 205 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

206.    In answer to Paragraph 206 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

///

Answer in Intervention

207.    In answer to Paragraph 207 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

208.    In answer to Paragraph 208 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

209.    In answer to Paragraph 209 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

**UNLAWFUL CES ISSUED IN COLORADO FORESTS**

**Rio Grande National Forest**

210.    In answer to Paragraph 210 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

211.    In answer to Paragraph 211 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

212.    In answer to Paragraph 212 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

213.    In answer to Paragraph 213 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

214.    In answer to Paragraph 214 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

///

**Medicine Bow-Routt National Forests**

215.    In answer to Paragraph 215 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

216.    In answer to Paragraph 216 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

217.    In answer to Paragraph 217 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

218.    In answer to Paragraph 218 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

219.    In answer to Paragraph 219 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

**Pike And San Isabel National Forest**

220.    In answer to Paragraph 220 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

221.    In answer to Paragraph 221 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

222.    In answer to Paragraph 222 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

///

223.    In answer to Paragraph 223 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

224.    In answer to Paragraph 224 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

### UNLAWFUL CES ISSUED IN OREGON FORESTS

**Malheur National Forest**

225.    In answer to Paragraph 225 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

226.    In answer to Paragraph 226 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

227.    In answer to Paragraph 227 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

228.    In answer to Paragraph 228 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

229.    In answer to Paragraph 229 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

230.    In answer to Paragraph 230 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

///

**Umatilla National Forest**

231.    In answer to Paragraph 231 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

232.    In answer to Paragraph 232 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

233.    In answer to Paragraph 233 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

234.    In answer to Paragraph 234 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

**UNLAWFUL CES ISSUED IN WASHINGTON FORESTS**

**Okanogan-Wenatchee National Forest**

235.    In answer to Paragraph 235 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

236.    In answer to Paragraph 236 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

237.    In answer to Paragraph 237 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

238.    In answer to Paragraph 238 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

239.    In answer to Paragraph 239 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

240.    In answer to Paragraph 240 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

**Colville National Forest**

241.    In answer to Paragraph 241 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

242.    In answer to Paragraph 242 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

243.    In answer to Paragraph 243 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

244.    In answer to Paragraph 244 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

245.    In answer to Paragraph 245 of the Second Amended Complaint, Farm Bureau denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

246.    In answer to the first and third sentences of Paragraph 246 of the Second Amended Complaint, Farm Bureau asserts that the allegations contained therein constitute conclusions of law and Plaintiffs' statement of their case, to which no response is required.  To the extent a response is required, the allegations are denied.   In response to the second sentence of Paragraph 246 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

## FIRST CLAIM FOR RELIEF
(For Violations Of The 2005 Appropriations Rider)

247.    In answer to Paragraph 247 of the Second Amended Complaint, Farm Bureau incorporates by reference its responses to Paragraph's 1 through 249 inclusive.

248.    In answer to Paragraph 248 of the Second Amended Complaint, Farm Bureau asserts that the allegations contained therein constitute conclusions of law and Plaintiffs' statement of their case, to which no response is required.  To the extent a response is required, the allegations are denied.

249.    In answer to Paragraph 249 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

250.    In answer to Paragraph 250 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

## SECOND CLAIM FOR RELIEF
(For Violations Of The National Environmental Policy Act)

251.    In answer to Paragraph 251 of the Second Amended Complaint, Farm Bureau incorporates by reference its responses to Paragraph's 1 through 253 inclusive.

252.    In answer to Paragraph 252 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

253.    In answer to Paragraph 253 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

254.    In answer to Paragraph 254 of the Second Amended Complaint, Farm Bureau denies the allegations therein.

## FIRST AFFIRMATIVE DEFENSE
(Failure to State)

As a first and separate affirmative defense, Farm Bureau alleges that Plaintiffs' Second Amended Complaint, and each claim therein, fails to contain facts sufficient to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
(Standing)

As a second and separate affirmative defense, Farm Bureau alleges that Plaintiffs lack standing to bring this complaint.

## THIRD AFFIRMATIVE DEFENSE
(Venue)

As a third and separate affirmative defense, Farm Bureau alleges venue is not proper in the Northern District.

## FOURTH AFFIRMATIVE DEFENSE
(Failure to Include Indispensible Parties)

As a fourth and separate affirmative defense, Farm Bureau alleges that pursuant to Federal Rules of Civil Procedure 12(b)(7), Plaintiffs failed to join indispensable parties.

## FIFTH AFFIRMATIVE DEFENSE
(Use of Power)

As and for a Fifth Affirmative Defense, the Forest Service's application of the CEs to the Subject Allotments was a reasonable exercise of its discretionary power pursuant to the 2005 and 2008 Appropriations Riders, an authority delegated to the Forest Service by Congress. Therefore, the Forest Service did not act arbitrarily, capriciously, or contrary to these statutes. [*Chevron USA v. Natural Resources Defense Council*, 467 U.S. 837 (1984). *The Lands Council, et al. v. Mcnair*, No. 07-35000, 2008 U.S. App. LEXIS 13998, (9th Cir. 2008)]

## SIXTH AFFIRMATIVE DEFENSE
(Failure to Exhaust Remedies)

As and for a Sixth Affirmative Defense, Farm Bureau alleges that Plaintiffs have failed to exhaust their administrative remedies.

## SEVENTH AFFIRMATIVE DEFENSE
(Failure to Comply with Congressional Directives)

As a Seventh Affirmative Defense, Farm Bureau alleges that the relief sought by Plaintiffs is inconsistent with clear Congressional directives regarding the expedited re-issuance of grazing permits.

**PRAYER FOR RELIEF**

The remainder of Plaintiffs' Second Amended Complaint consists of the prayer for relief and requires no response. To the extent a response is required, Farm Bureau denies that Plaintiffs are entitled to the relief they request or any relief whatsoever.

WHEREFORE, Defendant-Intervenors California Farm Bureau Federation; Idaho Farm Bureau Federation; Oregon Farm Bureau; Utah Farm Bureau Federation; Washington Farm Bureau; Wyoming Farm Bureau Federation; Henry Giacomini and Hannah Tangeman pray:

1.    That this Court deny Plaintiffs, and each of them, any relief whatsoever;

2.    That judgment be entered against Plaintiffs, and each of them, on all claims;

3.    That Defendant-Intervenors California Farm Bureau Federation; Idaho Farm Bureau Federation; Oregon Farm Bureau; Utah Farm Bureau Federation; Washington Farm Bureau; Wyoming Farm Bureau Federation; Henry Giacomini and Hannah Tangeman be awarded fees and costs of suit herein;  and

4.    For any such other and further relief as the Court may deem just and proper.

Dated:  August 25, 2008

CALIFORNIA FARM BUREAU FEDERATION

**By: JACK L RICE**

Attorney for Proposed Defendant Intervenors
CALIFORNIA FARM BUREAU FEDERATION
IDAHO FARM BUREAU FEDERATION
OREGON FARM BUREAU
UTAH FARM BUREAU FEDERATION
WASHINGTON FARM BUREAU
WYOMING FARM BUREAU FEDERATION
HENRY GIACOMINI and
HANNAH TANGEMAN