RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
DAVID B. GLAZER (D.C. 400966; MD)
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, California 94105
Telephone: (415) 744-6491
Facsimile: (415) 744-6476
E-mail: david.glazer@usdoj.gov
ALISON D. GARNER (UT 9988)
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 663, Ben Franklin Station
Washington, D.C. 20004-0663
Telephone: (202) 514-2855
Facsimile: (202) 305-0506
E-mail: alison.garner@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, *et al.*,<br>Plaintiffs,<br>v.<br>UNITED STATES FOREST SERVICE,<br>Defendant. | No. 08-CV-1460 PJH<br><br>DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO SEVER CLAIMS AND TRANSFER VENUE<br><br>Date: TO BE SET<br>Time:<br>Hon. Phyllis J. Hamilton |

**TABLE OF CONTENTS**

INTRODUCTION . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . 1

A. Plaintiffs and Their Respective Claims Should Be Severed . . . . . . . . . . 1

1. The Bulk of this Case does not Belong in this Judicial District . . . . . . . . 2

2. This Court Has Broad Discretion to Sever Claims When Fairness or Convenience Justifies Severance . . . . . . . . . . 3

B. The Severed Claims Should be Transferred to Appropriate Venues . . . . . . . . . . 4

1. Plaintiffs' Choice of Forum is Outweighed by Other Factors . . . . . . . . . . 4

a. Decisions concerning National Forests located in other jurisdictions should be considered by local courts . . . . . . . . . . 5

b. Inconvenience to Counsel Is Not a Factor to Be Considered . . . . 7

c. Plaintiffs' choice of venue should be afforded little, if any, weight in this situation . . . . . . . . . . 8

2. Defendant's Motion to Transfer Venue is Consistent with the Purposes of Section 1404(a) Because Transfer Will Not Lead to Duplicative Litigation . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . 12

# TABLE OF AUTHORITIES

**Federal Cases**


Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . 8

Anrig v. Ringsby United, 603 F.2d 1319 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Brackett v. Hilton Hotels Corp., No. C 08-02100 WHA, 2008 WL 2632675 (N.D. Cal. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

California Farm Bureau Federation v. Badgley, Civil Action No. 02-2328 (RCL), 2005 WL 1532718 (D.D.C. Jun. 29, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Center for Biological Diversity v. Kempthorne, No. C-07-0894 EDL, 2007 WL 2023515 (N.D. Cal. July 12, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834 (9th Cir. 1986) . . . . . . . . . . . . . . . . 8

Ferger v. C.H. Robinson Worldwide, Inc., No. C06-174RSL, 2006 WL 2091015 at *1 (W.D. Wash. July 25, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Forest Guardians v. Johanns, 450 F.3d 455 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Gelber v. Leonard Wood Memorial for the Eradication of Leprosy, No. C 07-01785 JSW, 2007 WL 1795746 (N.D. Cal. June 21, 2007) . . . . . . . . . . . . . . . . . 7

Gerin v. Ageon USA, Inc., No. C 06-5407 SBA, 2007 WL 1033472 (N.D. Cal. April 4, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Gifford Pinchot Task Force v. United States Fish & Wildlife Serv., 378 F.3d 1059 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Hatch v. Reliance Ins. Co., 758 F.2d 409 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Helm v. Alderwoods Group, Inc., Nos. C 08-01184 SI, C 08-01190 SI, 2008 WL 2915424 (N.D. Cal July 22, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Hernandez v. Graebel Van Lines, 761 F.Supp. 983 (E.D.N.Y. 1991) . . . . . . . . . . . . . . . . . . . . . . . 8

In re Horseshoe Entm't, 337 F.3d 429 (5th Cir.2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Inherent.com v. Martindale-Hubbel, 420 F. Supp. 2d 1093 (N.D. Cal. 2006) . . . . . . . . . . . . . . . . 5

Italian Colors Rest. v. Am. Express Co., No. C 03-3719 SI, 2003 WL 22682482 (N.D. Cal. Nov. 10, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Khanna v. State Bar of California, No. C-07-2587 EMC, 2007 WL 2288116 (N.D. Cal. Aug. 7, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Maddox v. County of Sacramento, No. 2:06-cv-0072-GEB-EFB, 2006 WL 3201078 (E.D. Cal. Nov. 6, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Mountain States Legal Found. v. Andrus, 499 F. Supp. 383 (D. Wyo. 1980) . . . . . . . . . . . . . . . 6

National Wildlife Federation v. Burford, 677 F. Supp. 1445 (D. Mont. 1985) . . . . . . . . . . . . . . . 6

Pacific Coast Federation v. Gutierrez, No. C-05-3232 JCS, 2006 WL 194507 (N.D. Cal. Jan. 24, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Piper Aircraft v. Reyno, 454 U.S. 235 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Royal Queentex Enters. v. Sara Lee Corp., No. C-99-4787 MJJ, 2000 WL 246599 (N.D. Cal. March 1, 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Seattle Audubon Soc'y v. Evans, 771 F. Supp. 1081 (W.D. Wash. 1991) . . . . . . . . . . . . . . . . . . 6

Shalaby v. Newell Rubbermaid, Inc., No. C06-07026 MJJ, 2007 WL 3144357 (N.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Sierra Club v. Flowers, 276 F. Supp.2d 62 (D.D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

So. Utah Wilderness Alliance v. Norton, No. CIV.A. 03-2406(JDB), 2004 WL 896522 (D.D.C. April 27, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Solomon v. Cont'l Am. Life Ins. Co., 472 F.2d 1043, 1047 (3rd Cir. 1973) . . . . . . . . . . . . . . . . 7

Forest Guardians v. Dombeck, 131 F.3d 1309, 1310–11 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . 6

Trout Unlimited v. U.S. Dep't of Agric., 944 F. Supp. 13 (D.D.C. 1996) . . . . . . . . . . . . . . . . 5, 8

United States v. Cathcart, No. C 07-4762 PJH, 2008 WL 2661941 (N.D. Cal. Jun. 27, 2008) . . 3

Williams v. Felker, 2006 WL 495994 (E.D. Cal. March 1, 2006) . . . . . . . . . . . . . . . . . . . . . . . . 3

Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc., No. C 03-3711 MHP, 2003 WL 22387598 (N.D. Cal. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Federal Statutes**

16 U.S.C. § 1531 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

16 U.S.C. § 1612 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

28 U.S.C. § 1391 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. § 1404 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

28 U.S.C. § 1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 1406(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

28 U.S.C. § 2412 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

43 U.S.C. §§ 1702(j) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**Federal Rules**

Fed. R. Civ. P. 18 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 20 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 11

Fed. R. Civ. P. 21 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 4, 11

## INTRODUCTION

Plaintiffs initially filed their original complaint [Dkt. #1] challenging 25 agency decisions covering 46 grazing allotments on 9 National Forests in California. With their First Amended Complaint [Dkt. #15], plaintiffs vastly expanded the scope of this litigation to include 138 decisions involving 386 allotments across 25 National Forests in 8 western states.[1] Morever, plaintiffs have brought this large and unwieldy case in the judicial district with the least contacts with the transactions and events underlying the complaint.

Plaintiffs' opposition to defendant's motion to sever is founded on the incorrect premise that only "parties" may be severed and not claims. Plaintiffs' opposition to defendant's corresponding request that the severed claims be transferred to more appropriate venues is founded principally on the claimed inconvenience to the plaintiffs and their counsel, as well as on a serious over-simplification of their claims and the effort involved in adjudicating the legality of 386 individual grazing allotment authorizations. As discussed below, plaintiffs' claims are properly severed and transferred. Accordingly, this Court should exercise its discretion to sever plaintiffs' claims into nine separate suits and transfer those claims to the appropriate judicial districts.

## ARGUMENT

### A. Plaintiffs and Their Respective Claims Should Be Severed

This case is not one case — it is a number of different cases involving land management decisions across the West, brought on behalf of a number of plaintiffs interested in lands in different areas of the country, all aggregated together and brought in the judicial district with the least contacts to any of the claims at issue. For that reason, an order severing plaintiffs' claims is appropriate under Rules 20 and 21.

[1] The First Amended Complaint also added four additional, non-California plaintiffs.

**1. The Bulk of this Case does not Belong in this Judicial District**

Contrary to plaintiffs' analysis (Pl. Opp. at 2:10–4:16), the issue before this Court is not the joinder of multiple claims to an otherwise properly-venued action, under Fed. R. Civ. P. 18. The problem presented by this litigation stems from the joinder in one action of multiple cases with multiple plaintiffs, who have brought claims with no connection to this forum except for two of the challenged grazing authorization decisions. Defendant's motion to sever is therefore properly brought under Rule 21.

First, under 28 U.S.C. § 1391, many of the plaintiffs in this action would never have been able to independently bring their claims in this Court. For example, the Utah plaintiffs, which include Western Watersheds Project, Utah Environmental Congress, Red Rock Forests, and Grand Canyon Trust, challenge decisions authorizing 119 grazing allotments on four National Forests located exclusively within the District of Utah. (*See* Pls.' Second Amd. Compl. ¶¶ 187, 192, 197, 205.) None of these plaintiffs maintains an office in this judicial district.[2] (Second Amd. Compl. ¶¶ 12, 21–23.) Under 28 U.S.C. § 1391, these plaintiffs would never have been able to bring their claims in the Northern District of California by themselves, because they do not reside in this district and they challenge decisions made on National Forests outside this district. Similarly, plaintiff Oregon Natural Desert Association maintains no office within this judicial district (*see* Pls.' Second Amd. Compl. ¶ 24), but brings claims relating solely to Oregon National Forests before this Court sitting in San Francisco. Had these plaintiffs attempted to file suit separately, their complaints would have been subject to dismissal for improper venue under 28 U.S.C. § 1406(a).[3]

---

[2] Although plaintiff Western Watersheds Project maintains an office in California, that office is located in Reseda, within the Central District of California. *See* http://www.westernwatersheds.org/wwpinfo/califO.shtml (lasted visited Sept. 3, 2008).

[3] At a minimum, the Court would have been required to transfer their claims to appropriate venues, in lieu of outright dismissal. 28 U.S.C. § 1406(a).

Because this case presents serious questions of misjoinder, a motion to sever is appropriate. *Anrig v. Ringsby United*, 603 F.2d 1319 (9th Cir. 1979), cited by plaintiffs (Pl. Opp. at 6:26–7:10), is not to the contrary. That case involved a suit against multiple *defendants* brought under federal question and diversity jurisdiction. Because the only proper venue was in either the district where all the defendants resided (there was no such district), or where the cause of action arose, the court of appeals reviewed the district court's exercise of discretion in dismissing the action, rather than dismissing only those non-indispensable defendants whose presence in the case defeated venue. 603 F.2d at 1324–26. Indeed, the rationale of *Anrig* is perfectly consistent with the relief defendant is requesting here. The government does not ask that the case be dismissed, but merely that inappropriately venued portions of it be transferred to other districts. Similarly, in *United States v. Cathcart*, No. C 07-4762 PJH, 2008 WL 2661941 (N.D. Cal. Jun. 27, 2008), cited by plaintiffs (Pl. Opp. at 7:15–2this Court denied a motion to sever and transfer brought by a defendant who "played an integral role in the main subject matter of the action," and where "the gravamen of the action would remain in the Northern District of California and the purported benefits of transfer would accrue only if the entirety of the action were transferred." *Id*. at *1. Here, of course, the gravamen of this action certainly does not lie in this judicial district, and the parts of this case that the government requests the Court to sever and transfer are not inextricably linked to the Northern District of California by any means.

**2. This Court Has Broad Discretion to Sever Claims When Fairness or Convenience Justifies Severance**

This Court has broad discretion in determining whether to sever Plaintiffs' claims under Rule 21. *Maddox v. County of Sacramento*, No. 2:06-cv-0072-GEB-EFB, 2006 WL 3201078, at *2 (E.D. Cal. Nov. 6, 2006); *see also Williams v. Felker*, 2006 WL 495994, at *1 (E.D. Cal. March 1, 2006) (holding that, under Rule 21, "courts have broad discretion regarding severance"). As this Court has held, "Rule 21 authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons." *Khanna v. State Bar of California*, No. C-07-2587 EMC, 2007 WL 2288116, at *2 (N.D. Cal. Aug. 7, 2007) (internal

quotation marks omitted); *see also* 4-21 Moore's Fed. Prac. Civ. § 21.05 (stating that courts have "great discretion under Rule 21 to restructure an action to promote the efficient administration of justice"). Furthermore, "Rule 21 can be used to sever parties improperly joined under [Rule] 20 or to sever claims of parties, otherwise permissibly joined, for purposes of convenience, to avoid prejudice, or to promote the expeditious resolution of the litigation." *Ferger v. C.H. Robinson Worldwide*, Inc., No. C06-174RSL, 2006 WL 2091015 at *1 (W.D. Wash. July 25, 2006).

Accordingly, confronted by a case such as this, where a number of potentially separate suits have been essentially amalgamated as one, Rule 21 affords the Court the means to winnow the case down to manageable proportions by severing claims that should have been brought elsewhere.

**B. The Severed Claims Should be Transferred to Appropriate Venues**

Under 28 U.S.C. § 1404(a), this court may transfer any civil action "[f]or the convenience of parties and witnesses, in the interests of justice" to any other district or division where it might have originally been brought. Plaintiffs do not argue (nor could they) that their claims could not have been brought in the judicial districts to which transfer is sought. Plaintiffs' opposition to defendant's motion to transfer venue is founded principally on the supposed inconvenience to plaintiffs and their counsel and upon erroneous assumptions concerning a non-existent commonality of legal issues presented by the 386 allotments challenged. Here, transfer is appropriate because the interests of justice strongly favor transfer and because plaintiffs' choice of forum should be accorded little deference on the facts of this case.

**1. Plaintiffs' Choice of Forum is Outweighed by Other Factors**

This court recently articulated the standard for transfer of venue in *Center for Biological Diversity v. Kempthorne*, No. C-07-0894 EDL, when it stated that "as in most environmental cases, the issue of which federal district should adjudicate the issues is determined by weighing a plaintiff's choice of forum against the competing interest in 'having localized controversies decided at home.'" 2007 WL 2023515, *5 (N.D. Cal. July 12, 2007) (quoting *Piper Aircraft v.*

*Reyno*, 454 U.S. 235, 241 n.6 (1981)). The court also has broad discretion to make an individualized consideration of convenience to the parties. *Inherent.com v. Martindale-Hubbel*, 420 F. Supp. 2d 1093, 1098 (N.D. Cal. 2006); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 2000). These factors counsel transfer of the inappropriately venued claims.

**a. Decisions concerning National Forests located in other jurisdictions should be considered by local courts**

The "interests of justice" is "the most important factor a court must consider, and may be decisive in a transfer motion even when all other factors point the other way." *Gerin v. Ageon USA, Inc.*, No. C 06-5407 SBA, 2007 WL 1033472, *6 (N.D. Cal. April 4, 2007) (quoting *London and Hull Mar. Ins. Co. Ltd. v. Eagle Pac. Ins. Co.*, 1996 WL 479013, *3 (N.D. Cal. 1996)); *see also* Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* 2d § 3854 (1986) ("Indeed, a number of federal courts have considered this factor decisive — outweighing the other statutory factors — in ruling on a change of venue motion even though the convenience of the parties … pointed in a different direction"). Here, although plaintiffs maintain that they will be inconvenienced by transfer, the interests of justice — the decisive factor — strongly favor transfer.

Courts have consistently noted that the interests of justice require localized controversies be decided at home. *See generally Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947); *Piper Aircraft v. Reyno*, 454 U.S. 235, 241 n.6 (1981); *Center for Biological Diversity*, 2007 WL 2023515; *Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 19 (D.D.C. 1996); *So. Utah Wilderness Alliance v. Norton*, No. CIV.A. 03-2406(JDB), 2004 WL 896522 (D.D.C. April 27, 2004). As evidenced by the number of organizations who have already moved this court for intervention,[4] there is a keen local interest in the outcome of this litigation. Moreover, as

---

[4] *See* Order of July 30, 2008 [Dkt. #48] (granting in part and denying in part motion to intervene of California Cattlemen's Association, Arizona Cattle grower's Association, Colorado Cattlemen's Association, Idaho Cattlemen's Association, Washington Cattlemen's Association, Oregon Cattlemen's Association, Wyoming Stock Grower's Association, Utah Cattlemen's Association, California Woolgrower's Association, Colorado Woolgrower's Association, and the (continued...)

plaintiffs' opposition memorandum itself reveals (Pl. Opp. at 13:10–23), the actions plaintiffs challenge are potentially of concern to a large variety of people spread out over the country — not merely to those individuals residing in this judicial district. Those citizens most affected by and most interested in the outcome of this case have the right to have these disputes resolved at home.

The cases plaintiffs point to as examples of courts supposedly deciding multi-state environmental actions do not suggest a different conclusion. (*See* Pl. Opp. at 14:4–20.) In *Forest Guardians v. Johanns*, 450 F.3d 455, 458 (9th Cir. 2006), the court of appeals merely described an earlier suit challenging allotments on National Forests in two contiguous states; no other information is given about that litigation, and the court of appeals issued no decision that is relevant to this motion. Similarly, in *Gifford Pinchot Task Force v. United States Fish & Wildlife Serv*., 378 F.3d 1059 (9th Cir. 2004), the plaintiffs challenged six Biological Opinions issued under the Endangered Species Act, 16 U.S.C. § 1531 *et seq*. The court did not address venue, severance, or transfer, nor were those issues apparently raised.[5] *National Wildlife Federation v. Burford*, 677 F. Supp. 1445 (D. Mont. 1985), concerned a challenge to coal leases in contiguous areas of Montana and Wyoming; again, the court decision says nothing about venue. Tellingly, *Forest Guardians v. Dombeck*, 131 F.3d 1309, 1310–11 (9th Cir. 1997), involved a challenge to a single agency decision on purely legal grounds, and *Seattle Audubon Soc'y v. Evans*, 771 F. Supp. 1081 (W.D. Wash. 1991), similarly involved a challenge based on certain overarching regulatory guidelines. As noted above, there is no overarching legal claim in this case, but rather a serious of hundreds of decisions in which the agency has applied several statutory standards to the facts on the ground and arrived at the decisions that plaintiffs now

---

[4](...continued)
Public Lands Council); Order of August 26, 2008 [Dkt. #62] (approving stipulation and order allowing limited intervention of California Farm Bureau Federation, Idaho Farm Bureau Federation, Oregon Farm Bureau, Utah Farm Bureau Federation, Washington Farm Bureau, Wyoming Farm Bureau Federation, Henry Giacomini, and Hannah Tangeman).

[5] Nor did the court discuss any "test case" procedure, contrary to plaintiffs' suggestion (Pl. Opp. at 14:12–13).

challenge. Finally, in *Mountain States Legal Found. v. Andrus*, 499 F. Supp. 383 (D. Wyo. 1980), the plaintiff maintained that inaction by the Secretary of the Interior on certain oil and gas lease applications amounted, as a legal matter, to the improper withdrawal of the subject lands from the public domain, under the Federal Land Policy and Management Act, 43 U.S.C. §§ 1702(j), 1714(c), without the required Report to Congress. Again, the case involved an overarching legal challenge that is simply not present here; moreover, issues concerning venue, severance, and transfer were neither raised nor decided.

**b. Inconvenience to Counsel Is Not a Factor to Be Considered**

Plaintiffs complain that they would be inconvenienced by the relief sought in the government's motion, principally through increased litigation expense and effort. (Pl. Opp. at 12:14–13:3.) Plaintiff's litigation costs are one factor, among many, that a court may consider in determining a motion to transfer venue, but it is not entitled to great weight, and it is most certainly not determinative. *Brackett v. Hilton Hotels Corp.*, No. C 08-02100 WHA, 2008 WL 2632675, at *7 (N.D. Cal. 2008) (quoting *Toy v. Gen. Elec. Co.*, 1995 WL 396848 at *3 (N.D. Cal. 1995)) ("[w]hile 'the parties' relative financial ability is not entitled to great weight,' it is a relevant consideration"); *see also Gelber v. Leonard Wood Memorial for the Eradication of Leprosy*, No. C 07-01785 JSW, 2007 WL 1795746, at *4 (N.D. Cal. June 21, 2007) (noting a court may consider the convenience of the parties as indicated by their relative financial condition). It is, however, a well-settled principle that inconvenience to plaintiffs' counsel is not a factor to be considered in determining whether to transfer venue. *See Ctr. for Biological Diversity v. Rural Utilities Serv.*, No. 3:08-cv-01240-MMC, slip op. at 3 [Dkt. #39] (N.D. Cal. June 27, 2008) (holding "the convenience of counsel is not a recognized factor" to be considered); *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir.2003) ("The factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue"); *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3rd Cir. 1973) ("The convenience of counsel is not a factor to be considered"); *Sierra Club v. Flowers*, 276 F. Supp.2d 62, 69 (D.D.C. 2003) ("Because this action involves an administrative review that the court is likely to determine on the papers, the location of counsel — already given little, if any,

weight in transfer determinations — makes no difference here") (internal quotation marks removed).

Significantly, only plaintiffs' local counsel are located in San Francisco, as one might expect. Plaintiffs' principal counsel, Laurie Rule, is located in Boise, Idaho, one of the venues to which transfer is sought. If the case were transferred, plaintiffs could certainly retain local counsel, if necessary, in other jurisdictions.[6]

**c. Plaintiffs' choice of venue should be afforded little, if any, weight in this situation**

Plaintiffs vainly attempt to emphasize the connections that this litigation has with this forum. (Pl. Opp. 11:21–12:3.) Plaintiffs point out, for instance, that some of them fortuitously maintain offices in this judicial district and that they challenge decisions made concerning two National Forests in this district — out of the 25 at issue in the litigation. Plaintiffs' attempt to draw connections to this district merely underscores what very few connections there are.

Generally, a court will defer to a plaintiff's choice of forum. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). However, 28 U.S.C. § 1404 contains a built-in mechanism to "remedy the evils of forum shopping" by giving little or no weight to plaintiffs' choice of venue when it lacks sufficient ties to the controversy. *Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, No. C 03-3711 MHP, 2003 WL 22387598, at *5 (N.D. Cal. 2003) (citing *Agha v. Sec. of Army*, No. 89-15213, 1990 U.S. App. LEXIS 21284, at *2 n.1 (9th Cir. 1990)). In cases such as this one, where plaintiffs' choice of forum has "no meaningful ties to the controversy and no particular interest in the parties or subject matter," that choice is no longer afforded that deference. *Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. at 17; *see also Shalaby v. Newell Rubbermaid, Inc.*, No. C06-07026 MJJ, 2007 WL 3144357, at *6 (N.D. Cal. 2007) ("where the transactions or facts giving rise to the action have no material relation or significant connection to plaintiff's chosen forum, then the plaintiff's

---

[6] If plaintiffs should prevail on the merits, they will undoubtedly seek attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, further reducing the burden on plaintiffs of a transfer to more appropriate venues.

choice is not accorded the same great weight and in fact is given reduced significance") (citing *Hernandez v. Graebel Van Lines*, 761 F.Supp. 983, 990–91 (E.D.N.Y. 1991)) (internal quotation marks omitted). In fact, where forum-shopping is evident, courts should disregard plaintiff's choice of forum. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991); *Helm v. Alderwoods Group, Inc.*, Nos. C 08-01184 SI, C 08-01190 SI, 2008 WL 2915424, at *3 (N.D. Cal July 22, 2008); *Italian Colors Rest. v. Am. Express Co.*, No. C 03-3719 SI, 2003 WL 22682482, at *4 (N.D. Cal. Nov. 10, 2003); *Royal Queentex Enters. v. Sara Lee Corp.*, No. C-99-4787 MJJ, 2000 WL 246599, at *3 (N.D. Cal. March 1, 2000).

Plaintiffs' assertion that a "good portion" of the plaintiffs are located, and the underlying events occurred, in this district is patently false. Rather, 381 of the 386 grazing allotments, 136 of 138 CE decisions, and 23 of the 25 National Forests at issue are located outside this district. Only two of nine plaintiffs are located in the Northern District of California, and only five of the allotments at issue are located here. Plaintiffs clearly brought suit in this judicial district for tactical reasons; they have only themselves to blame if the Court determines that portions of their case should be litigated in more appropriate venues.

**2. Defendant's Motion to Transfer Venue is Consistent with the Purposes of Section 1404(a) Because Transfer Will Not Lead to Duplicative Litigation**

Defendants have moved this court to sever most of plaintiffs' claims and transfer them to more appropriate judicial districts. This transfer will not, as plaintiffs suggest, create duplicative litigation or lead to a waste of time or money. On the contrary, it will lead to the efficient resolution of those claims in the districts where they are more properly decided.

In their opposition memorandum, plaintiffs claim for example that their legal arguments as to 68 of 138 decisions challenged will be "identical," because those decisions involve a determination that they will "continue current grazing management." (Pl. Opp. at 10:3–17.) Yet that very example proves the government's point: those 68 decisions involve several hundred grazing allotments, each one factually unique, requiring an individual examination of the facts and circumstances to determine whether, in fact, "current grazing management" is being continued. While the regulatory framework may be the same for all of the decisions, the applica-

tion of that framework to the facts on the ground means that each decision must be separately considered. Therefore, a decision as to one allotment will not necessarily be dispositive as to any of the others.

At the same time, notwithstanding plaintiffs' suggestion to the contrary (Pl. Opp. at 14:21–27), severing the claims that do not belong here and transferring them to appropriate judicial districts will not result in "inconsistent" or "piecemeal" remedies. Interestingly, in a case plaintiffs cite, *Pacific Coast Federation v. Gutierrez*, No. C-05-3232 JCS, 2006 WL 194507 (N.D. Cal. Jan. 24, 2006), the plaintiffs (who challenged a single agency decision) filed suit in the Northern District of California, seeking a determination that their case was related to an earlier filed action. *Id*. at *1–2. After the defendant-intervenors in the earlier filed action successfully moved for transfer of that action to the Eastern District of California, the plaintiffs in the new action changed their tune and insisted that their action should remain in the Northern District. Over their objection, the new action was transferred to the Eastern District. *Id*. at *3–4. Not surprisingly, given the plaintiffs' earlier motion to have the two cases determined to be related actions in the Northern District, the transferring judge found that the two cases substantially overlapped and should be decided together. *Id*. The Court further found that "the potential inconvenience to Plaintiffs of transferring the case to the Eastern District is [not] significant enough to outweigh the concerns [relating to overlap]" and that "most of the plaintiffs are regional, state-wide or national organizations," so transfer to the Eastern District should not pose a hardship." *Id*. at *3. So, too, in this case plaintiffs, including "local, regional and national environmental groups" (Pl. Opp. at 13:15), have brought a large, regional case in this judicial district; they can hardly complain if the case is returned to the judicial districts whence its various components arose.[7] *California Farm Bureau Federation v. Badgley*, Civil Action No. 02-2328 (RCL), 2005 WL 1532718 (D.D.C. Jun. 29, 2005), similarly involved a transfer, over the plaintiffs' objection, of a case the plaintiffs filed in the District of Columbia, to the Eastern

---

[7] Plaintiff Natural Resources Defense Council was also a plaintiff in *Pacific Coast Federation*.

District of California, where a related case was pending. The transferring court found that "nearly identical litigation [wa]s pending in [the Eastern District of California], the litigation concern[ed] a natural resource located in that district, the plaintiff resides in that district, and many of the key Interior employees are located within that district." *Id*. at *2. Here, apart from the two decisions involving five allotments in the Northern District of California, plaintiffs challenge decisions made outside this district, concerning land outside this district, by Forest Service officials outside this district. Moreover, by plaintiffs' own admission, plaintiffs either maintain offices in the relevant areas or at least have members who use the natural resources at issue in those other districts.[8]

Nor is there any "common pattern or practice" (Pl. Opp. at 13:24–25) that would justify venue in this district. Indeed, plaintiffs dropped from their Second Amended Complaint the one overarching legal claim that plaintiffs had originally brought in their first two complaints — their Third Claim for Relief challenging a violation of the Appeals Reform Act, 16 U.S.C. § 1612 note, as to all the grazing decisions at issue. What is left is a collection of 386 discrete, fact-bound determinations. If one were to take plaintiffs' arguments to their logical conclusion, all grazing decisions made as to allotments anywhere in the United States could and should be brought before this Court, to ensure uniformity of approach. But Rules 20 and 21, and 28 U.S.C. § 1404 allow the Court to avoid such an absurd result.

/ / /

/ / /

---

[8] If not, of course, plaintiffs' claims would need to be dismissed for lack of standing. For purposes of this motion, defendant does not dispute that plaintiffs' various members may use and enjoy the National Forests at issue in this litigation; however, defendant reserves the right to challenge plaintiffs' standing as to some or all of its claims at the appropriate time.

**CONCLUSION**

For the reasons set forth above, this Court should sever plaintiffs' claims and transfer them to appropriate venues, as provided in the proposed order accompanying defendant's motion [Dkt. #51-2].

Dated: September 3, 2008

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
Washington, D.C. 20530

/s/David B. Glazer
DAVID B. GLAZER
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, California 94105
Telephone: (415) 744-6491
Facsimile: (415) 744-6476
E-mail: david.glazer@usdoj.gov

/s/Alison D. Garner
ALISON D. GARNER
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 663, Ben Franklin Station
Washington, D.C. 20044-0663
Telephone: (202) 514-2855
Facsimile: (202) 305-0506
E-mail: alison.garner@usdoj.gov

Attorneys for Defendant U.S. Forest Service