UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WESTERN WATERSHEDS,

    Plaintiff,

    v.

U.S. FOREST SERVICE,

    Defendant.
_____/

No. C 08-1460 PJH

**ORDER GRANTING MOTION TO INTERVENE**

    The proposed intervenors' motion to intervene came on for hearing before this court on March 9, 2011. Plaintiffs Western Watersheds Project, et al. ("plaintiffs"), appeared through their counsel, Warren Braunig. Defendant U.S. Forest Service ("defendant") appeared through its counsel, David B. Glazer. Proposed intervenors California Cattlemen's Association ("CCA"), the California Farm Bureau Federation ("California Farm Bureau"), and the Public Lands Council ("Public Lands")(collectively "intervenors") appeared through their respective counsel, William Thomas and Jack Rice. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court GRANTS the intervenors' motion to intervene, for the reasons stated at the hearing, and summarized as follows:

    In view of the proposed intervenors' renewed showing, and the Ninth Circuit's recent repeal of the "federal defendant" rule – upon which the court's first order denying the intervenors' request for intervention as of right was based – the court now determines that the intervenors' renewed request for intervention as of right satisfies the applicable standards pursuant to Federal Rule of Civil Procedure 24(a). See Wilderness Soc'y v. U.S. Forest Serv., 630 F.3d 1173, 1176 (9th Cir. 2011)(revisiting and abandoning "federal

defendant" rule, stating that courts "need no longer apply a categorical prohibition on intervention on the merits, or liability phase, of NEPA actions"); see also Sierra Club v. EPA, 995 F.2d 1478, 1484 (9th Cir. 1993)(intervention as of right under FRCP 24(a) determined by analysis of (1) whether applicant's motion is timely; (2) whether applicant claims significantly protectable interest; (3) whether disposition of action may impair/impede protection of interest; and (4) whether current parties adequately represent interests of the applicant).

Accordingly, the intervenors' request for intervention as of right is GRANTED, and the intervenors are permitted to intervene as to both liability and remedies phases of the instant litigation. As noted at the hearing, however, the court continues to require the intervenors to speak with a single voice in pressing their legal issues before the court.

**IT IS SO ORDERED.**

Dated: March 25, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge